RECEIVED
FEB 06 2006
Property of U.S. District Court
District of Rhode Island

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS,
Plaintiffs,

v. CA No.: 05-246S

HASBRO, INC. and HASBRO INTERNATIONAL, INC.
Defendants.

## STIPULATION AND ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

The parties hereto, by and through their attorneys, hereby stipulate and agree that the following procedures shall govern the production and exchange of all documents, testimony, interrogatories and other information produced, given or exchanged by and among all parties in the course of this action (the "Action");

1.(a) Any party, person, or entity that is subject to discovery in the Action may, through counsel, designate as "Confidential" any files documents, deposition testimony, and information furnished by that party in the course of pretrial discovery in the Action which such counsel believes in good faith constitutes or reveals proprietary, non-public business information.

1.(b) The designation by party of any document , material or information as "Confidential" shall constitute a representation that such document, material or information has been reviewed by an attorney for the party, person, or entity (a "Producing Party") and that, in such counsel's opinion, there is a good faith basis for such designation. Notwithstanding the foregoing, a Producing Party's inadvertent failure to designate material "Confidential" in accordance with the terms of this paragraph will not preclude a later designation to the extent that confidential treatment can still be obtained without undue burden or expense on any party to the litigation. At any time after the production of documents or information that the Producing Party considers to be "Confidential," the Producing Party or person may make a written request that specifically identifies the documents or information and ask that they be designated and treated as "Confidential." The receiving party shall immediately designate the identified documents or information accordingly and from then on will treat the documents or information as such.

2. "Confidential" materials will be used by the receiving parties solely for purposes of preparing for and conducting the litigation and any trial of the Action, for settlement purposes in connection with the Action, and any appellate proceedings in the Action.

3. Any documents or other tangible materials designated as "Confidential" shall be so designated by stamping the same with the legend "Confidential", or a substantially similar legend, at the time of their production.

4. Any deposition or other testimony may be designated as "Confidential" by any one of the following means:

(a) stating orally on the record of a deposition that certain information or testimony is "Confidential" or that the entire deposition transcript is so designated; or

(b) sending written notice within ten (10) business days of receipt of the transcript of the deposition designating all or a portion of the transcript as "Confidential."

5. Discovery materials designated as "Confidential" shall not be disclosed by the party receiving such materials to persons other than:

(a) This Court or any other Court exercising appellate jurisdiction with respect to the determinations of this Court (collectively, the "Court"), court officials and employees and stenographers transcribing testimony or argument at a hearing, trial or deposition in the Action or any appeal;

(b) Any person engaged to act as a mediator in this action;

(c) Any named party, or guardian of such party, and the current officers, directors, and employees of such party;

(d) Counsel to the parties in the Action who have entered appearances in the Action and inside counsel of the parties, and attorneys, clerical, paralegal and secretarial staff regularly employed by such counsel;

(e) Clerical and data-processing personnel not regularly employed by such counsel, but involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of discovery materials to the extent reasonably necessary to assist such counsel in these proceedings;

(f) Any jurors and alternate jurors;

(g) A non-party who authored or received the confidential information;

(h) any expert or consultant; and

(k) any other person to whom the parties agree in writing.

6. Each person to whom disclosure is made pursuant to paragraphs 5(h) and (k) shall be given a copy of the Stipulation and Order ("the ORDER") and shall sign a declaration, a coy

of which is attached hereto as Exhibit A, agreeing that he or she is bound by the terms of this ORDER.

7. If any party objects to the designation of any discovery materials as "Confidential," that party shall state the objection by letter to counsel for the party making such designation. If the parties are then unable to resolve the objection, any party may move the Court to do so. Until the Court rules on any such motion, the discovery materials shall continue to be deemed "Confidential" under the terms of this ORDER. In any court proceeding regarding Confidential information, the burden shall be on the party asserting the claim to demonstrate that any document or information is "Confidential."

8. Nothing herein shall prevent any Person from seeking, by written agreement of the parties hereto or court order, further, greater, or lesser protection with respect to the use of any "Confidential" materials in connection with this Action.

9. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial of the Action. Nothing herein shall constitute a waiver of any claim of privilege or other protection from discovery. Nothing herein shall be construed to limit in any way any party's use of its own "Confidential" materials.

10. Within sixty (60) days after the Producing Party's reasonably detailed request therefor and after the final termination of the Action and any appeals, counsel shall return all Confidential materials and copies (including excerpts and summaries) thereof to counsel for the Producing Party, or, in lieu thereof, certify in writing that such "confidential" materials have been destroyed, except that counsel may retain documents reflecting any work product, copies of Court filings and official transcripts and exhibits, provided said retained documents and the "Confidential" information contained therein will continue to be treated as provided in this ORDER.

