**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS,
Plaintiffs,

v. CA NO: 05-246S

HASBRO, INC. and HASBRO INTERNATIONAL, INC.
Defendants.

**DEFENDANTS' OBJECTION TO MOTION TO AMEND COMPLAINT**
**<u>TO ADD CLAIM FOR FRAUD UNDER RHODE ISLAND COMMON LAW</u>**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure and Local Rule 7(b)(1), Defendants Hasbro, Inc. and Hasbro International, Inc. (collectively "Hasbro") hereby object to Plaintiffs' Motion to Amend Complaint to Add Claim for Fraud Under Rhode Island Common Law. The grounds for this objection are set forth in the accompanying Memorandum of Law.

Respectfully submitted,

Hasbro, Inc. and Hasbro International, Inc.,
By its Attorneys,

John A. Tarantino (# 2586)
Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: February 17, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of February 2006, I caused a true copy of the within document to be sent by regular mail, postage prepaid to the following counsel of record:

Mark B. Morse
111 Wayland Avenue
Providence, RI 02906

Dariush Keyhani (via facsimile)
5 Independence Way, Suite 300
Princeton, NJ 08540

*372125_1.doc*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS, Plaintiffs, | : | |
| v. | : | CA NO: 05-246S |
| HASBRO, INC. and HASBRO INTERNATIONAL, INC. Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OBJECTION TO MOTION TO AMEND COMPLAINT TO ADD CLAIM FOR FRAUD UNDER RHODE ISLAND COMMON LAW**

Defendants Hasbro, Inc. and Hasbro International, Inc. (collectively "Hasbro") object to Plaintiffs' Motion to Amend Complaint to Add Claim for Fraud Under Rhode Island Common Law because allowing the requested amendment would be futile. As explained below, even if the Court were to grant the motion to amend, the new contents of the Amended Complaint would be subject to dismissal under Rule 9 of the Federal Rules of Civil Procedure.

## I. FACTUAL BACKGROUND

On June 7, 2005, Plaintiffs Inventor's Greenhouse, Micro Pros Technology Solutions, and R.H. Baer Consultants (collectively, "Plaintiffs") filed this suit against Hasbro. In their Complaint, the Plaintiffs alleged, essentially, that they had licensed to Hasbro a certain idea for toys, known as "TALKIN' TOYS," and that Hasbro had failed to pay royalties to the Plaintiffs as was required under that license agreement. To that end, Plaintiffs have alleged Breach of Contract (Count I), Unjust Enrichment (Count II), Breach of Fiduciary Duty (Count III), and Misappropriation of Ideas (Count IV). *See generally* Complaint at 4-5. Hasbro agrees that there is a license agreement between the Plaintiffs and Hasbro, but disagrees that it has failed to pay royalties as required.

Plaintiffs now – seven months after filing suit – bring this motion to amend the Complaint to add a claim for common law fraud. The Plaintiffs offer no explanation for this amendment or its timing except to represent to the Court that "Over the last few months of discovery it has come to Plaintiffs' attention that Defendants, since September 29, 2000, have concealed documents [...] and misrepresented royalties [...]." Plaintiffs' Memorandum at 2. Plaintiffs offer no more detail: what discovery caused them to conclude that documents had been concealed, what documents had been concealed, who concealed such documents, why Plaintiffs did not know that such documents had been concealed previously, or any other information that might be germane to whether the Plaintiffs could have asserted this fraud claim in their original Complaint.[1] Hasbro has produced literally thousands of pages of discovery, but does not know of any information produced to the Plaintiffs that suggests that Hasbro has wrongfully concealed any information from the Plaintiffs. The nature of the alleged fraud and the factual predicate for amending the Plaintiffs' pleading to allege such fraud remain undisclosed by the Plaintiffs.

Nevertheless, on the strength of this explanation, the Plaintiffs now seek to amend the Complaint to add a claim for common law fraud (the "Proposed Fraud Claim"). *See* Proposed Amended Complaint at ¶¶ 54-58. The text of the proposed amendments offer no greater information regarding the nature of the Plaintiffs' allegations. The Proposed Amended Complaint merely states that Hasbro has concealed documents and misrepresented royalties regarding items created or extended from the Plaintiffs' invention (¶ 55), that Hasbro has profited from that activity (¶ 56), that Plaintiffs relied on Hasbro's good faith (¶ 57), and that Plaintiffs have been damaged as a result (¶ 58).

[1] Hasbro has reviewed the proposed Amended Complaint. That document includes changes unrelated to the addition of a fraud claim and that are not identified in the Plaintiffs' motion papers. *Compare*, *e.g.*, Complaint at ¶¶ 45-47 *with* Proposed Amended Complaint at ¶¶ 45-47. Although these revisions appear minor, the Plaintiffs are obliged to explain the proposed amendments both to the Court and to Hasbro. *See* Local Rule (Civil) 15(b). The Plaintiffs failed to do so with respect to both the fraud counts and the other, miscellaneous changes.

