UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS, Plaintiffs, | |
| v. | CA NO: 05-246S |
| HASBRO, INC. and HASBRO INTERNATIONAL, INC. Defendants. | |

**REPLY MEMORANDUM TO DEFENDANTS' OBJECTION TO MOTION TO AMEND COMPLAINT TO ADD CLAIM FOR FRAUD**

## I. DEFENDANTS' OPPOSITION MOTION IS UNTIMELY AND SHOULD BE STRICKEN

Defendants were properly served with Plaintiffs' Motion to Amend Complaint[1] on January 31, 2006. Per this Court's Local Rule 12(a)(2), a response to a party's Motion is due within ten (10) days of service of the motion. Defendants disregarded the Court's Rules and served Defendants' Objection to Motion to Amend Complaint ("Opposition Motion"), on February 17, 2006, a week after their deadline to respond under the Court's Rules.[2] If Rules are not followed the process is unjust as those who follow them are

[1] Defendants are correct (see Opposition Brief footnote 1) that Plaintiffs did minor editing to paragraphs 45-53 to correct typos and make clarification (e.g., where the Complaint should have said "Defendants" it said "Plaintiffs" it was corrected etc.), but no substantive changes were made.

[2] This is not the first time that the Defendants have treated the Rules of the Court casually. Defendants were also properly served with *Plaintiffs' First Requests for Documents and Things and Plaintiffs' First Set of Interrogatories* on August 31, 2005; Pursuant to Rules 26 and 33 Federal Rules of Civil Procedure and corresponding Local Rules responses were due within thirty (30) days of service or all objections are waived. On 34th day after service, Plaintiffs' counsel called Defendants' counsel inquiring whether their responses had been served at which point Defendants' counsel casually requested an extension to respond which Plaintiffs' counsel as a professional courtesy agreed to.

prejudiced by those who choose to follow them only when it is in their benefit. See, e.g., *U.S. v. Proceeds of Sale of 3,888 Pounds Atlantic Sea Scallops*, 857 F.2d 46 (1st Cir. 1988)(The Circuit Court upheld a default judgment entered by this Court against a defendant for failing to serve its opposition motion within the ten (10) day time frame required to serve their responsive motion under Rhode Island Local Rule 12(a)(2)).

## II. PLAINTIFFS' CLAIM FOR FRAUD IS PROPERLY PLEAD

### a. Defendants mischaracterize the standard for pleading fraud

Defendants in their Opposition Brief improperly rely on *Suna v. Bailey Corpo,* 107 F.3d 6, 73 (1st Cir. 1997) in characterizing the 9(b) "particularity" standard. *Suna* was a securities litigation case in which the courts apply a more rigid pleading requirement.[3]

### b. Plaintiffs plead fraud with particularity

It is well recognized that Rule 9(b) only requires that "the circumstances constituting fraud [] shall be stated with particularity." *Vistamar, Inc. v. Fagundo-Fagundo*, 430 F.3d 66 at 71 (1st Cir. 2005); see Friedenthal, Kane, and Miller § 5.9 at 264 (West Group 3d ed. 1999) citing *Consumer Time Credit, Inc. v. Remark Corp.*, 227 F.Supp. 263 (E.D.Pa. 1964)("Rule 9(b) requires only that the 'circumstances' of the fraud be set forth; it does not revive the requirement that 'facts' be pleaded";[4] also see

---

[3] See e.g., *Lucia v. Prospect St. High Income Portfolio, Inc.*, 36 F.3d 170, 174 (1st Cir.1994) citing *Romani v. Shearson Lehman Hutton*. 929 F.2d 875. 878 (1st Cir.1991): see The Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b)(1), which overrides the normal pleading requirements set by the Federal Rules and requires more specific pleading by the plaintiff in claims brought under federal securities law; also see Hazard et al. *Pleading and Procedure* at 599 (Thomson West 9th ed. 2005).

[4] The authors of the treatise elaborate that "[P]erhaps more telling is Official Form 13 [Federal Rules of Civil Procedure], which contains a model allegation for an action to set aside a fraudulent conveyance. The operative language simply alleges that 'defendant conveyed all his property' to a third person 'for the

Commentary, Requirement of Particularity in Pleading Fraud, 6 F. R. Serve, 739 (1943). The particularity requirement of Rule 9(b) is not, however, intended to abrogate or mute the Rule 8 "notice" pleading standard that applies in federal courts and the two rules must be read in harmony with one another. *Schaller Tel. Co. v. Golden Sky Sys.*, Inc., 298 F.3d 736, (8th Cir. 2002); *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001).

