**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS,
Plaintiffs,

v. CA No.: 05-246-S

HASBRO, INC. and HASBRO INTERNATIONAL, INC.
Defendants.

**DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION TO AMEND COMPLAINT TO ADD CLAIM FOR FRAUD**

## I. BACKGROUND

This is Plaintiffs' second Motion to Amend Complaint to Add a Claim for Fraud in the past week. One week ago (March 8, 2006), this Court held oral argument on the Plaintiffs' prior Motion to Amend their Complaint to Add a Claim for Fraud. After receiving Plaintiffs' Motion, Defendants' Objection and Memorandum, Plaintiffs' Reply Memorandum and after oral argument, Judge Martin denied Plaintiffs' Motion to Amend.

At the conclusion of oral argument, the Court indicated a concern that Plaintiffs had not provided the requisite information to support their Motion to Amend. The Court also indicated skepticism that the allegations levied by the Plaintiffs would even amount to a common law fraud. In so ruling, however, the Court expressly stated that the denial was without prejudice if a subsequent motion to amend was found to be satisfactory of the pleading requirements of Fed. R. Civ. P. Rule 9(b). Now, one week later, without undertaking any additional discovery, Plaintiffs have filed a second Motion to Amend to Add Claim for Fraud. Once again, this Motion should be denied.

## II. ARGUMENT

In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the United States Supreme Court held the grant or denial of an opportunity to amend is within the discretion of the District Court. The Court cautioned that outright refusal to grant leave to amend is not an exercise of discretion if the Court does not have any justifying reason. *Id.* However, one of the reasons referenced by the Court which justifies denying a motion to Amend is "futility of the amendment." *Id.* This is the very reason that Plaintiffs' present Motion to Amend should be denied. The Plaintiffs' proposed Amended Complaint is futile. It does not allege the specific facts which could support the elements of a fraud count. If allowed, it is simply an invitation to the Defendants to file a 12(b)(6) Motion to Dismiss.

The elements to establish a common law fraud count include: 1) false representation; 2) the intent that the plaintiff rely on that representation; 3) justifiable reliance on the part of the plaintiff on the false representation; and, 4) resultant damages. *See, Broccoli v. City of Cranston*, 2005 WL 372218 (2005), citing, *Zaino v. Zaino*, 818 A. 2d 630, 638 (R.I. 2003). By examining the proposed Amended Complaint, as well as Plaintiffs' Exhibits attached to their Motion, it is apparent that Plaintiffs have failed to show that they can establish any of the first *three* constituent elements of this count.

Although the Amended Complaint includes certain typographical revisions (about which the Defendants take no present position), it also seeks to support an allegation of fraud with generalized events. In paragraph 56, Plaintiffs assert that in December of 2005, they first became aware that Defendants "fraudulently designated high earning talking tool toys such as Tool Bench, Mike the Mower, Dusty the Vacuum, Charlie Coal Grill and others as not being "tools" and thus not covered by the License Agreement." This is a characterization - not the

specification needed to support the proposed amendment. Plaintiffs do not attach any documents to support this characterization. And they cannot because Defendants never categorized the aforementioned toys as anything except items which are not subject to the controlling Inventor License Agreement. With respect to this allegation, Plaintiffs fail to establish any false representation upon which they relied to their detriment.

Moreover, in their Amended Complaint, Plaintiffs never state specifically how anyone at Hasbro fraudulently represented royalties. Although Plaintiffs make reference to individual Hasbro employees including Salvatore C. DiSanto, Jr. (paragraph 60), Pamela Hagy (paragraph 61), and Joe Fernandes (paragraph 62) (in an apparent effort to establish the "who" element for this claim), Plaintiffs never clarify what specific false representation was made by any of these individuals, nor upon which Plaintiffs relied. Again, these assertions are devoid of the specifics required to establish that the proposed amendment is not futile.

Finally, even the Inventor License Agreement, attached by Plaintiffs, does not contain any express fraudulent representation. Although Plaintiffs generally aver that they were not paid for Mike the Mower, Dusty the Vacuum or Charlie Coal Grill, this has always been known to the Plaintiffs. The Inventor License Agreement does not contain any false representations. In fact, the only closely related reference in the Agreement to the toys cited by Plaintiffs is an express exclusion from consideration of a speaking workbench.

Plaintiffs cite to *Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 56, (1st Cir. 1990) for the proposition that amendments are to be freely permitted "only refusing such amendments where an amendment would be futile or would serve no legitimate purpose." Allowing Plaintiffs to amend their Complaint to add a fraud count would both be futile and serve no legitimate purpose in this instance. In *Correa-Martinez*, the Court explained that: "In the menagerie of the

Civil Rules, the tiger patrolling the courthouse gates is rather tame, but not entirely . . . toothless." *Id.* at 52 (quoting *Dartmouth Review v. Dartmouth College*, 889 F. 2d 13, 16 (1st Cir. 1989)). The Court then explained that although it accords a highly deferential reading to a litigant's complaint under Rule 12(b)(6), "we need not credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation." *Id.* (quoting *Chongris v. Board of Appeals*, 811 F. 2d 36, 37 (1st Cir. 1987)). The Court cautioned that "the rule does not entitle a plaintiff to rest on subjective characterizations or conclusory descriptions of a general scenario which could be dominated by unpleaded facts." *Id.* at 53 (quoting *Dewey v. Univ. of New Hampshire*, 694 F. 2d 1, 3 (1st Cir. 1982). Finally, the Court concluded that it is only when "the suggested inference rises to what experience indicates is an acceptable level of probability, that 'conclusions' become 'facts' for pleading purposes." *Id.*

Based on the prior decision by this Court and the fact that no new information was provided, Defendants oppose this Motion to Amend as being as futile as Plaintiffs' last Motion to Amend. Allowing Plaintiffs to amend to add a common law fraud count on the state of evidence presented will result in Defendants filing a 12(b)(6) Motion to Dismiss. Plaintiffs might have been excused for including this Count in their initial Complaint, given the fact that they had not undertaken discovery. Now, however, after significant discovery has been undertaken, Plaintiffs must be held to a sufficient showing that they can establish the elements of a common law fraud count.

Plaintiffs may argue that Hasbro's interpretation of the Inventors License Agreement is incorrect. Plaintiffs may argue that Hasbro's interpretation constitutes a breach of contract. Plaintiffs may even argue that Hasbro's interpretation constitutes a breach of fiduciary duty.

However, Plaintiffs have provided insufficient evidence to support an amendment to their Complaint to Add Count of Common Law Fraud.[1]

## III. CONCLUSION

Wherefore, the Defendants respectfully request that this Court deny Plaintiffs' Motion to Amend Compliant to Add Claim for Fraud on the basis that it is futile and would serve no legitimate purpose.

Respectfully submitted,
Hasbro, Inc. and Hasbro International, Inc.,
By its Attorneys,

Todd D. White

John A. Tarantino (# 2586)
Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: March 15, 2006

[1] In addition to this Objection, Defendants also refer this Court to their previously filed Objection to Motion to Amend Complaint to Add Claim for Fraud under Rhode Island Common Law and their Memorandum of Law in support of the same. These documents were filed on February 17, 2006.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15 day of March 2006, I caused a true copy of the within document to be sent by regular mail, postage prepaid to the following counsel of record:

Mark B. Morse, Esq.
111 Wayland Avenue
Providence, RI 02906

Dariush Keyhanni, Esq.
Meredith & Keyhanni, PLLC
330 Madison Avenue, 6th Floor
New York, NY 10017

*375099_1.doc*