UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS, Plaintiffs, | : | |
| v. | : | CA 05-246 S |
| HASBRO, INC., and HASBRO INTERNATIONAL, INC., Defendants. | : | |

**ORDER DENYING**
**SECOND MOTION TO AMEND COMPLAINT**

Before the court is Plaintiffs' Motion to Amend Complaint to Add Claim for Fraud (Document ("Doc.") #19) ("Second Motion to Amend" or "Motion"). A previous motion to amend the Complaint, seeking to add a claim for fraud, was denied at a hearing held on March 8, 2006. See Order (Doc. #18); see also Motion to Amend Complaint to Add Claim for Fraud Under Rhode Island Common Law (Doc. #14) ("First Motion to Amend"). At that hearing, the Court ruled that the proposed amended complaint did not plead fraud with sufficient particularity so as to withstand a motion to dismiss for failure to comply with Fed. R. Civ. P. 9.[1] The Court, therefore, denied the First Motion to Amend, but stated that the denial was without prejudice to Plaintiffs moving at a later date to add a count of fraud by way of an amended complaint

---

[1] Fed. R. Civ. P. 9 provides in relevant part:

> **(b) Fraud, Mistake, Condition of the Mind.** In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Fed. R. Civ. P. 9(b).

which satisfied the particularity requirements of Rule 9. In making this ruling, the Court noted that discovery had not yet closed.

Only six days later, on March 14, 2006, apparently without conducting any additional discovery, Plaintiffs filed the instant Second Motion to Amend. The proposed amended complaint submitted with the Motion again does not satisfy the particularity requirements of Rule 9. See Second Motion to Amend, Exhibit A at 2 (proposed amended complaint) ¶¶ 59-62. Although the proposed amended complaint refers to three letters which Plaintiffs contend "fraudulently represented" royalties due them for various time periods, the specifics of each of the alleged misrepresentation are not set forth.[2] Cf. United States ex rel. Karvelas v. Melrose-Wakefield Hospital, 360 F.3d 220, 233 (1st Cir. 2004) (noting that "complaint did not set forth the specifics ... of any one single cost report, or bill, or piece of paper that was sent to the Government to obtain funding")(alteration in original)(internal quotation marks omitted). Moreover, as to two of the letters, Plaintiffs indicate that they are by "way of another example," proposed amended complaint ¶¶ 61-62, of Defendants' fraudulent representations. This suggests that there are other fraudulent representations which Plaintiffs have not identified but upon which they intend to rely. Such imprecision and vagueness is not permitted by Rule 9(b). Thus, the proposed amended complaint fails to pass muster.

Accordingly, the Second Motion to Amend is denied. In a final act of grace, the denial is again without prejudice.

So ordered.

---

[2] The referenced letters are not attached as exhibits, so the missing information cannot be obtained by referring to the documents themselves.

ENTER:

David L. Martin

DAVID L. MARTIN
United States Magistrate Judge
March 20, 2006

BY ORDER:

Deputy Clerk