# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS, Plaintiffs. ) | |
| v. ) | CA NO: 05-246S |
| HASBRO, INC. and HASBRO INTERNATIONAL, INC. Defendants. ) | |

**PLAINTIFFS' FIRST REQUEST FOR DOCUMENTS AND THINGS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure Plaintiffs, by their attorneys, hereby requests that Defendants, produce the documents and things requested herein at Plaintiffs' office at **5 Independence Way, Suite 300 Princeton, NJ 08540** within thirty (30) days from today. This request is continuing in nature. If further information comes into the possession or attention of the Plaintiffs or their attorneys at any time during the course of this litigation, such information must be supplied pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

**DEFINITIONS/INSTUCTIONS**

1. "Defendants" refers to all the named defendants Hasbro, Inc. and Hasbro International, Inc. in this case and are collectively referred to as "Hasbro."

2. "Plaintiffs" refers to all the named plaintiffs in this case Inventor's Greenhouse, Micro Pros Technology Solutions. and R.H. Baer Consultants.

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS, Plaintiffs. | ) | |
| v. | ) | CA NO: 05-246S |
| HASBRO, INC. and HASBRO INTERNATIONAL, INC. Defendants. | ) | |

**PLAINTIFFS' FIRST REQUEST FOR DOCUMENTS AND THINGS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure Plaintiffs, by their attorneys, hereby requests that Defendants, produce the documents and things requested herein at Plaintiffs' office at **5 Independence Way, Suite 300 Princeton, NJ 08540** within thirty (30) days from today. This request is continuing in nature. If further information comes into the possession or attention of the Plaintiffs or their attorneys at any time during the course of this litigation, such information must be supplied pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

**DEFINITIONS/INSTUCTIONS**

1. "Defendants" refers to all the named defendants Hasbro, Inc. and Hasbro International, Inc. in this case and are collectively referred to as "Hasbro."

2. "Plaintiffs" refers to all the named plaintiffs in this case Inventor's Greenhouse, Micro Pros Technology Solutions, and R.H. Baer Consultants.

3. The "Talking Tools License Agreement" is a reference to the agreement dated September 29, 2000 entered into between Hasbro and the Plaintiffs regarding the licensing of the concept/ideas "Talkin' Tools."

4. The terms "all" and "each" shall be construed as all and each. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the document request all productions that might otherwise be construed to be outside of its scope.

5. The use of the singular form of any word includes the plural and vice versa.

6. The term "person" refers to natural persons, groups of natural persona, corporations, partnerships, joint ventures, firms, and any other incorporated or unincorporated entity.

7. The term "**documents**" shall be construed to include all documents and tangible things subject to discovery as provided in Rule 34 of the Federal Rules of Civil Procedure. By way of illustration and without limitation, documents include at least the following: originals, drafts and all non-identical copies of memoranda, reports, notes, graphs, laboratory notebooks, correspondence, inter-office communications, inter-company communications, letters, diaries, calendars, photographs, motion pictures, sketches, drawings, promotional material, technical papers, printed publications, patents, and all other writings, as well as all non-paper information storage means such as e-mails, sound reproductions, computer inputs and outputs, tape, film and computer memory devices.

8. In the event any document is withheld on a claim of attorney-client privilege or work product immunity, provide a statement setting forth as to each such document: (a) the date of the document: (b) the name of the author(s) of the document; (c) the name of the addressee(s) of the document; (d) the name of the recipient(s) of the document; (e) a brief description of the nature and subject matter of the document; and (f) the basis for non-production.

9. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

10. The obligation to provide the information sought by these requests is continuing as set forth in Rule 26(e) of the Federal Rules of Civil Procedure.

11. If Plaintiffs contend that any of the following requests are objectionable in whole or in part, they shall state with particularity each objection, the basis for it and the categories of information and documents to which the objections apply, and shall respond to the request insofar as it is not deemed objectionable.

12. If Plaintiffs finds the meaning of any term in these requests unclear, they shall assume a reasonable meaning, state what the assumed meaning is, and respond to the request according to the assumed meaning.

13. Where an objection is made to any request or sub-part thereof, the objection shall state with specificity, all grounds for objection(s). Any grounds not stated in an objection within the time provided shall be waived.

## REQUESTS FOR PRODUCTION

1. Please provide all **documents**[*] concerning and/or pertaining to the "Talking Tools License Agreement."

2. Please provide all **documents** concerning and/or pertaining to each and every characterized/personalized toy with voice and/or toys that talk and/or speak sold by Hasbro

3. Please provide all **documents** concerning and/or pertaining to each and every meeting between Plaintiffs and Hasbro regarding the Talking Tools License Agreement.

4. Please provide all **documents** concerning each and every characterized/personalized tool toy with voice and/or toys that talk and/or speak sold by Hasbro.

5. Please provide all **documents** supporting Hasbro's contention that it does not owe royalties on sales of all characterized voice, talking and/or speaking tool toys it has sold.

6. Please provide all **documents** supporting Hasbro's contention that it does not owe royalties on its sales characterized tool toys with voice mowers, grills, sprinklers, lanterns, fishing poles, vacuums, and phones.

8. Please provide all **documents** sufficient to show all of Hasbro's sales by volume, revenues and profits on each and every talking and/or speaking characterized toy it has sold since January 2001.

9. Please provide all **documents** sufficient to show all of Hasbro's sales by volume, revenues, and profits on each and every talking and/or speaking characterized tool toy it has every sold.

[*] The term documents is bolded throughout Plaintiffs' requests to highlight its broad definition as defined in the Definitions/Instructions section of Plaintiffs' First Request for Documents and Things.

10. Please provide all **documents** concerning and/or pertaining to the concept/idea "Talkin' Tools" introduced in the Talkin Tools License Agreement.

11. Please provide all **documents** concerning and/or pertaining to the evolution and Hasbro's introduction of each and every characterized/personalized tool toy with voice sold by Hasbro including the Yard Crew, Home Crew and Cool Crew product lines.

Date: August 31, 2005

Plaintiffs,
By their attorneys,

/s/ Dariush Keyhani
Dariush Keyhani (admitted *pro hac vice*)
5 Independence Way
Suite 300
Princeton, NJ 08540
*Counsel for Plaintiffs*

Mark B. Morse, Esq.
111 Wayland Avenue
Providence, RI 02906

CERTIFICATE OF SEVICE

I hereby certify that on this 31st day of August, 2005, I have served or caused to be served a true copy of the within document to be sent by regular mail to the following counsel of record:

Todd D. White
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

Jennifer Meredith