# EXHIBIT B

M &K MEREDITH & KEYHANI, PLLC

www.meredithkeyhani.com

April 6, 2006

Todd D. White, Esq.
Adler Pollock & Sheehan P.C.
One Citizen Plaza, 8th Floor
Providence, RI 02903
**Via Facsimile: (401) 751-0604**

Re: Inventor's Greenhouse v. Hasbro, Inc.
CA NO: 05-246S

Dear Todd:

Confirming my understanding of your position in our telephone conference yesterday afternoon, you indicated that you would not produce the digital/electronic files requested because you have boxes of paper documents sitting at your office that we can come and review and/or photocopy.

Firstly, inviting Plaintiffs to your office to review/photocopy documents does not constitute "production"; it is necessary to remind you that the "producing party" is assumed to incur the cost of production and it is the producing party's responsibility to photocopy and produce the documents requested. See, e.g., *Southern Ute Indian Tribe v. Amoco Prod. Co.*, 2 F.3d 1023, 1029-30 (10th Cir. 1993); ("the presumption is that the responding party must bear the expense of complying with discovery requests"); *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 316 (S.D.N.Y. 2003).

Secondly, contrary to your adamant position, even if you do produce paper documents, we are entitled to all the electronic/digital/computer files that we have requested. Ironically, over a decade ago, the Southern District of New York ruled against your client/Defendant (Hasbro, Inc.) on exactly this issue - the court, in no uncertain terms, made clear Rule 34 entitles parties to electronic/digital files even if paper documents are also produced. *Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94 Civ. 2120, 1995 WL 649934 at *1-2 (S.D.N.Y. Nov. 3, 1995) (stating: "The law is clear that data in a computer form is discoverable even if paper 'hard copies' of the information have been produced. ... [T]oday it is ***black letter law*** that computerized data is discoverable if relevant.")(emphasis added); also see, e.g., *Linnen v. A.H. Robbins Co.*, No. 972307, 1999 Mass Super. LEXIS 240, at *16 (Super. Ct. June 16, 1999). *180; see also See Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2218 at 451 (2d ed. 1994); also see Harvey L. Kaplan, 733 PLI/Lit 65, Practicing Law Institute:

Electronic Discovery in the 21st Century: Is help on the Way (November-December 2005).

Finally, since you have repeatedly raised the issue of costs and burdens of photocopying documents, it is useful to note that electronic discovery production is widely recognized as a much more efficient and reasonable means of discovery for all parties; In *Zubulake v. UBS Warburg LLC*, No. 02 Civ. 1243, 2003 U.S. Dist. LEXIS 7939, at *27-28 (S.D.N.Y. May 13, 2002), the court noted that electronic document production is often easier and cheaper than paper document production (stating: "Electronic evidence is frequently cheaper and easier to produce than paper evidence because it can be searched automatically, key words can be run for privilege checks, and production can be made in electronic form, obviating the need for mass photocopying.").

As we have made repeated efforts to communicate our requests for electronic/digital/computer files,[1] our entitlement to these requests is "black letter law", and we have in good faith conferred with you as required under Rule 37 to resolve this dispute without court action, if we do not receive the requested files or a commitment to produce them by this Friday, April 7, 2006, we will move to compel production pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and demand that you pay the reasonable expenses and attorneys' fees associated with such motion.

Sincerely,

Dariush Keyhani[2]

cc: Mark B. Morse, Esq.

---

[1] See attachment for details of Plaintiffs Requests.

[2] Admitted before the Southern District, Eastern District, and Western District of NY and NJ Bar

**ATTACHMENT**

April 6, 2006 letter to Defendants - Inventor's Greenhouse v. Hasbro, Inc. CA NO: 05-246S matter

Again, Plaintiffs are particularly seeking digital/electronic/computer files for sales records for all characterized talking tool toys including, but not limited to, the following present best description of toy names, toy categories, and SKU numbers:

The "Tool Bench", "Charlie Coal the Grill", "Mini the Vacuum", "Phil the Drill", "Majic Talking Kitchen Crew", "Kitchen Crew", "Talking Fishing Pole", "Mike the Mower", "Gab the Talking Telephone", "Cool Crew Talking Kitchen", "Zip the Trimmer", "Dusty the Talkin Vacuum", "The Magic Talkin Grill", "Talkin Hand Tools", "The Talking Lantern", "Electronic Talking Tools" and toys with the following SKU Numbers: 7254, 8121, 8133, 8134, 9115, 6215, 2002, 6201, 6208, 6212, 6213, 6506, 6539, 6541, 6607, 92530, 92521, 92522, 92524, 92523, 25077, 24395, 90484, 90463, 90438, 90429, 90452, 90453, 90455, and MK-448.

