**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS, Plaintiffs, | : | |
| v. | : | CA No.: 05-246-S |
| HASBRO, INC. and HASBRO INTERNATIONAL, INC. Defendants. | : | |

**DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION FOR ORDER COMPELLING DISCOVERY**

Now come the Defendants, Hasbro, Inc. and Hasbro International, Inc. ("Hasbro") and hereby object to Plaintiffs' Motion for Order Compelling Discovery. Plaintiffs chose not to provide a memorandum of law with their motion. Plaintiffs also chose not to set forth the specific reasons why they feel entitled to receive relief, other than to generically write that the Defendants "have failed to respond to such discovery or have provided such evasive and incomplete answers/productions as to be treated as a failure to answer/produce." Although Plaintiffs attach Plaintiffs' First Request for Documents and Things as Exhibit A, they neither attach the Interrogatories, the Defendants' Answers to Interrogatories nor even make any focused reference to them in their motion.

Plaintiffs have simply indicated their belief that they are entitled to receive the "digital/electronic files containing the items listed in the attached Exhibit C"[1] and to be

---

[1] Exhibit C first appears as an attachment to the April 6, 2006 letter. It is worth noting that this attachment is not part of Plaintiffs' First Request for Documents and Things.

reimbursed "reasonable expenses and attorneys' fees associated with bringing this motion." Without setting forth specifically what Plaintiffs seek or the basis why they are so entitled, Defendants are constrained to set forth a specific defense.

Defendants suspect, but cannot be sure, that Plaintiffs somehow believe that they are entitled to receive "documents" in the format they chose, as opposed to the means in which the documents were maintained by Hasbro. As can be ascertained from the correspondence which is attached, Hasbro has made available to Plaintiffs several boxes of the documents that have been requested. However, Plaintiffs' counsel has consistently refused to look at these documents or pay for copies, despite Hasbro's persistent overtures concerning the same.

Plaintiffs, at different times, have insisted on being allowed to conduct an inspection of Hasbro's premises and/or be provided with electronic copies of said documents. Presently, neither position has been supported by argument. Thus, the Defendants are left with no alternative but to attach copies of their response to Plaintiffs' counsel's correspondence. (See the correspondence attached as Exhibit 1.) For ease of reference, Defendants have attached the relevant correspondence (commencing January 13, 2006) from Plaintiffs' counsel, *as well as* the corresponding reply from Defendants counsel, in chronological order. It is worth noting that some letters were also addressed through telephone communications.

Defendants respectfully request a hearing on this matter in order to at least provide an oral response to anything Plaintiffs' counsel may eventually articulate as support for their motion.

Respectfully submitted,
Hasbro, Inc. and Hasbro International, Inc.,
By its Attorneys,

John A. Tarantino (# 2586)
Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: April 17, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17 day of April 2006, I caused a true copy of the within document to be sent by regular mail, postage prepaid to the following counsel of record:

Mark B. Morse, Esq.
111 Wayland Avenue
Providence, RI 02906

Dariush Keyhanni, Esq.
Meredith & Keyhanni, PLLC
330 Madison Avenue, 6th Floor
New York, NY 10017

*378470_1.doc*