MEREDITH & KEYHANI, PLLC

www.meredithkeyhani.com

January 13, 2006

Todd D. White, Esq.
Adler Pollock & Sheehan P.C.
One Citizen Plaza, 8th Floor
Providence, RI 02903
Via Facsimile: (401) 751-0604

RE: Inventor's Greenhouse v. Hasbro, Inc. CA NO: 05-246S

Dear Todd:

It has been over a month since our last meeting where settlement talks ended and we have yet to receive any of the documents and sale records repeatedly requested since serving Plaintiffs' First Requests for Documents and Things (Plaintiffs' Requests) on August 31, 2005.

In Plaintiffs' Requests, in numerous telephone conferences, in our October 18th and 20th, 2005 letters, and at our October 25th and December 8, 2005 meetings in Providence, we specifically requested documents and sales records for all Hasbro toys specified in Plaintiffs' Requests including "each and every talking and/or speaking characterized toy it has sold since January 2001"; these documents include the sales records that were improperly included in Defendants' Privilege Log.

Please cooperate and produce the documents requested in an expeditious manner consistent with Court's ordered discovery schedule. If we do not we receive these documents within the next ten (10) days, we will move to compel production pursuant to Rule 37(a) of the Federal Rules of Civil Procedure.

Very truly yours,

Dariush Keyhani*

cc: Mark B. Morse, Esq.

---

* Admitted before the Southern District, Eastern District, and Western District of NY and NJ Bar

330 Madison Avenue
6th Floor
New York, New York 10017
212.760.0098 Telephone
212.202.3819 Facsimile

5 Independence Way
Suite 300
Princeton, NJ 08540
609.945.7406 Telephone
609.228.4031 Facsimile

ADLER POLLOCK & SHEEHAN P.C.

One Citizens Plaza, 8th floor
Providence, RI 02903-1345
Telephone 401-274-7200
Fax 401-751-0604 / 351-4607

175 Federal Street
Boston, MA 02110-2890
Telephone 617-482-0600
Fax 617-482-0604

www.apslaw.com

February 22, 2006

***Via Facsimile Transmission*** *(Letter Only)*
*and*
***Federal Express (With Enclosures)***

Dariush Keyhanni, Esq.
Meredith & Keyhanni, PLLC
330 Madison Avenue, 6th Floor
New York, NY 10017

Re: ***Inventor's Greenhouse, et al. v. Hasbro, Inc., et al.***
C.A. No. 05-246S

Dear Dariush:

Enclosed please find additional documents being produced by Hasbro, Inc. and Hasbro International, Inc. in the above-referenced matter. These documents have been Bates numbered HA4121 through HA4510.

Also, in response to your earlier request, below is the information regarding cross-reference of product SKU's and common names. I trust this will be of assistance:

| | |
|---|---|
| 02002 | Rod Fishing Pole |
| 06201 | Mike the Mower |
| 06208 | Gab the Phone |
| 06212 | Chip Chainsaw |
| 06213 | Zip Trimmer |
| 06506 | Dusty Vacuum |
| 06539 | Bobby Q Grill |
| 06541 | Talking Hand Tools (rake, nozzle, shovel) |
| 06607 | Lit Lantern |
| 92530 | Electronic Tonka Tools (includes screwdriver, hammer, hacksaw, tape measure and vise) |

ADLER POLLOCK & SHEEHAN P.C.



***Via Facsimile Transmission*** *(Letter Only)*
*and*
***Federal Express (With Enclosures)***

The documents previously produced (and for which you requested this information) show all of the sales at issue in this case. We have not produced the underlying invoices because those invoices would be enormously burdensome and expensive to duplicate, and in light of the records already provided, the information they contain would simply be redundant and cumulative. Previously, you had indicated that you preferred that Hasbro produce these documents. I would renew my request that you consider whether such production is necessary. If so, Hasbro will require that you pay for the reasonable costs of that production.

Very truly yours,

JEFFREY K. TECHENTIN
jtechentin@apslaw.com

Enclosures (***Federal Express Only***)

cc: Todd D. White, Esq.

