UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS, Plaintiffs, | ) |
| v. | ) CA NO: 05-246S |
| HASBRO, INC. and HASBRO INTERNATIONAL, INC. Defendants. | ) |

**PLAINTIFFS' MOTION FOR ORDER COMPELLING PRODUCTION OF DOCUMENTS AND THINGS**

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and Local Civil Rule 37(a) the Plaintiffs herein moves that Hasbro, Inc. and Hasbro International, Inc. (hereinafter collectively "Defendants") be compelled to properly respond to Plaintiffs' First Request for Documents and Things (hereinafter "Plaintiffs' Requests")(Exhibit A) served upon Defendants on August 31, 2005. Plaintiffs' Requests are directed at eliciting facts relevant and dispositive of the issues of liability and damages in this case.

Defendants have failed to respond to such discovery and/or have provided such evasive and incomplete answers/productions as to be treated as a failure to answer/produce with respect to the following Discovery Requests:

**A. Plaintiffs' First Request for Documents and Things**

Defendants have failed to respond or have provided incomplete responses to Plaintiffs' Requests for Documents Numbers 1, 8 and 9.

**Plaintiffs' Request for Document Number 1 state:**

> 1. *Please provide all* ***documents***[1] *concerning and/or pertaining to the "Talking Tools License Agreement."* (See Exhibit A).

**Defendants' Objection to Document Request Number 1 state:**

> ***OBJECTION:*** *Defendants object to this request to the extent that it seeks documents that are protected from disclosure by attorney-client privilege or the work product doctrine.* (See Exhibit C, Defendants' Responses to Plaintiffs' First Request For Documents And Things).

Defendants object to Request 1 to "the extent it seeks documents that are protected by attorney-client or the work product doctrine." Plaintiffs' Request 1 is directed at non-privileged documents (and things) including those kept in the form of digital/electronic files and/or saved on hard drives and or any other form that concern and/or pertain to the License Agreement at issue in this case. Defendants have not produced any electronic/digital files responsive to this request and have not supplemented their responses as required under Rule 26(e) of the Federal Rules of Civil Procedure.

Presumably there are/were numerous individuals making the decision(s) and discussed/considered what toys commercialized by the Defendants are deemed within the scope of the License Agreement. When these decisions were made, the motivations behind these decisions, and by whom these decision were made are clearly relevant to the resolution of the claims at dispute in this case. By way of example, Plaintiffs seek documents kept in the form of digital/electronic files and/or saved on hard drives and/or any other form, of communications, including letters and emails from, between and to all individuals including Wendy Buelsing,

[1] The term documents is bolded throughout Plaintiffs' requests to highlight its broad definition as defined in the Definitions/Instructions section of Plaintiffs' First Request for Documents and Things.

Dave Voss, Joe Khan, James Kipling, David Maurer, Pamela Hagy, Salvatore C. Di Santo, Jr., Joe Ferandes, Russet Morrow pertaining to the decision(s) to pay or not to pay royalties on items covered by the License Agreement.

**Plaintiffs' Requests Numbers 8 and 9 states:**

> *8. Please provide all **documents** sufficient to show all of Hasbro's sales by volume, revenues and profits on each and every talking and/or speaking characterized toy it has sold since January 2001.*
>
> *9. Please provide all **documents** sufficient to show all of Hasbro's sales by volume, revenues, and profits on each and every talking and/or speaking characterized tool toy it has ever sold.* (See Exhibit A).

**Defendants' Objections to Plaintiffs' Request Numbers 8 and 9 are identical and state:**

> ***OBJECTION:*** *Defendants object to this request to the extent that it is overly broad, unduly burdensome and seeks information not relevant to any claim or defense of any party to this action. Defendants further object to this Request to the extent it seeks documents relating exclusively to damages, as such discovery exceeds the scope of discovery agreed upon by counsel at the pretrial conference held with the Court, at which the parties agreed to limited the initial phase of discovery to the issue of liability.* (See Exhibit B, Objections to Request Numbers 8 and 9).

Defendants object to <u>Plaintiffs' Requests Numbers 8 and 9</u> with identical and generic objection language that Plaintiffs' request are "vague and ambiguous, overly broad, unduly burdensome and seeks information not relevant to any claim or defense of any party []." <u>Plaintiffs' Request Numbers 8 and 9</u> are clearly relevant to the issue of damages in this case and are not vague, overly broad or burdensome. Request 8, although includes a reasonably broader subject matter, is limited in time from January 2001. Request 9 is directed at the sales for a very specific group of toys, *i.e.*, "talking and/or speaking characterized tool toy[s]" which are at the center of Plaintiffs' claims.

