# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS,
Plaintiffs,

v. CA No.: 05-246S

HASBRO, INC. and HASBRO INTERNATIONAL, INC.
Defendants.

**DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR DOCUMENTS AND THINGS**

Pursuant to Rule34 of the Federal Rules of Civil Procedure, Defendants Hasbro, Inc. and Hasbro International, Inc. ("Defendants") hereby responds to Plaintiffs' First Request for Documents and Things (the "Requests") as set forth below.

**GENERAL OBJECTIONS**

1. Defendants object to the use of the term "pertaining to" on the ground that breadth of this term makes the Requests vague and ambiguous. Defendants construe "pertaining to" to mean describing, discussing or referring to.

2. Defendants object to the Requests to the extent that they call for any document or information that is privileged, that was prepared in anticipation of litigation or for trial, that otherwise constitutes work product, or that is otherwise immune from discovery. Inadvertent disclosure of any such document or information shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to a document or information, or other documents or information, and shall not waive the right of Defendants to object to the use of

any such document or information contained therein during this action or in any other proceeding.

3. Defendants object to the definitions and instructions set forth in the Requests to the extent they purport to impose obligations beyond those imposed by the Federal Rules of Civil Procedure.

4. Defendants object to the Requests to the extent they seek information equally available to the Plaintiffs as to Defendants.

5. Defendants incorporate each of the foregoing General Objections into its Objections and Responses to the individual Requests, below.

**SPECIFIC OBJECTIONS AND RESPONSES**

1. Please provide all documents concerning and/or pertaining to the "Talking Tools License Agreement."

**OBJECTION:** Defendants object to this Request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege or the work product doctrine.

**RESPONSE:** Subject to and without waiver of the foregoing objection, responsive documents will be made available for inspection and copying at a mutually agreeable time and location.

2. Please provide all documents concerning and/or pertaining to each and every characterized/personalized toy with voice and/or toys that talk and/or speak sold by Hasbro.

**OBJECTION:** Defendants object to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome and seeks information not relevant to any claim or defense of any party. Specifically, Hasbro has produced many talking toys that have

been, to a varying degree, "characterized" or "personalized." Many of those toys, however, have nothing whatsoever to do with the License Agreement at issue or any of the claims or defenses present in this litigation, as there is no relationship whatsoever between those toys and the Plaintiffs' alleged ideas and inventions. Additionally, responsive documents include proprietary information and concern toy development, marketing strategy, price points and financial arrangements with distributors, licensors and inventors. Defendants further object to this Request to the extent it seeks documents relating exclusively to damages, as such discovery exceeds the scope of discovery agreed upon by counsel at the pretrial conference held with the Court, at which the parties agreed to limit the initial phase of discovery to the issue of liability.

**RESPONSE:** Subject to and without waiver of the foregoing objection, responsive documents that relate to talking and characterized/personalized tools or equipment with which Defendants have been involved will be made available for inspection and copying at a mutually agreeable time and location. Defendants reserve the right to redact proprietary financial information or licensor/inventor information. Additionally, pursuant to and consistent with the discussions of counsel at the pre-discovery conference with the Court, Hasbro is also not obliged at this time to produce information that relates exclusively to damages.

3. Please identify each individual by name, job title, employer, and contact information that has personal knowledge about "Talking Tools License Agreement."

**OBJECTION:** Defendants are not obligated to create a document in response to Plaintiffs' documents requests.

**RESPONSE:** No responsive documents exist.

4. Please provide all documents concerning each and every

characterized/personalized tool toy with voice and/or toys that talk and/or speak sold by Hasbro.

**RESPONSE:** *See* Response to Request No. 2.

5. Please provide all documents supporting Hasbro's contention that it does *not* owe royalties on sales of all characterized voice, talking and/or speaking tool toys it has sold.

**OBJECTION:** Defendants object to this request to the extent that it seeks documents protected under the attorney work product doctrine. Defendants further object to this Request on the grounds that it is overbroad and unduly burdensome, as it purports to require Defendants to evaluate and determine whether any given document "supports" the contention that Defendants are not obliged to pay royalties on toys that are not within the scope of the subject License Agreement.

**RESPONSE:** Subject to and without waiver of the foregoing objection and relying expressly thereon, at this stage of discovery Defendants cannot know and have not uncovered all documents that may support its position in some manner. Nevertheless, and by way of further response, *see* documents produced in response to Requests Nos. 1 and 2. Defendants continue to review of potentially relevant documents and will supplement this response if and when further responsive documents are obtained.

6. Please provide all documents supporting Hasbro's contention that it does not owe royalties on its sales characterized tool toys with voice mowers, grills, sprinklers, lanterns, fishing poles, vacuums, and phones.

**OBJECTION:** Defendants object to this request on the grounds that it is vague and ambiguous, and not amenable to reasonable interpretation.

**RESPONSE:** Subject to and without waiver of the foregoing objection and relying expressly thereon, to the extent that this Request seeks documents that support

Defendants' position on some of the specific toys, *see* documents produced in response to Requests Nos. 1 and 2.

8. Please provide all documents sufficient to show all of Hasbro's sales by volume, revenues and profits on each and every talking and/or speaking characterized toy it has sold since January 2001.

**OBJECTION:** Defendants object to this request to the extent that it is overly broad, unduly burdensome and seeks information not relevant to any claim or defense of any party to this action. Defendants further object to this Request to the extent it seeks documents relating exclusively to damages, as such discovery exceeds the scope of discovery agreed upon by counsel at the pretrial conference held with the Court, at which the parties agreed to limited the initial phase of discovery to the issue of liability.

9. Please provide all documents sufficient to show all of Hasbro's sales by volume, revenues, and profits on each and every talking and/or speaking characterized tool toy it has every sold.

**OBJECTION:** Defendants object to this request to the extent that it is overly broad, unduly burdensome and seeks information not relevant to any claim or defense of any party to this action. Defendants further object to this Request to the extent it seeks documents relating exclusively to damages, as such discovery exceeds the scope of discovery agreed upon by counsel at the pretrial conference held with the Court, at which the parties agreed to limited the initial phase of discovery to the issue of liability.

10. Please provide all documents concerning and/or pertaining to the concept/idea "Talkin' Tools" introduced in the Talkin Tools License Agreement.

**OBJECTION:** Defendants object to this request on the grounds that it is overly broad, unduly burdensome, and vague and ambiguous.

**RESPONSE:** Subject to and without waiver of the foregoing objection, *see* documents produced in response to Request No. 1.

11. Please provide all documents concerning and/or pertaining to the evolution and Hasbro's introduction of each and every characterized/personalized tool toy with voice sold by Hasbro including the Yard Crew, Home Crew and Cool Crew product lines.

**OBJECTION:** Defendants object to this request to the extent that it is overly broad, unduly burdensome and seeks documents protected from disclosure by the attorney-client privilege and/or the work product doctrine.

**RESPONSE:** Subject to and without waiver of the foregoing objection, *see* documents produced in response to Request No. 2.

HASBRO, INC. and
HASBRO INTERNATIONAL, INC..,
By their Attorneys,

John A. Tarantino (# 2586)
Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: 10/17/05

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17 day of October 2005, I caused a true copy of the within document to be sent by regular mail, postage prepaid to the following counsel of record:

Mark B. Morse
111 Wayland Avenue
Providence, RI 02906

Dariush Keyhani (via facsimile)
5 Independence Way, Suite 300
Princeton, NJ 08540

*344086_1.doc*