# EXHIBIT E

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS,
Plaintiffs,

v. CA NO: 05-246S

HASBRO, INC. and HASBRO INTERNATIONAL, INC.
Defendants.

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Rule 26 and Rule 33 of the Federal Rules of Civil Procedure, Defendants Hasbro, Inc. and Hasbro International, Inc. ("Defendants") hereby responds to the Plaintiffs' First Set of Interrogatories (the "Interrogatories") as follows.

**GENERAL OBJECTIONS**

1. Defendants object to the Interrogatories, and the definitions and instructions contained therein, to the extent that they purport to expand upon Defendants' obligations under the Federal Rules of Civil Procedure.

2. Defendants object to the Interrogatories, and the definitions and instructions contained therein, to the extent they seek the disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine and any other applicable privilege or immunity.

3. Defendants object to the Interrogatories, and the definitions and instructions contained therein, to the extent that they are overly broad, unduly burdensome, and/or seek information not relevant to the claim or defense of any party to this action.

4. Defendants object to the Interrogatories, and the definitions and instructions

contained therein, to the extent that they request information that is as readily accessible to the Plaintiffs as it is to Defendants. Defendants have no obligation to undertake any investigation for the Plaintiffs.

5. Discovery in this case is ongoing. Defendants reserve the right to supplement their responses and objections should additional information become available. These general objections are incorporated into each of the specific answers to the Interrogatories.

## SPECIFIC OBJECTIONS AND RESPONSES

1. Please identify each and every characterized/personalized toy with a voice and/or toys that talk or speak ever introduced by Hasbro and state when each of these toys was first introduced into the market.

**OBJECTION:** Defendants object to this Interrogatory to the extent that it is overly broad and unduly burdensome. Defendants further object to this Interrogatory on the grounds that the description "characterized/personalized" is vague and ambiguous. Defendants further object to this Interrogatory on the grounds that it seeks information not relevant to any claim or defense of any party to this action.

**RESPONSE:** Defendants have introduced a vast number of characterized toys for years that talk before, during and after Plaintiff's submission to Hasbro. The use of characterization and talking in toys is not at all unique to the ideas presented to Hasbro by the Plaintiffs. Moreover, the use of characterization and talking in toys is common in the toy industry, and has been so since long before the presentation of the ideas at issue by the Plaintiffs to the Defendants. By way of example, this listing of the following products is a sampling of those types of toys. Defendants have marketed the following toys beginning in the corresponding years.

| | | |
|---|---|---|
| 1. | Furby | 1998 |
| 2. | Playalong Barney | 1999 |
| 3. | Talking Teletubbies | 1999 |
| 4. | Sing 'n Strum Barney | 2000 |

| | | |
|---|---|---|
| 5. | Twinkle 'n Dream Barney | 2000 |
| 6. | Remote Talking Mr. Potato Head | 2000 |
| 7. | Talking Bob the Builder | 2001 |
| 8. | Bob the Builder Electronic Talking Scoop | 2001 |
| 9. | Chuck My Talking Truck | 2001 |
| 10. | Talk 'n Pop Mr. Potato Head | 2001 |
| 11. | Talking Bob/Talking Wendy Asst. | 2002 |
| 12. | Bob the Builder Talking Asst. | 2002 |
| 13. | Lion King – My Singing Simba | 2003 |
| 14. | Finding Nemo Features Plush | 2003 |
| 15. | Electronic Battle Buzz Lightyear | 2003 |
| 16. | Shrek 2 Wisecracking Asst. | 2004 |
| 17. | Rubbadubbers Talking Tubb | 2004 |
| 18. | Big Brother Plush | 2004 |
| 19. | Furby (new version) | 2005 |

2. Please identify each and every tool toy with a voice and/or toys that talk or speak sold by Hasbro and state when each of these toys was first introduced into the market.