11. If any party (or its counsel) receives a subpoena or other compulsory process demanding documents or information, or material designated as "Confidential" by any other party, that party or counsel shall give notice to the party so designating the information, document, or material at least 14 days prior to the return date of the subpoena or other compulsory process, or, if the subpoena or other compulsory process has a return date of less than 14 days, notice shall be given to the designating person in writing or by telephone as soon as possible but in no event later than 72 hours prior to the return date. Absent court order to the contrary, or a pending legal application to the Court by the designating party seeking protection from disclosure of its documents designated Confidential, the party or counsel subject to the subpoena or other compulsory process may produce the requested information, document or material on the return date. If a designating party instead intends to make application to the Court for such protection they must notify the subpoenaed party of said pending application as soon as practicable.

12. The inadvertent production of any document or other disclosure of information that the Producing Party contends is subject to the attorney-client privilege, work-product protection, or any other privilege or protection against disclosure shall not be deemed a waiver in

whole or in part of the claim of privilege or protection, either as to the specific document or information disclosed or as to any other document or information relating thereto. Within a reasonable time, the Producing Party shall give notice to the receiving party that privileged documents or information have been inadvertently produced or disclosed and request the return of such documents. Any document or portion of transcript, including all copies thereof, constituting or containing information as to which notice of inadvertent production is given shall be returned to the Producing Party within fourteen (14) days of such demand, unless the receiving party objects to the claim of privilege, the claim of inadvertent production and/or the reasonableness of the notice given, in which case the receiving party and the producing person shall attempt to resolve the dispute. If the dispute is not resolved, the Producing Party may move the Court for a protective order. In the event the Producing Party makes such a motion, the Producing Party shall have the burden to demonstrate the applicability of the privilege claimed and the Producing Party's notification of inadvertent production. Any documents or information as to which notice has been given shall be deemed and treated as privileged and shall not be used for any purpose until the Court enters an order ruling otherwise, or until the receiving party and the Producing Party otherwise agree.

13. Nothing herein shall preclude any party from applying to this Court for an order modifying this ORDER, or shall preclude any modification of this ORDER with the consent of all parties hereto.

14. Filing with the Court of any document or information that is subject to this ORDER shall be considered a disclosure unless the document or information is filed under seal. No document or information may be filed under seal without prior authorization from the Court. The parties shall make every effort to avoid seeking to file documents or information under seal. Any order authorizing the filing of documents or information under seal or prohibiting the disclosure of information, shall be subject to review at the request of any party, any member of the public, or the Court *sua sponte*.

15. This ORDER shall be applicable to discovery provided by any third-party witnesses who agree in writing to be subject to and bound by the terms of this ORDER. Any Person may move the Court for a modification of or relief from this ORDER at any time upon notice to all parties.

HASBRO, INC.
By its attorneys:

John A. Tarantino (# 2586)
Todd D. White (# 5943)
Jeffrey K. Techentin (# 6651)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza
Providence, RI 02903
(401) 274-7200

Dated: 2/6/06

INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS
By their attorneys:

Dariush Keyhani (*appearing pro hac vice*)
5 Independence Way, Suite 300
Princeton, New Jersey 08540
(609) 945-7406

Dated: 1/31/06

**SO ORDERED:**

Smith, J.

Dated: 2/7/06

*359089_1.DOC*

**EXHIBIT A**

**DECLARATION OF CONFIDENTIALITY**

I hereby acknowledge that I am to receive documents or information pursuant to the terms of the Stipulation and Order in the U.S. District Court for the District of Rhode Island, Civil Action 05-246S, entitled *Inventor's Greenhouse, et al. v. Hasbro, Inc.*, a copy of which is attached hereto.

I acknowledge receipt of a copy of this Stipulation and Order, and certify that I have read it and that I agree to be bound by the terms and restrictions set forth therein.

I further agree that any documents or information which are delivered to me pursuant to the Stipulation and Order marked "CONFIDENTIAL" will be segregated and kept in a secure receptacle, and will not be discussed with, made known to, nor otherwise disclosed to others except in accordance with the terms of the Stipulation and Order. I further understand and agree that any summaries or other documents containing knowledge or information obtained or derived from documents or information furnished to me pursuant to the Stipulation and Order, also shall be treated by me in confidence and in accordance with my treatment of the actual documents or information themselves. I also agree to dispose of all such documents and all summaries or other documents containing knowledge or information obtained or derived therefrom in such manner as I may be instructed by the person providing such information to me.

Signed under the pains and penalties of perjury this _____ day of _______________, 20___.

_______________________________