## II. ARGUMENT

### PLAINTIFFS' MOTION TO AMEND SHOULD BE DENIED AS FUTILE

The Federal Rules of Civil Procedure provide that leave to amend a pleading should be "freely given when justice so requires." Fed. R. Civ. P. Rule 15. Leave to amend should be denied as contrary to the interests of justice, however, if the proposed amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962). The clearest example of futility exists where the amended complaint would be subject to immediate dismissal pursuant to either Rule 12(b)(6) or other legal grounds. *Hayden v. Grayson,* 134 F.3d 449, 455-56 (1st Cir. 1998) (amendment deemed futile for "failure to state a claim for which relief can be granted"); *see also Maine State Building and Const. Trades Council v. United States Dept. of Labor*, 359 F.3d 14, 19 (1st Cir. 2004) (same). Indeed, the First Circuit has instructed that "[w]here an amendment would be futile or would serve no legitimate purpose, the district court should not needlessly prolong matters." *Hatch v. Department for Children, Youth and Their Families*, 274 F.3d 12, 19 (1st Cir. 2001) (original source of quotation omitted).

Plaintiff's proposed amendment would be subject to immediate dismissal, and is therefore futile because the allegations that make up the Proposed Fraud Claim are pled in such insufficient detail as to justify immediate dismissal under Rule 9(b).

Federal Rules of Civil Procedure Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. Rule 9(b). As a result of this heightened pleading requirement, a plaintiff that wishes to assert a fraud claim is obligated to "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Suna v. Bailey Corp.*, 107 F.3d 64, 73 (1st Cir. 1997). Stated differently, the plaintiff must plead the "who, what, when, where, and why" of the alleged fraud. The purpose of these requirements are to "give notice to

defendants of the plaintiffs' claim, to protect defendants whose reputation may be harmed by meritless claims of fraud, to discourage 'strike suits,' and to prevent the filing of suits that simply hope to uncover relevant information during discovery." *U.S. ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 226 (1st Cir. 2004) (quoting *Doyle v. Hasbro, Inc.*, F.3d 186, 194 (1st Cir. 1996)). The appropriate remedy for failure to satisfy the requirements of Rule 9(b) is dismissal of the complaint. *See Suna*, 107 F.3d at 73 (1st Cir. 1997).

The Proposed Fraud Claim does not even attempt to identify, much less state with specificity, "the statements [or omissions] that the plaintiff contends were fraudulent " as required in the first prong of the Rule 9(b) test. Plaintiffs allege only:

> Defendants since September 29, 2000 have concealed documents identifying toys, sales and income/revenues and misrepresented royalties from commercialization of toys including, but not limited to PLAYSKOOL and COOL CREW toys such as the "Tool Bench," "Mike the Mower," "Dusty the Vacuum," "Charlie Coal the Grill," and other toys created/extended from Plaintiffs' Talkin' Tools idea, concept, product design and/or invention identified in the License Agreement.

Proposed Amended Complaint, ¶ 55. This paragraph does not specify any of the "who, what, when, where, or why" information required by Rule 9(b).

With respect to the alleged omissions, Plaintiffs give no indication as to what information or documentation they contend Hasbro was obligated to disclose. Similarly, Plaintiffs fail to identify the statements made by Hasbro that constitute the alleged misrepresentation of royalties. Nor do Plaintiffs make any attempt either to identify the speaker or indicate when or where the alleged statements were made (or should have been made). Rather than identify the speaker, Plaintiffs' allegations refer broadly to "Defendants." Obviously, the Hasbro defendants are corporations, but they act through individual persons. It is these persons that must be identified under Rule 9(b), not their employer(s). Likewise, the only time reference described in the Proposed Fraud Claim, "[s]ince December 29, 2000," limits the date of the alleged misrepresentations or omissions to approximately a time period of

approximately 6 years. This time period is far too vague to constitute pleading "with particularity."

Finally, Plaintiffs fail to even attempt to satisfy what is arguably the most important aspect of the Rule 9(b) test and "explain why the statements were fraudulent." These missing allegations should inform the Court and Hasbro of Plaintiffs' legal theory sufficiently to permit them to determine whether or not Plaintiffs have stated a claim and, if so, how to defend against it. Plaintiffs' reasoning is fairly obvious: by effectively precluding effective analysis and defense of their fraud claim, Plaintiffs' hope to buy time to conduct discovery and dig up some evidentiary support. This is precisely the litigation tactic that the First Circuit proscribed in *U.S. ex rel. Karvelas v. Melrose-Wakefield Hosp. See* 360 F.3d at 226.

## III. CONCLUSION

For all the foregoing reasons, Hasbro requests that Plaintiffs' Motion to Amend Complaint to Add Claim for Fraud Under Rhode Island Common Law be denied.

Respectfully submitted,

Hasbro, Inc. and Hasbro International, Inc.,
By its Attorneys,

John A. Tarantino (# 2586)
Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: February 17, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of February 2006, I caused a true copy of the within document to be sent by regular mail, postage prepaid to the following counsel of record:

Mark B. Morse
111 Wayland Avenue
Providence, RI 02906

Dariush Keyhani (via facsimile)
5 Independence Way, Suite 300
Princeton, NJ 08540

*372126_1.doc*