Plaintiffs here have more than alleged the general "circumstances constituting fraud" and have alleged, "who": Defendants Hasbro and Hasbro International; Plaintiffs have alleged "what" and "when": since entering into the agreement on September 29, 2000 Defendants have continuously and systematically fraudulently represented/misrepresented royalties (in all communications/representations/royalty reports, etc.) for toys covered by the License Agreement; "how": by not paying royalties for toys including, but not limited to, the Tool Bench, Mike the Mower, Dusty the Vacuum, Charlie Coal the Grill and other toys created/extended from Plaintiffs' Talkin' Tools idea, concept, product, design, and or/invention identified in the License Agreement Plaintiffs have been substantially damaged; "where": at Hasbro's United States and Hasbro International's corporate offices where the decision not to pay royalties reasonably owed was made; and the "why": so that Defendants could increase their profits.

At the last Settlement Conference on December 8, 2005, Plaintiffs first became aware that Defendants fraudulently designated high earning talking tool toys such as Tool Bench, Mike the Mower, Dusty the Vacuum, Charlie Coal the Grill and others as not

---

purposes of defrauding plaintiff and hindering and delaying the collection of the indebtedness' which defendant owes to plaintiff."

being "tools"[5] and thus not covered by the License Agreement; only those talking toy tools that generated almost nothing or substantially less revenues were designated by Defendants as "tools" within the meaning of the License Agreement – a practical difference of paying/owing a few thousand dollars versus millions of dollars in royalties to Plaintiffs;[6] even in Hasbro's own marketing materials (see Exhibit A, a page from Hasbro's website) Defendants identify the toys Tool Bench, Mike the Mower, Dusty the Vacuum, Charlie Coal the Grill and others at dispute here as "tools".[7]

**c. Further details of the Defendants' fraudulent acts will be uncovered during the course of discovery**

Defendants' "pleading with particularity" requirement under Rule 9(b) is limited to information available to Plaintiffs and cannot be found insufficient where information necessary to allege fraud with greater detail are within the sole possession of Defendants. *United States ex rel. Karvels v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 228-29 (1st Cir. 2004), *petition for cert. denied.* Where the facts necessary to plead fraud are within defendants' knowledge or control, the courts apply a liberal standard with respect to the

[5] Under the License Agreement the Defendants are required to pay Plaintiffs three (3) percent royalties of "Net Sales" for all toys that are extensions of the "TALKIN' TOOLS" idea/concept/design etc. submission defined as a "a pre-school tool toy having a fanciful 'face' embedded in the operating elements of the tool or its casing and an electronic voice-producing chip which issues audible statements evocative of the function of the tool and triggered by those functions." (See Exhibit A of Amended Complaint, 1(a) Definition of Licensed Property).

[6] For example, Defendants first disclosed that the toy talking lantern which generated $283,000 and the toy talking sprinkler that generated close to nothing had been designated as "tools"; however, Defendants conveniently did not designate the toy talking vacuum that had already generated over sixteen million (16) dollars or the toy talking mower that had already generated almost twelve (12) million dollars as "tools".

[7] Defendants correctly state that it has been seven months since Plaintiffs filed suit, but after all this time Defendants have still yet to produce the sales records for any of the toys in dispute; within the last two weeks Defendants produced some documents identified as "summary documentation of net sales", but these documents do not identify what toys they represent or even if the records were ones kept in the ordinary course of business.

particularity requirement of Rule 9(b) in favor of permitting discovery to proceed. See 360 F.3d 220, 228-229.[8]

Plaintiffs, through discovery, will uncover evidentiary facts necessary to prove Plaintiffs' claims; however, these facts are not required at this time to plead fraud with particularity. *Textile Banking Co. v. S. Starensier, Inc.*, 38 F.R.D. 492 (D.Mass. 1965).

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to amend to add the claim for fraud under Rhode Island common law should be granted.

Dated: 2-24-06

Respectfully submitted,

Mark B Morse

Mark B. Morse, Esq.
111 Wayland Avenue
Providence, RI 02906

Dariush Keyhani

Dariush Keyhani, Esq.
(admitted *pro hac vice*)
5 Independence Way
Suite 300
Princeton, NJ 08540
(609) 945-7406
(609) 228-4031 (facsimile)
*Counsel for Plaintiffs*

[8] Also see e.g. *Katz v. Household Int'l, Inc.*, 91 F.3d 1036 (7th Cir. 1996)("[w]e acknowledge that Rule 9(b) does not require plaintiffs to plead facts to which they lack access prior to discovery").

**CERTIFICATE OF SERVICE**

**I hereby certify that on February 24, 2006 I, Marc Roberts, have served or caused to be served a true copy of the within by regular mail to the following counsel of record:**

Todd D. White, Esq.
Adler Pollock & Sheehan P.C.
One Citizen Plaza, 8th Floor
Providence, RI 02903

**Marc Roberts**