Plaintiffs are also seeking all electronic/digital records/computer files of communications between all employees of Defendants including, but not limited to, communications from and between David Maurer, Pamela Hagy, Salvatore C. Di Santo, Jr., Joe Ferandes and any and all other individuals regarding the decision(s) to pay/not pay royalties to Plaintiffs on particular toys and/or the designation of toys as falling within the scope of the TALKIN' TOOLS idea/concept under the Inventor License Agreement entered into on September 29, 2000.

MEREDITH & KEYHANI, PLLC

www.meredithkeyhani.com

April 3, 2006

Todd D. White, Esq.
Adler Pollock & Sheehan P.C.
One Citizen Plaza, 8th Floor
Providence, RI 02903
**Via Facsimile: (401) 751-0604**

Re: Inventor's Greenhouse v. Hasbro, Inc.
CA NO: 05-246S

Dear Todd:

Your letter dated March 31, 2006 is again non-responsive to my specific discovery requests. Again, you have not responded to my requests for **digital/electronic** files of all records requested in Plaintiffs' Requests[1] particularly sales records for all characterized talking tool toys including, but not limited to, the following current best description we have of toy names, toy categories, and SKU numbers:

> The "Tool Bench", "Charlie Coal the Grill", "Mini the Vacuum", "Phil the Drill", "Majic Talking Kitchen Crew", "Kitchen Crew", "Talking Fish Pole", "Mike the Mower", "Gab the Talking Telephone", "Cool Crew Talking Kitchen", "Zip the Trimmer", "Dusty the Talkin Vacuum", "The Magic Talkin Grill", "Talkin Hand Tools", "The Talking Lantern", "Electronic Talking Tools" and toys with the following SKU Numbers: 7254, 8121, 8133, 8134, 9115, 6215, 2002, 6201, 6208, 6212, 6213, 6506, 6539, 6541, 6607, 92530.

Again, contrary to your assertion, Rule 34 of the Federal of Civil Procedure does provide for the right to inspect property and copy documents *in situ* (on a party's property and/or place of business). Inspection of "property" under Rule 34 includes computer hardware, hard drives and computer files kept on premises that maintain relevant records.

[1] In my March 22, 2006 letter I also requested and again remind you to produce all electronic/digital records/files of communications between all employees of Defendants including, but not limited to, communications from and between David Maurer, Pamela Hagy, Salvatore C. Di Santo, Jr., Joe Ferandes and any and all other individuals regarding the decision(s) to pay/not pay royalties to Plaintiffs on particular toys and/or the designation of toys as falling within the scope of the TALKIN' TOOLS idea/concept under the Inventor License Agreement entered into on September 29, 2000

New York Office
330 Madison Avenue
6th Floor
New York, New York 10017
212.760.0098 Telephone
212.202.3819 Facsimile

5 Independence Way
Suite 300
Princeton, NJ 08540
609.945.7406 Telephone
609.228.4031 Facsimile

Rule 34 is also widely interpreted to allow on-site inspection of documents. There are a plethora of authorities supporting this proposition. See, e.g., *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 974 (7th Cir. 2002); *Micro Chemical, Inc. v. Lextron, Inc.*, 193 F.R.D. 667, 669-70 (D. Colo. 2000); *Yanaki v. Iomed, Inc.*, 319 F.Supp.2d 1261, D.Utah, Mar 11, 2004; *Schofield v. US Steel*, 2005 WL 3093483 (N.D.Ind.).

The necessity for on-site review of documents is especially appropriate where documents produced have not been organized and labeled to correspond to the categories of document requests. Rule 34(b) stipulates that a party shall "organize and label [the documents produced] to correspond with the categories in the request." See. e.g., *In re Adelphia Communications Corp.*, --- B.R. ----, 2005 WL 3781937, (Bkrtcy. S.D.N.Y. 2005) at 4 (labeling requirement was created to prevent the producing party from hiding things – among the mass of other documents in the hopes they wouldn't be noticed). The concerns/safeguards of the drafters of Rule 34 and the courts[2] are particularly relevant here as none of the boxes of documents that Defendants have thus far produced have any labeling indicating what categories of Plaintiffs' Requests they are responsive to if at all.