*372786_1.doc*

MEREDITH & KEYHANI, PLLC

www.meredithkeyhani.com

March 23, 2006

Todd D. White, Esq.
Adler Pollock & Sheehan P.C.
One Citizen Plaza, 8th Floor
Providence, RI 02903
Via Facsimile: (401) 751-0604

Re: Inventor's Greenhouse v. Hasbro, Inc.
CA NO: 05-246S

Dear Todd:

In Plaintiffs' First Requests for Documents and Things ("Plaintiffs' Requests") served on August 31, 2005 (almost seven months ago), in numerous telephone conferences, in my October 18 and 20, 2005 letters, and at our October 25 and December 8, 2005 meetings in Providence, I specifically requested documents and sales records for all Defendants' toys specified in Plaintiffs' Requests including "each and every talking and/or speaking characterized toy it has sold since January 2001". Again, in my January 13, 2006 letter and subsequent communications, I have brought these requests to your attention, but you continue to evade production.

On March 13, 2006 in yet another follow-up email (attached printout of email), I requested the production of sales records regarding specific toys and toys with specific SKU numbers and the opportunity to inspect Hasbro's sales documents as they are kept in the ordinary course of business,[1] but I received no reply. Once again, I ask that you please provide the documents requested and a date and time for on-site inspection at Defendants' offices of all documents requested pursuant to Plaintiffs' Requests.[2] Among others tactics of evading production, we have been repeatedly given the excuse of the high cost of photocopying documents. In the global electronic/digital world, clearly Defendants (multinational/multi-billion dollar revenue companies) maintain their sales records in spreadsheets and in digital/electronic form; we demand that Defendants

---

[1] As of yet, you have only produced what I believe you refer to as "summary documentation of net sales" for some of the toys, but we have no way to confirm the completeness nor the accuracy of these "summaries", let alone the fact that these reports don't include all the toys at issue or even those we are aware of and have specifically identified.

[2] I received your letter dated March 14, 2006 regarding your suggestion to review invoices at your offices, but in addition to the invoices, more importantly, we request to go on-site to Hasbro's offices to review and copy all documents requested as they are kept in their in the ordinary course of business – we are entitled to enter Defendants' offices and inspect and copy the requested documents pursuant to Rule 34 of the Federal Rules of Civil Procedure.

New York Office

330 Madison Avenue
6th Floor
New York, New York 10017
212.760.0098 Telephone
212.202.3819 Facsimile

5 Independence Way
Suite 300
Princeton, NJ 08540
609.945.7406 Telephone
609.228.4031 Facsimile

produce at once all sales data/records of all toys characterized/identified in Plaintiffs' Requests in digital/electronic form as they are kept in the ordinary course of business.[3]

Further, as requested in Plaintiffs' Requests,[4] we urge Defendants to produce at once all documents/communications including emails/electronic communications between all employees of Defendants including, but not limited to, communications from and between David Maurer, Pamela Hagy, Salvatore C. Di Santo, Jr., Joe Ferandes and any and all other individuals regarding the decision(s) to pay/not pay royalties to Plaintiffs on particular toys and/or the designation of toys as falling within the scope of the TALKIN' TOOLS idea/concept under the Inventor License Agreement entered into on September 29, 2000.

If we do not receive the documents requested within five (5) business days, I will move to compel production pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and demand that you pay the reasonable expenses and attorneys' fees associated with this motion.

Very truly yours,

Dariush Keyhani[5]

cc: Mark B. Morse, Esq.

---

[3] Note the term "documents" in Plaintiffs' Requests were conspicuously defined very broad to include, *inter alia*, "all non-paper information storage means such as e-mails, sound reproductions, computer inputs and outputs, tape, film and computer memory devices".
[4] See Plaintiffs' Requests Numbered 1 and 10.
[5] Admitted before the Southern District, Eastern District, and Western District of NY and NJ Bar

ADLER POLLOCK & SHEEHAN P.C.

One Citizens Plaza, 8th floor
Providence, RI 02903-1345
Telephone 401-274-7200
Fax 401-751-0604 / 351-4607

175 Federal Street
Boston, MA 02110-2890
Telephone 617-482-0600
Fax 617-482-0604

www.apslaw.com

March 23, 2006

***Via Facsimile Transmission***

Dariush Keyhani, Esq.
Meredith & Keyhani, PLLC
330 Madison Avenue, 6th Floor
New York, NY 10017

Re: ***Inventor's Greenhouse, et al. v. Hasbro, Inc., et al.***
C.A. No. 05-246S

Dear Dariush:

I received a copy of your letter to Todd White relative to Hasbro's production of documents, dated March 23, 2006. Your letter raises two distinct issues.