Clearly any characterized/personalized toy that "talks" since the parties entered in to the License Agreement and particularly any toy that in any sense can be deemed a "tool"[2] that "talks" commercialized by the Defendants is relevant to the issues in this case and within the broad scope of discovery contemplated under the Federal Rules of Civil Procedure.[3]

Plaintiffs' counsel in numerous communications with Defendants' counsel including letters, emails and phone calls for months (see Exhibit C and particularly Plaintiffs' March 26 April 3, and April 6, 2006 letters to Defendants) have identified specific examples of toys and categories of toys responsive to Plaintiffs' Requests; yet, Defendants have been non-responsive and have yet to produce sales records for many of the toys that Plaintiffs have specifically identified, let alone toys that Plaintiffs as of yet are unaware of.

Moreover, Defendants have yet to produce any records of international sales and documents/records requested in electronic/digital/spreadsheet form – as it is reasonably presumed the form in which such records are kept in the ordinary course of business at a multi-billion dollar company(s) such as the Defendants. Defendants have not, in any of their letters, responded to Plaintiffs' Requests for electronic/digital files and electronic spreadsheet files; in a final telephone conference initiated by the Plaintiffs' counsel on April 5, 2006, Defendants' counsel indicated that he did not believe they were obligated to produce these materials (see Exhibit C, Plaintiffs' April 6 letter confirming this understanding). Contrary to Defendants' counsels' assertion, the scope of document requests and other discovery under Rule 34 is as broad as discovery available under Rule 26 and documents are defined to include all forms of

[2] Despite the fact the that Defendants themselves refer to "TEAM TALKIN' TOOL BENCH" AND "CHARLIE COAL THE GRILL" as "tools", they fail to produce any sales records for these items (*see, e.g.*, Exhibit D).
[3] Rule 26 (b)(1) of the Federal Rules of Civil Procedure provides that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

recorded information.[4] Digital/electronic records/files and spreadsheets are well recognized to be discoverable under The Federal Rules of Civil Procedure.[5]

Finally, Defendants provide no clear basis why documents identified by bates numbers HA00239, HA00240-241 and HA00243 are covered by client attorney privilege (see Exhibit E, Privilege Log of Hasbro, Inc.) – from the Defendants' Privilege Log there is no clear indication that such documents were created in confidence for the purposes of providing legal advice by an attorney of the Defendants. Plaintiffs respectfully request an *in camera* inspection of these documents.

Plaintiffs have attempted in good faith to resolve the within matter without the necessity of a motion and Court action. Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and Local Civil Rule 37(a) Plaintiffs herein respectfully request that Defendants be ordered to produce all documents including digital/electronic/spreadsheet files responsive to Plaintiffs' Requests identified in this Motion and to pay Plaintiffs for the reasonable expenses and attorneys' fees associated with bringing this motion.

---

[4] Under Rule 34(a) "documents" is broadly defined to include all forms of recorded information. Rule 34(a) and Plaintiffs' Requests are deliberately broad and flexible so to include all forms of technology and methods of data storage used by computers. *See, e.g.*, *In re Ford Motor Co.*, 345 F.3d 1315, 1316-17 (11th Cir. 2003); *Simon Property Group L.P. v. mySimon, Inc.*, 194 F.R.D. 639, 640 (S.D. Ind. 2000)(the court held computer records, including records that have been deleted on the computer, are documents discoverable under Rule 34).

[5] Over a decade ago, the Southern District of New York ruled against the present Defendants on exactly this issue - the court, in no uncertain terms, made clear Rule 34 entitles parties to electronic/digital files even if paper documents are also produced. *Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94 Civ. 2120, 1995 WL 649934 at *1-2 (S.D.N.Y. Nov. 3, 1995) (stating: "The law is clear that data in a computer form is discoverable even if paper 'hard copies' of the information have been produced. ... [T]oday it is ***black letter law*** that computerized data is discoverable if relevant.")(emphasis added); also *see, e.g.*, *Linnen v. A.H. Robbins Co.*, No. 972307, 1999 Mass Super. LEXIS 240, at *16 (Super. Ct. June 16, 1999). *180; see also See Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2218 at 451 (2d ed. 1994); also see Harvey L. Kaplan, 733 PLI/Lit 65, Practicing Law Institute: Electronic Discovery in the 21st Century: Is help on the Way (November-December 2005).

Plaintiffs have not filed a memorandum of law with this motion as this is an excepted motion under Local Civil Rule 7(a).

Date: May____, 2006

Plaintiffs,
By their attorneys,

MARK B. MORSE, Esq.
RI Bar Registration Number 3003
111 Wayland Avenue
Providence, RI 02906
(401) 831-0555 (telephone)
(401) 273-0937 (facsimile)

DARIUSH KEYHANI
Meredith & Keyhani, PLLC
5 Independence Way
Suite 300
Princeton, NJ 08540
(609) 945-7406 (telephone)
(609) 228-4031 (facsimile)
*(Appearing Pro Hac Vice)*
*Attorneys for the Plaintiffs*

**CERTIFICATE OF SEVICE**

I hereby certify that on this 4th day of May, 2006, I have served or caused to be served a true copy of the within document to be sent by regular mail with appropriate postage to the following counsel of record:

Todd D. White
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

Mark B. Morse