**OBJECTION:** Defendants object to this Interrogatory to the extent that it is overly broad and unduly burdensome and on the grounds that it seeks information not relevant to any claim or defense of any party to this action. Specifically, the Interrogatory seeks information about "toys that talk or speak," which includes a broad array of toys marketed by the Defendants having nothing whatsoever to do with the claims asserted by the Plaintiffs. To the extent such information is deemed relevant and therefore discoverable, *see* Response to Interrogatory No. 1.

**RESPONSE:** Defendants have marketed the following hand tool toys with a voice and hand tool toys that talk or speak:

| | | |
|---|---|---|
| 1. | Electronic Talking Tools Asst. (to be used with Dusty My Talking Tool Bench) | 2001 |
| 2. | Dusty My Talking Tool Bench | 2001 |
| 3. | Yard Crew Chainsaw | 2001 |
| 4. | Yard Crew Trimmer | 2001 |
| 5. | Talkin' Hand Tools Asst. (including Leafy the Talking Rake, Rocky the Shovel and Splashy the Talkin' Nozzle) | 2002 |

By way of further response, and subject to and without waiver of the foregoing general objections, documents containing the information responsive to this Interrogatory have been or will be produced and, and pursuant to *Rule 33(d) of the Federal Rules of Civil Procedure*,

additional information responsive to this Interrogatory with respect to those documents may be derived from the records as produced.

3. Please identify each individual by name, job title, employer, and contact information that has personal knowledge about "Talking Tools License Agreement."

**OBJECTION:** Defendants object to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Specifically, Hasbro employs hundreds of employees throughout a wide variety of departments and locations, many of whom may have some knowledge pertaining to the subject agreement or whose knowledge of the agreement is entirely privileged under the attorney-client and work-product doctrines.

**RESPONSE:** Defendants are aware of the following individuals having knowledge of the "Talkin' Tools License Agreement", some of which may be privileged: David Maurer, Kevin T. Grady, Esq., Russet Morrow, James Kipling, Esq. and Gary Carlin.

4. Please identify each and every meeting between Plaintiffs and Hasbro regarding the Talking Tools License Agreement, identify who was in attendance, and the subject matter discussed at these meetings.

**RESPONSE:** Defendants are aware of a meeting in October 2001 attended by at least Dave Maurer and Gary Carlin at Hasbro, in addition to one or more representatives of the Plaintiffs, at which the issue of what would be covered under the subject license agreement was discussed. It was mutually agreed that royalties would be paid on characterized talking pre-school hand tools and not characterized, talking larger tools, equipment or appliances. It was mutually agreed that Defendants would not pay royalties on Mike the Mower because it did not fit within the spirit and letter of the agreement, but that Chip the Chainsaw and Zip the Trimmer did loosely fit within the spirit, if not the letter, of the Agreement, and that Hasbro would therefore pay royalties on those tools as an accommodation to the requests of the Plaintiffs.

By way of further response, and subject to and without waiver of the foregoing general objections, documents containing information responsive to this Interrogatory have been or will be produced and, and pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, additional information responsive to this Interrogatory with respect to those documents may be derived from the records as produced.

5. Please list each and every reason why Hasbro believes that it is not required to pay Plaintiffs royalties on all characterized/personalized tool toys with voice sold by Hasbro.

**RESPONSE:** Hasbro relies on the specific language of the subject License Agreement. On page 1 of that Agreement it expressly identifies the "licensed property" as a sample which is disclosed as a tape measure and other versions of the item which could include a hammer, screwdriver and pliers. The Playskool design team in Rhode Island separately and independently developed the Yard Crew, Home Crew and Cool Crew lines. Inventor's Greenhouse did not create, inspire or contribute to the various aforementioned products, nor do those products fall within the scope of the Item as defined in the Inventor License Agreement at issue. However, as a concession in 2001, Hasbro agreed that it would pay royalties on "Chip the Chainsaw" and "Zip the Trimmer," at the same time reaffirming that no other tool toys marketed by Hasbro at that time fit into the subject license agreement. During the meeting in which that accord was made, Gary Carlin agreed that royalties would be paid on characterized talking preschool hand tools and not on characterized talking larger tools, equipment, or appliances. Mr. Carlin, on behalf of Inventor's Greenhouse, now appears to be repudiating that agreement in seeking royalties on toy equipment such as grills, mowers, and vacuums, which go beyond the letter and spirit of the subject License Agreement and which were never considered in the modification or accord.