Under Rule 34 we are entitled to all **electronic/digital** files requested. If we do not receive the electronic/digital files requested, I will move to compel production pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and demand that you pay the reasonable expenses and attorneys' fees associated with such motion.

Sincerely,

Dariush Keyhani[3]

cc: Mark B. Morse, Esq.

---

[2] **See Fed.R.Civ.P. 34 advisory committee note to the 1980 Amendment**: " The Committee is advised that, 'It is apparently not rare for parties deliberately to mix critical documents with others in the hope of obscuring significance...' The sentence added by this subdivision [regarding usual course of business method of production of documents] follows the recommendation of the Report."

[3] Admitted before the Southern District, Eastern District, and Western District of NY and NJ Bar

MEREDITH & KEYHANI, PLLC

www.meredithkeyhani.com

March 26, 2006

Todd D. White, Esq.
Adler Pollock & Sheehan P.C.
One Citizen Plaza, 8th Floor
Providence, RI 02903
**Via Facsimile: (401) 751-0604**

Re: Inventor's Greenhouse v. Hasbro, Inc.
CA NO: 05-246S

Dear Todd:

Your letter dated March 23, 2006 is again vague, evasive and non-responsive to specific discovery requests Plaintiffs have made for nearly seven months. Again, specifically we request all the sales records, as they are kept in the ordinary course of business (not only invoices), in all forms[1] including paper and electronic/digital forms since September 29, 2000 for all characterized talking tool toys including, but not limited to, the following current best description we have of toy names, toy categories, and SKU numbers:

> The "Tool Bench", "Charlie Coal the Grill", "Mini the Vacuum", "Phil the Drill", "Majic Talking Kitchen Crew", "Kitchen Crew", "Talking Fish Pole", "Mike the Mower", "Gab the Talking Telephone", "Cool Crew Talking Kitchen", "Zip the Trimmer", "Dusty the Talkin Vacuum", "The Magic Talkin Grill", "Talkin Hand Tools", "The Talking Lantern", "Electronic Talking Tools" and toys with the following SKU Numbers: 7254, 8121, 8133, 8134, 9115, 6215, 2002, 6201, 6208, 6212, 6213, 6506, 6539, 6541, 6607, 92530.

---

[1] Under Rule 34(a) "documents" is broadly defined to include all forms of recorded information. Rule 34(a) and Plaintiffs' Requests are deliberately broad and flexible so to include all forms of technology and methods of data storage used by computers. See, *e.g.*, *In re Ford Motor Co.*, 345 F.3d 1315, 1316-17 (11th Cir. 2003); *Simon Property Group L.P. v. mySimon, Inc.*, 194 F.R.D. 639, 640 (S.D. Ind. 2000)(the court held computer records, including records that have been deleted on the computer, are documents discoverable under Rule 34).

New York Office
330 Madison Avenue
6th Floor
New York, New York 10017
212.760.0098 Telephone
212.202.3819 Facsimile

5 Independence Way
Suite 300
Princeton, NJ 08540
609.945.7406 Telephone
609.228.4031 Facsimile

Contrary to your assertion, Rule 34 of the Federal of Civil Procedure does provide for the right to inspect and copy documents *in situ* (on a party's property and/or place of business) and if you do not cooperate with our rightful demand to make such an inspection we will request the Court's intervention on the matter. See, *e.g.*, *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 974 (7th Cir. 2002); *Micro Chemical, Inc. v. Lextron, Inc.*, 193 F.R.D. 667, 669-70 (D. Colo. 2000).

As I indicated in March 23, 2006 letter, if we do not receive the documents requested and be the given specific time and place to review and copy documents as they are kept in the ordinary course of business on premises of Defendants, I will move to compel production pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and demand that you pay the reasonable expenses and attorneys' fees associated with such motion.

Sincerely,

Dariush Keyhani[2]

cc: Mark B. Morse, Esq.

[2] Admitted before the Southern District, Eastern District, and Western District of NY and NJ Bar

MEREDITH & KEYHANI, PLLC

www.meredithkeyhani.com

March 23, 2006

Todd D. White, Esq.
Adler Pollock & Sheehan P.C.
One Citizen Plaza, 8th Floor
Providence, RI 02903
Via Facsimile: (401) 751-0604

Re: Inventor's Greenhouse v. Hasbro, Inc.
CA NO: 05-246S

Dear Todd:

In Plaintiffs' First Requests for Documents and Things ("Plaintiffs' Requests") served on August 31, 2005 (almost seven months ago), in numerous telephone conferences, in my October 18 and 20, 2005 letters, and at our October 25 and December 8, 2005 meetings in Providence, I specifically requested documents and sales records for all Defendants' toys specified in Plaintiffs' Requests including "each and every talking and/or speaking characterized toy it has sold since January 2001". Again, in my January 13, 2006 letter and subsequent communications, I have brought these requests to your attention, but you continue to evade production.