First, on the subject of sales records, we have the responsive sales records for your review at our offices, as we have previously advised you. Contrary to your assertion, nothing in Rule 34 of the Federal Rules of Civil Procedure gives you the right to enter onto Hasbro's premises and inspect documents, whether in electronic or other form, *in situ*. The documents are available for inspection, and will be presented as they are maintained in the ordinary course of business.

Second, you have requested documents relating to the decision to pay or not to pay royalties to your clients on toys sold by Hasbro. Although I believe that all responsive documents have already been produced to you, I have requested that my client confirm that fact. I will advise you of the result of that investigation promptly.

I believe this resolves any outstanding dispute, and hope you agree that no motion to compel is necessary or warranted. I look forward to discussing with you a schedule for the review of the documents at our offices.

Very truly yours,

JEFFREY K. TECHENTIN
jtechentin@apslaw.com

cc: Todd D. White, Esq.

376159_1.doc

ADLER POLLOCK & SHEEHAN P.C.



***Via Facsimile Transmission***

bc: Christine Meehan, Senior Paralegal

MEREDITH & KEYHANI, PLLC

www.meredithkeyhani.com

March 26, 2006

Todd D. White, Esq.
Adler Pollock & Sheehan P.C.
One Citizen Plaza, 8th Floor
Providence, RI 02903
**Via Facsimile: (401) 751-0604**

Re: Inventor's Greenhouse v. Hasbro, Inc.
CA NO: 05-246S

Dear Todd:

Your letter dated March 23, 2006 is again vague, evasive and non-responsive to specific discovery requests Plaintiffs have made for nearly seven months. Again, specifically we request all the sales records, as they are kept in the ordinary course of business (not only invoices), in all forms[1] including paper and electronic/digital forms since September 29, 2000 for all characterized talking tool toys including, but not limited to, the following current best description we have of toy names, toy categories, and SKU numbers:

> The "Tool Bench", "Charlie Coal the Grill", "Mini the Vacuum", "Phil the Drill", "Majic Talking Kitchen Crew", "Kitchen Crew", "Talking Fish Pole", "Mike the Mower", "Gab the Talking Telephone", "Cool Crew Talking Kitchen", "Zip the Trimmer", "Dusty the Talkin Vacuum", "The Magic Talkin Grill", "Talkin Hand Tools", "The Talking Lantern", "Electronic Talking Tools" and toys with the following SKU Numbers: 7254, 8121, 8133, 8134, 9115, 6215, 2002, 6201, 6208, 6212, 6213, 6506, 6539, 6541, 6607, 92530.

[1] Under Rule 34(a) "documents" is broadly defined to include all forms of recorded information. Rule 34(a) and Plaintiffs' Requests are deliberately broad and flexible so to include all forms of technology and methods of data storage used by computers. See, *e.g.*, *In re Ford Motor Co.*, 345 F.3d 1315, 1316-17 (11th Cir. 2003); *Simon Property Group L.P. v. mySimon, Inc.*, 194 F.R.D. 639, 640 (S.D. Ind. 2000)(the court held computer records, including records that have been deleted on the computer, are documents discoverable under Rule 34).

NEW YORK OFFICE
330 MADISON AVENUE
6th FLOOR
NEW YORK, NEW YORK 10017
212.760.0098 TELEPHONE

5 INDEPENDENCE WAY
SUITE 300
PRINCETON, NJ 08540
609.945.7406 TELEPHONE
609.228.4031 FACSIMILE

Contrary to your assertion, Rule 34 of the Federal of Civil Procedure does provide for the right to inspect and copy documents *in situ* (on a party's property and/or place of business) and if you do not cooperate with our rightful demand to make such an inspection we will request the Court's intervention on the matter. See, *e.g.*, *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 974 (7th Cir. 2002); *Micro Chemical, Inc. v. Lextron, Inc.*, 193 F.R.D. 667, 669-70 (D. Colo. 2000).