6. Please list each and every document which supports Hasbro's contention that it does not owe royalties on all characterized/personalized tool toys with voice sold by Hasbro.

**OBJECTION:** Defendants object to this Interrogatory on the grounds that it is overbroad and unduly burdensome, in that the Interrogatory, read literally, calls upon Hasbro to identify every document having to do with the invention, development, and marketing of every "characterized/personalized tool toy[] with voice sold by Hasbro" that does not fall within the scope of the subject License Agreement. Defendants further object to this Interrogatory on the grounds that it is vague and ambiguous and not amenable to reasonable construction. Specifically, this Interrogatory seeks to impose on Defendants the obligation to identify documents that support a double-negative proposition: that items that are not within the description of licensed property in the subject License Agreement are not subject to the royalty provisions of that Agreement. Defendants further object to this Interrogatory to the extent it seeks documents that are protected from disclosure by the attorney-client privilege or the work product doctrine.

**RESPONSE:** All documents relating to Defendants' obligation to pay royalties to the Plaintiffs fundamentally support the Defendants' contention that their obligation to pay royalties is limited to the terms of the subject License Agreement itself. Therefore, by way of further response, and subject to and without waiver of the foregoing general objections, documents containing information responsive to this Interrogatory have been or will be produced and, and pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, additional information responsive to this Interrogatory with respect to those documents may be derived from the records as produced. Notwithstanding the fact that Defendants cannot reasonably identify each and every responsive document, among the documents that support Hasbro's contention that no royalties are owed to the Plaintiffs for all "characterized/personalized tool toy[] with voice sold by Hasbro" are the following: (1) the subject License Agreement; (2) the June 10, 2004 letter to Gary Carlin from David Maurer and Kevin T. Grady, Esq.; (3) meeting notes with legal counsel

dated May 14, 2004; and (4) the October 3, 2001 email from Nichole Cook to JoAnn Bryden indicating the inclusion of products known as "Chip the Chainsaw" and "Zip the Trimmer" into the Company's Licensing Database.

7. Please identify each and every expert retained by Hasbro by name and address and identify each expert's purported field of expertise, the substance of the opinions to which the expert will testify, as well as the information reviewed and the information upon which the expert relies in forming his/her opinion.

**OBJECTION:** Defendants object to this Interrogatory to the extent it seeks information regarding non-testifying experts retained in anticipation of litigation, as that information is not subject to discovery under the applicable Rules of Civil Procedure. *See* Fed. R. Civ. P. Rule 26(b)(3).

**RESPONSE:** Defendants have not yet determined who, if anyone, they intend to call as an expert witness in this matter. Defendants will, in accord with the applicable Rules of Civil Procedure and orders of the court, supplement this response at the appropriate time.

8. Please list each and every reason why Hasbro believes that it is not required to pay royalties on the mower, grill, sprinkler, lantern, fishing pole, vacuum, phone, and kitchen characterized talking or speaking tool toys.

**OBJECTION:** *See* Objections to Interrogatories Nos. 5 and 6.

**RESPONSE:** *See* Responses to Interrogatories Nos. 5 and 6.

9. Please list each and every reason why Hasbro pays royalties on its international sales of the mower, sprinkler, and lantern characterized talking tool toys, but does not pay royalties on its U.S. sales for these toys.