On March 13, 2006 in yet another follow-up email (attached printout of email), I requested the production of sales records regarding specific toys and toys with specific SKU numbers and the opportunity to inspect Hasbro's sales documents as they are kept in the ordinary course of business,[1] but I received no reply. Once again, I ask that you please provide the documents requested and a date and time for on-site inspection at Defendants' offices of all documents requested pursuant to Plaintiffs' Requests.[2] Among others tactics of evading production, we have been repeatedly given the excuse of the high cost of photocopying documents. In the global electronic/digital world, clearly Defendants (multinational/multi-billion dollar revenue companies) maintain their sales records in spreadsheets and in digital/electronic form; we demand that Defendants

[1] As of yet, you have only produced what I believe you refer to as "summary documentation of net sales" for some of the toys, but we have no way to confirm the completeness nor the accuracy of these "summaries", let alone the fact that these reports don't include all the toys at issue or even those we are aware of and have specifically identified.

[2] I received your letter dated March 14, 2006 regarding your suggestion to review invoices at your offices, but in addition to the invoices, more importantly, we request to go on-site to Hasbro's offices to review and copy all documents requested as they are kept in their in the ordinary course of business -- we are entitled to enter Defendants' offices and inspect and copy the requested documents pursuant to Rule 34 of the Federal Rules of Civil Procedure.

New York Office
330 Madison Avenue
6th Floor
New York, New York 10017
212.760.0098 Telephone
212.202.3819 Facsimile

5 Independence Way
Suite 300
Princeton, NJ 08540
609.945.7406 Telephone
609.228.4031 Facsimile

produce at once all sales data/records of all toys characterized/identified in Plaintiffs' Requests in digital/electronic form as they are kept in the ordinary course of business.[3]

Further, as requested in Plaintiffs' Requests,[4] we urge Defendants to produce at once all documents/communications including emails/electronic communications between all employees of Defendants including, but not limited to, communications from and between David Maurer, Pamela Hagy, Salvatore C. Di Santo, Jr., Joe Ferandes and any and all other individuals regarding the decision(s) to pay/not pay royalties to Plaintiffs on particular toys and/or the designation of toys as falling within the scope of the TALKIN' TOOLS idea/concept under the Inventor License Agreement entered into on September 29, 2000.

If we do not receive the documents requested within five (5) business days, I will move to compel production pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and demand that you pay the reasonable expenses and attorneys' fees associated with this motion.

Very truly yours,

Dariush Keyhani[5]

cc: Mark B. Morse, Esq.

[3] Note the term "documents" in Plaintiffs' Requests were conspicuously defined very broad to include, *inter alia*, "all non-paper information storage means such as e-mails, sound reproductions, computer inputs and outputs, tape, film and computer memory devices".
[4] See Plaintiffs' Requests Numbered 1 and 10.
[5] Admitted before the Southern District, Eastern District, and Western District of NY and NJ Bar

MEREDITH & KEYHANI, PLLC

www.meredithkeyhani.com

January 13, 2006

Todd D. White, Esq.
Adler Pollock & Sheehan P.C.
One Citizen Plaza, 8th Floor
Providence, RI 02903
Via Facsimile: (401) 751-0604

RE: Inventor's Greenhouse v. Hasbro, Inc. CA NO: 05-246S

Dear Todd:

It has been over a month since our last meeting where settlement talks ended and we have yet to receive any of the documents and sale records repeatedly requested since serving Plaintiffs' First Requests for Documents and Things (Plaintiffs' Requests) on August 31, 2005.

In Plaintiffs' Requests, in numerous telephone conferences, in our October 18th and 20th, 2005 letters, and at our October 25th and December 8, 2005 meetings in Providence, we specifically requested documents and sales records for all Hasbro toys specified in Plaintiffs' Requests including "each and every talking and/or speaking characterized toy it has sold since January 2001"; these documents include the sales records that were improperly included in Defendants' Privilege Log.

Please cooperate and produce the documents requested in an expeditious manner consistent with Court's ordered discovery schedule. If we do not we receive these documents within the next ten (10) days, we will move to compel production pursuant to Rule 37(a) of the Federal Rules of Civil Procedure.