As I indicated in March 23, 2006 letter, if we do not receive the documents requested and be the given specific time and place to review and copy documents as they are kept in the ordinary course of business on premises of Defendants, I will move to compel production pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and demand that you pay the reasonable expenses and attorneys' fees associated with such motion.

Sincerely,

Dariush Keyhani[1]

cc: Mark B. Morse, Esq.

[1] Admitted before the Southern District, Eastern District, and Western District of NY and NJ Bar

ADLER POLLOCK & SHEEHAN P.C.

One Citizens Plaza, 8th floor
Providence, RI 02903-1345
Telephone 401-274-7200
Fax 401-751-0604 / 351-4607

175 Federal Street
Boston, MA 02110-2890
Telephone 617-482-0600
Fax 617-482-0604

www.apslaw.com

March 31, 2006

***Via Facsimile Transmission***

Dariush Keyhani, Esq.
Meredith & Keyhani, PLLC
330 Madison Avenue, 6th Floor
New York, NY 10017

Re: ***Inventor's Greenhouse, et al. v. Hasbro, Inc., et al.***
C.A. No. 05-246S

Dear Dariush:

Todd White asked me to respond to your letter dated March 26, 2006 relative to your request for documents in the above-referenced case.

First, there is no merit to your assertion that you have a right to enter onto Hasbro's premises merely to examine the documents requested of Hasbro. The cases you cite in your letter do not support your assertion. Each dealt with requests, under Fed. R. Civ. P. Rule 34, to *inspect* land or other tangible property. That is, as the *Micro Chemical* case you cite points out, quite different from a request for production of documents. *See Micro Chemical, Inc. v. Lextron, Inc.*, 193 F.R.D. 667, 668-69 (D. Colo. 2000). Tellingly, that case relied heavily on the Fourth Circuit's decision in *Belcher v. Bassett Furniture Industries, Inc.*, 588 F.2d 904 (1978). In that case, which your letter ignores, the Fourth Circuit expressly noted the distinction between the production of documents, on one hand, and entry onto a party's premises for inspection purposes, on the other, and explained " Since entry upon a party's premises may entail greater burdens and risks than mere production of documents, a greater inquiry into the necessity for inspection would seem warranted." *Id.* at 908. In other words, the production of documents does *not* involve entry upon a party's premises.

Second, we remain willing to permit inspection and copying of the requested documents at our offices at a mutually agreeable time. There would be no basis for a motion to compel these documents; they are here waiting only for you to come and look at them. Again, if you wish to get copies, we will do so but only at your expense, which is a reasonable limitation given the volume of the documentation you seek.

ADLER POLLOCK & SHEEHAN P.C.

Dariush Keyhani, Esq.
Meredith & Keyhani, PLLC
March 31, 2006
Page 2

Please feel free to contact me if you have any questions or wish to arrange for inspection of the documents.

Very truly yours,

JEFFREY K. TECHENTIN
jtechentin@apslaw.com

pc: Todd D. White, Esq.

*376982_1.doc*

M &K MEREDITH & KEYHANI, PLLC

www.meredithkeyhani.com

April 3, 2006

Todd D. White, Esq.
Adler Pollock & Sheehan P.C.
One Citizen Plaza, 8th Floor
Providence, RI 02903
**Via Facsimile: (401) 751-0604**

Re: Inventor's Greenhouse v. Hasbro, Inc.
CA NO: 05-246S

Dear Todd:

Your letter dated March 31, 2006 is again non-responsive to my specific discovery requests. Again, you have not responded to my requests for **digital/electronic** files of all records requested in Plaintiffs' Requests[1] particularly sales records for all characterized talking tool toys including, but not limited to, the following current best description we have of toy names, toy categories, and SKU numbers:

> The "Tool Bench", "Charlie Coal the Grill", "Mini the Vacuum", "Phil the Drill", "Majic Talking Kitchen Crew", "Kitchen Crew", "Talking Fish Pole", "Mike the Mower", "Gab the Talking Telephone", "Cool Crew Talking Kitchen", "Zip the Trimmer", "Dusty the Talkin Vacuum", "The Magic Talkin Grill", "Talkin Hand Tools", "The Talking Lantern", "Electronic Talking Tools" and toys with the following SKU Numbers: 7254, 8121, 8133, 8134, 9115, 6215, 2002, 6201, 6208, 6212, 6213, 6506, 6539, 6541, 6607, 92530.