**OBJECTION:** Defendants object to this Interrogatory on the grounds that it presupposes a fact not in evidence, *viz.* that Hasbro pays royalties on its international sales of the identified toys. Contrary to the representation contained in this Interrogatory, Hasbro does not currently pay such royalties.

**RESPONSE:** The Royalties Department mistakenly paid royalties on International Sales of the lantern and mower. Since the inception of this lawsuit, Hasbro, Inc., has brought the fact that the toys, particularly those identified in this Interrogatory, do not fall within the scope of the subject License Agreement to the attention of the appropriate personnel in Hasbro's Royalty Department, and the Royalty Department no longer pays such royalty payments. To the extent had and received by the Plaintiffs, such royalty payments constitute unjust enrichment to the Plaintiffs and should by right be returned to Hasbro International, Inc. By way of further response, with respect to the reason that no royalties are due on such toys, *see* Responses to Interrogatories Nos. 5 and 6.

10. Please identify the total revenues derived by Hasbro from the sales of each and every characterized talking tool toy broken down by sales for each toy up until the last date such information is available.

**OBJECTION:** Defendant objects to this Interrogatory on the grounds that it exceeds the scope of discovery agreed upon by the parties, and represented to the Court as the intention of the parties, at the initial pretrial conference. At that conference, parties agreed that initial discovery could be undertaken to ascertain the nature and parameters of the Licensing Agreement. This Interrogatory seeks to provide information on the damages in this matter and therefore premature.

**RESPONSE:** Subject to and without waiver of the foregoing general objections, documents containing information responsive to this Interrogatory have been or will be produced and, and pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, additional information responsive to this Interrogatory with respect to those documents may be derived from the records as produced.

11. Please identify the names, job titles, employer, and contact information of individuals who were consulted in locating all the information requested in Interrogatories 1-10.

**OBJECTION:** Defendant objects to this Interrogatory on the grounds that it seeks information not relevant to the claim or defense of any party in this action, and seeks information protected from disclosure under the attorney-client privilege and work product doctrine.

**RESPONSE:** Subject to and without waiver of the foregoing general objections, the following Hasbro, Inc. personnel have been identified as having knowledge of the subjects identified in the foregoing Interrogatories: David Maurer, Kevin T. Grady, Esq., Russet Morrow, as well as Gary Carlin.

I, Christine A. Meehan, am employed by Hasbro, Inc. as a paralegal in Hasbro, Inc.'s corporate counsel's office. I have assembled the information required to answer these interrogatories. Although I do not have personal knowledge of all the information contained herein, I am executing these Answers on behalf of Hasbro, Inc. and Hasbro International, Inc. I affirm my good faith basis as to the accuracy of the information so provided.

For the Plaintiffs, Hasbro, Inc. and
Hasbro International, Inc.

Christine A. Meehan

As to Objections for the Defendants
By its Attorneys,

John A. Tarantino (# 2586)
Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.,
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

I, Christine A. Meehan, am employed by Hasbro, Inc. as a paralegal in Hasbro, Inc.'s corporate counsel's office. I have assembled the information required to answer these interrogatories. Although I do not have personal knowledge of all the information contained herein, I am executing these Answers on behalf of Hasbro, Inc. and Hasbro International, Inc. I affirm my good faith basis as to the accuracy of the information so provided.

For the Plaintiffs, Hasbro, Inc. and
Hasbro International, Inc.

______________________
Christine A. Meehan

As to Objections for the Defendants
By its Attorneys,

John A. Tarantino (# 2586)
Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

Dated: 10/17/05

## CERTIFICATE OF SERVICE

I hereby certify that on this 17 day of October 2005, I caused a true copy of the within document to be sent by regular mail, postage prepaid to the following counsel of record:

Mark B. Morse
111 Wayland Avenue
Providence, RI 02906

Dariush Keyhani (via facsimile)
5 Independence Way, Suite 300
Princeton, NJ 08540

[signature]

358225_1.doc