Very truly yours,

Dariush Keyhani*

cc: Mark B. Morse, Esq.

* Admitted before the Southern District, Eastern District, and Western District of NY and NJ Bar

330 Madison Avenue
6th Floor
New York, New York 10017
212.760.0098 Telephone
212.202.3819 Facsimile

5 Independence Way
Suite 300
Princeton, NJ 08540
609.945.7406 Telephone
609.228.4031 Facsimile

MEREDITH & KEYHANI, PLLC
www.meredithkeyhani.com

October 20, 2005

Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizen Plaza, 8th Floor
Providence, RI 02903
Via Facsimile: (401) 751-0604

RE: Inventor's Greenhouse v. Hasbro, Inc. CA NO: 05-246S

Dear Jeffrey:

I just received your October 20, 2005 letter. Firstly, in our conversation in which Mr. Morse was also on the line, I made it very clear that our clients need to see the sale records for all toys at issue to engage in productive settlement talks. I have yet to receive your documents, but with all due respect, producing records relative to toys that "we believe are at issue" is convenient, but as you know not the way discovery is done.

I am also astonished at your request to get reimbursed for copying of documents – I don't know what you chose to copy and produce, if any of it is relevant, responsive to our requests or of any use to our clients - we are certainly not going to leave this up to the discretion of the adversary and then be charged for it. What we specifically requested repeatedly were the sales records for all "toys" as we defined in Plaintiffs' Requests for Documents, not some other smaller category of toys that you choose to identify. The fact of the matter is that you missed your deadline to respond to Plaintiffs' Interrogatories and Requests for Documents. Only after I called your co-counsel to remind him, did you request an extension to respond. My willingness to consent to the extension was based upon my reliance that you would produce the sales records that I indicated my clients wish to review before next week's settlement conference.

Finally, in the Privilege Log you furnished you have included "various sales volumes" and "Y.C. Fishing pole sales Information Chart" etc. as "confidential business information…" As you know the Federal Rule of Civil Procedure provide only two bases for claiming privilege and confidentiality is not one of them. Rule 26 (b) of the Federal Rules of Civil Procedure makes it very clear that "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party…" Rule26 (b)(1). Under the Rules there exist no right to withhold documents on the basis of "confidentiality."*

---

* If a party wishes to have particular documents designated as "confidential" or to request other types of protection, the party must obtain a protective order from the court. The court has the discretion to grant or

330 Madison Avenue
6th Floor
New York, New York 10017
212.760.0098 Telephone
212.202.3819 Facsimile

5 Independence Way
Suite 300
Princeton, NJ 08540
609.945.7406 Telephone
609.228.4031 Facsimile

Again, if your client has a genuine interest in discussing settlement next week, I suggest that somewhere in the thousands of pages of documents that you produced, produce the sales records per Plaintiffs' Requests for Documents – Plaintiffs are entitled to these documents. Please cooperate to save everyone further time and expense.

Sincerely yours,

Dariush Keyhani†

Cc: Mark B. Morse, Esq.

---

deny such an order and/or to determine the scope of protection if such an order is to be granted. *See* Rule 26(c). Protective Orders are usually limited to trade secrets and other confidential research and development/commercial information.Rule 26(c)(7) of the Federal Rules of Civil Procedure.

† Admitted before the Southern District, Eastern District, and Western District of NY and NJ Bar

MEREDITH & KEYHANI, PLLC

www.meredithkeyhani.com

October 18, 2005

Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizen Plaza, 8th Floor
Providence, RI 02903
Fax: (401) 751-0604

RE: Inventor's Greenhouse v. Hasbro, Inc. CA NO: 05-246S

Dear Jeffrey:

I am writing this letter to confirm our understanding per our telephone conversation that we consented to giving you the extension until October 17 to respond to our Discovery Requests and postpone the settlement conference with the expectation that you would provide us with sales records for the items identified in our Discovery Requests prior to our Conference next week. As I explained in our conversation, our clients need to see the sales records for the items in dispute if we are going to have a productive settlement conference.

Sincerely yours,

Dariush Keyhani*

Cc: Mark B. Morse, Esq.

* Admitted before the Southern District, Eastern District, and Western District of NY and NJ Bar

330 Madison Avenue
6th Floor
New York, New York 10017
212.760.0098 Telephone
212.202.3819 Facsimile

5 Independence Way
Suite 300
Princeton, NJ 08540
609.945.7406 Telephone
609.228.4031 Facsimile