Again, contrary to your assertion, Rule 34 of the Federal of Civil Procedure does provide for the right to inspect property and copy documents *in situ* (on a party's property and/or place of business). Inspection of "property" under Rule 34 includes computer hardware, hard drives and computer files kept on premises that maintain relevant records.

---

[1] In my March 22, 2006 letter I also requested and again remind you to produce all electronic/digital records/files of communications between all employees of Defendants including, but not limited to, communications from and between David Maurer, Pamela Hagy, Salvatore C. Di Santo, Jr., Joe Ferandes and any and all other individuals regarding the decision(s) to pay/not pay royalties to Plaintiffs on particular toys and/or the designation of toys as falling within the scope of the TALKIN' TOOLS *idea/concept under the Inventor License Agreement* entered into on September 29, 2000

New York Office
330 Madison Avenue
6th Floor
New York, New York 10017
212.760.0098 Telephone

5 Independence Way
Suite 300
Princeton, NJ 08540
609.945.7406 Telephone
609.228.4031 Facsimile

Rule 34 is also widely interpreted to allow on-site inspection of documents. There are a plethora of authorities supporting this proposition. See, e.g., *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 974 (7th Cir. 2002); *Micro Chemical, Inc. v. Lextron, Inc.*, 193 F.R.D. 667, 669-70 (D. Colo. 2000); *Yanaki v. Iomed, Inc.*, 319 F.Supp.2d 1261, D.Utah, Mar 11, 2004; *Schofield v. US Steel*, 2005 WL 3093483 (N.D.Ind.).

The necessity for on-site review of documents is especially appropriate where documents produced have not been organized and labeled to correspond to the categories of document requests. Rule 34(b) stipulates that a party shall "organize and label [the documents produced] to correspond with the categories in the request." See. e.g., *In re Adelphia Communications Corp.*, --- B.R. ----, 2005 WL 3781937, (Bkrtcy. S.D.N.Y. 2005) at 4 (labeling requirement was created to prevent the producing party from hiding things – among the mass of other documents in the hopes they wouldn't be noticed). The concerns/safeguards of the drafters of Rule 34 and the courts[2] are particularly relevant here as none of the boxes of documents that Defendants have thus far produced have any labeling indicating what categories of Plaintiffs' Requests they are responsive to if at all.

Under Rule 34 we are entitled to all **electronic/digital** files requested. If we do not receive the electronic/digital files requested, I will move to compel production pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and demand that you pay the reasonable expenses and attorneys' fees associated with such motion.

Sincerely,

Dariush Keyhani[3]

cc: Mark B. Morse, Esq.

---

[2] See Fed.R.Civ.P. 34 advisory committee note to the 1980 Amendment: " The Committee is advised that, 'It is apparently not rare for parties deliberately to mix critical documents with others in the hope of obscuring significance...' The sentence added by this subdivision [regarding usual course of business method of production of documents] follows the recommendation of the Report."

[3] Admitted before the Southern District, Eastern District, and Western District of NY and NJ Bar

F

ADLER POLLOCK & SHEEHAN P.C.

One Citizens Plaza, 8th floor
Providence, RI 02903-1345
Telephone 401-274-7200
Fax 401-751-0604 / 351-4607

175 Federal Street
Boston, MA 02110-2890
Telephone 617-482-0600
Fax 617-482-0604

www.apslaw.com

April 4, 2006

Dariush Keyhani, Esq.
Meredith & Keyhani, PLLC
330 Madison Avenue, 6th Floor
New York, NY 10017

Re: Inventor's Greenhouse, et al. v. Hasbro, Inc., et al.
C.A. No. 05-246S

Dear Dariush:

Please allow this to serve as a reply to your April 3, 2006 correspondence. As an initial matter, I did not draft a letter to you March 31, 2006. That letter was drafted and sent by Jeff Techentin who has a better working knowledge of the circumstance in dispute. However, because you drafted the April 3, 2006 correspondence to me, let me endeavor to respond.

I reviewed the cases that you cited in your letter. As you are probably aware, Albany Bank & Trust Co. v. Exxon Mobil Corp., 310 F.3d 969, 974 (7th Cir. 2002) is an environmental dispute concerning contaminated land adjacent to a filling station. During the course of discovery, Defendant, Exxon, sought to inspect the land to determine the extent of contamination. Id. at 371. Citing F.R.C.P. 34(a)(2), the Court simply noted that the Plaintiff must permit Exxon to enter upon the land for such an inspection. This holding does not support the proposition that a party which has made documents available in responding to a document request must also allow the requesting party access to its place of business.

You also cite Yanaki v. Iomed, Inc., 319 F.Supp.2d 1261 (D. Utah 2004). In this case, Plaintiff Yanaki was accused of appropriating confidential Iomed business information at the time he terminated his employment. Id. at 1261. In order to establish this contention, Iomed was able to obtain a Search Order of Yanaki's premises from the Utah court. Id. Iomed premised its request on its concern that Yanaki might destroy or alter the evidence necessary to establish Iomed's claim for appropriation of confidential information. Id. at 1262. Iomed argued, in part, that Rule 34 gave the Court the authority to provide the requested Search Order. Id. Noting this position, the Court simply outlined Rule 34 of the Utah Rules of Civil Procedure. Id. Once again, the circumstances in the Yanaki case are certainly not analogous to the circumstances in the case at bar. In Yanaki, Iomed had to obtain a Search Order from the Court for evidence that confidential information was misappropriated. Such is not the case in a garden variety document request.

You further cite Micro Chemical, Inc. v. Lextron, 193 F.R.D. 667 (D. Colo. 2000). In Micro Chemical, Inc., the relevant issue was the inspection of a machine in a patent infringement

ADLER POLLOCK & SHEEHAN P.C.



matter. Id. Therefore, there was no alternative but to allow entry upon the premises in order to inspect the machine. The machine could not be copied and reproduced like documents or records.

It is also worth noting in Micro Chemical the following observation was made by the Court:

> Since entry upon a party's premises may entail greater burdens and risks than mere production of documents, a greater inquiry into the necessity for inspection would seem warranted.

Id. at 669. This rationale should not be ignored. As we have indicated several times now, pursuant to your request we have documents available for your review and/or copying.

Finally, you cited Schofield v. U.S. Steel, 2005 W.L. 309 3483 (N.D. Ind.). In Schofield the Plaintiff sought an inspection of a vault at a plant owned by U.S. Steel Corporation. The Court ruled that the Plaintiff had the right to inspect the vault pursuant to Rule 34 of the Federal Rules of Civil Procedure. Id. The issue, of course, was simple - like Micro Chemicals it *required* the actual inspection of the premises of the Defendant. An analysis of the vault itself was the issue at hand, not an assessment of documents that came from those premises. Therefore, this case does not stand for the proposition for which you purportedly cite it.

Please let us know if and when you want to inspect the documents at issue in our office or, in the alternative, let us know if you want them copied.

Very truly yours,

Todd D. White

TODD D. WHITE
TDW:sjt

cc: Jeffrey K, Techentin, Esq.

*377128_1.doc*

M &K MEREDITH & KEYHANI, PLLC

www.meredithkeyhani.com

April 6, 2006

Todd D. White, Esq.
Adler Pollock & Sheehan P.C.
One Citizen Plaza, 8th Floor
Providence, RI 02903
**Via Facsimile: (401) 751-0604**

Re: Inventor's Greenhouse v. Hasbro, Inc.
CA NO: 05-246S

Dear Todd:

Confirming my understanding of your position in our telephone conference yesterday afternoon, you indicated that you would not produce the digital/electronic files requested because you have boxes of paper documents sitting at your office that we can come and review and/or photocopy.

Firstly, inviting Plaintiffs to your office to review/photocopy documents does not constitute "production"; it is necessary to remind you that the "producing party" is assumed to incur the cost of production and it is the producing party's responsibility to photocopy and produce the documents requested. See, e.g., *Southern Ute Indian Tribe v. Amoco Prod. Co.*, 2 F.3d 1023, 1029-30 (10th Cir. 1993); ("the presumption is that the responding party must bear the expense of complying with discovery requests"); *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 316 (S.D.N.Y. 2003).

Secondly, contrary to your adamant position, even if you do produce paper documents, we are entitled to all the electronic/digital/computer files that we have requested. Ironically, over a decade ago, the Southern District of New York ruled against your client/Defendant (Hasbro, Inc.) on exactly this issue - the court, in no uncertain terms, made clear Rule 34 entitles parties to electronic/digital files even if paper documents are also produced. *Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94 Civ. 2120, 1995 WL 649934 at *1-2 (S.D.N.Y. Nov. 3, 1995) (stating: "The law is clear that data in a computer form is discoverable even if paper 'hard copies' of the information have been produced. ... [T]oday it is ***black letter law*** that computerized data is discoverable if relevant.")(emphasis added); also see, e.g., *Linnen v. A.H. Robbins Co.*, No. 972307, 1999 Mass Super. LEXIS 240, at *16 (Super. Ct. June 16, 1999). *180; see also See Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2218 at 451 (2d ed. 1994); also see Harvey L. Kaplan, 733 PLI/Lit 65, Practicing Law Institute:

New York Office

330 Madison Avenue
6th Floor
New York, New York 10017
212.760.0098 Telephone
212.202.3819 Facsimile

5 Independence Way
Suite 300
Princeton, NJ 08540
609.945.7406 Telephone
609.228.4031 Facsimile

Electronic Discovery in the 21st Century: Is help on the Way (November-December 2005).

Finally, since you have repeatedly raised the issue of costs and burdens of photocopying documents, it is useful to note that electronic discovery production is widely recognized as a much more efficient and reasonable means of discovery for all parties; In *Zubulake v. UBS Warburg LLC*, No. 02 Civ. 1243, 2003 U.S. Dist. LEXIS 7939, at *27-28 (S.D.N.Y. May 13, 2002), the court noted that electronic document production is often easier and cheaper than paper document production (stating: "Electronic evidence is frequently cheaper and easier to produce than paper evidence because it can be searched automatically, key words can be run for privilege checks, and production can be made in electronic form, obviating the need for mass photocopying.").

As we have made repeated efforts to communicate our requests for electronic/digital/computer files,[1] our entitlement to these requests is "black letter law", and we have in good faith conferred with you as required under Rule 37 to resolve this dispute without court action, if we do not receive the requested files or a commitment to produce them by this Friday, April 7, 2006, we will move to compel production pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and demand that you pay the reasonable expenses and attorneys' fees associated with such motion.

Sincerely,

Dariush Keyhani[2]

cc: Mark B. Morse, Esq.

---

[1] See attachment for details of Plaintiffs Requests.
[2] Admitted before the Southern District, Eastern District, and Western District of NY and NJ Bar

**ATTACHMENT**

April 6, 2006 letter to Defendants - Inventor's Greenhouse v. Hasbro, Inc. CA NO: 05-246S matter

Again, Plaintiffs are particularly seeking digital/electronic/computer files for sales records for all characterized talking tool toys including, but not limited to, the following present best description of toy names, toy categories, and SKU numbers:

The "Tool Bench", "Charlie Coal the Grill", "Mini the Vacuum", "Phil the Drill", "Majic Talking Kitchen Crew", "Kitchen Crew", "Talking Fishing Pole", "Mike the Mower", "Gab the Talking Telephone", "Cool Crew Talking Kitchen", "Zip the Trimmer", "Dusty the Talkin Vacuum", "The Magic Talkin Grill", "Talkin Hand Tools", "The Talking Lantern", "Electronic Talking Tools" and toys with the following SKU Numbers: 7254, 8121, 8133, 8134, 9115, 6215, 2002, 6201, 6208, 6212, 6213, 6506, 6539, 6541, 6607, 92530, 92521, 92522, 92524, 92523, 25077, 24395, 90484, 90463, 90438, 90429, 90452, 90453, 90455, and MK-448.

Plaintiffs are also seeking all electronic/digital records/computer files of communications between all employees of Defendants including, but not limited to, communications from and between David Maurer, Pamela Hagy, Salvatore C. Di Santo, Jr., Joe Ferandes and any and all other individuals regarding the decision(s) to pay/not pay royalties to Plaintiffs on particular toys and/or the designation of toys as falling within the scope of the TALKIN' TOOLS idea/concept under the Inventor License Agreement entered into on September 29, 2000.