**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS, Plaintiffs, | : | |
| v. | : | CA No.: 05-246-S |
| HASBRO, INC. and HASBRO INTERNATIONAL, INC. Defendants. | : | |

**DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION FOR ORDER COMPELLING PRODUCTION OF DOCUMENTS AND THINGS**

Now come the Defendants, Hasbro, Inc. and Hasbro International, Inc. ("Hasbro") and hereby object to Plaintiffs' Motion for Order Compelling Production of Documents and Things. Plaintiffs originally filed this motion, entitled Plaintiffs' Motion for Order Compelling Discovery, on or about April 13, 2006. Defendants filed "Defendants' Objection to Plaintiffs' Motion for Order Compelling Discovery" on April 17, 2006. On or about April 24, 2006, Plaintiffs' Motion was denied without prejudice for failure to comply with Local Rule 37. Now Plaintiffs' have essentially re-filed their motion setting forth the relevant Requests and the reasons why Plaintiffs believe they are entitled to a further response and/or documents.

For the ease of the Court, Hasbro sets forth below the specific Request at issue, Hasbro's Response to that Request and the reason why the Response was appropriate.

*1. Please provide all documents concerning and/or pertaining to the "Talking Tools License Agreement."*

***OBJECTION:*** *Defendants object to this Request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege or the work product doctrine.*

***RESPONSE:*** *Subject to and without waiver of the foregoing objection, responsive documents will be made available for inspection and copying at a mutually agreeable time and location.*

**WHY THIS RESPONSE IS APPROPRIATE**

In responding to this request, Hasbro provided to Plaintiffs' counsel a wide variety of documents pertaining to the subject License Agreement. These documents included but were not limited to documents establishing the development of various toys, the License Agreement, letters to and from Mr. Carlin, sales summaries, sales records, as well as royalty compilations and records. Hasbro provided four thousand documents for Plaintiffs' counsel's review, excluding the records which are presently in dispute.

For the last several months, Hasbro also has made available to Plaintiffs' counsel thousands more original records for review or copying. Hasbro has invited Plaintiffs' counsel to review the documents or, in the alternative, pay for copying and Hasbro will ship the documents to him. Plaintiffs' counsel has steadfastly refused these overtures. (See Exhibit A.)[1]

In response to Plaintiffs' counsel's initial document request Hasbro provided summaries of the sales of the disputed tool toys. In response to receipt of those summaries, Plaintiffs'

[1] For ease of reference, Defendants have attached the relevant correspondence (commencing January 13, 2006) from Plaintiffs' counsel, *as well as* the corresponding reply from Defendants counsel, in chronological order. It is worth noting that some communications were telephonic.

counsel requested that he be provided all the back-up documentation, including actual invoices for all of these transactions. In a correspondence date February 22, 2006 (see Exhibit A), Hasbro's counsel explained that producing the underlying invoices "would be enormously burdensome and expensive to duplicate" as well as being "redundant and cumulative." Notwithstanding this forewarning, Plaintiffs' counsel insisted that all sales documents be produced. Therefore, at Plaintiffs' counsel's request, Hasbro has located all the relevant documents. These documents have amounted to seven bankers boxes of information.

After Hasbro's counsel received the same, Plaintiffs' counsel was contacted and told that the documents were available. In order to make these documents available Hasbro spent over two hundred hours and several thousand dollars in manpower to review accounting systems to compile the relevant documents. After assembling these documents, Plaintiffs' counsel was informed that the documents could be reviewed at Hasbro's counsel's office. In fact, because of the volume of documents, Hasbro's counsel suggested that Plaintiffs' lead (out-of-state) counsel may want to have their local counsel initially look at these documents as a cost savings measure. (See Exhibit A, March 14, 2006 letter from Todd White to Dariush Keyhani). Plaintiffs' counsel was also informed that if counsel paid for copying and shipping, these documents could be sent to his office.

Plaintiffs' counsel refused to accept Hasbro's counsel's invitation. Instead, after Hasbro went to the time and expense of obtaining all the requested sales records, Plaintiffs' counsel for the first time asserted that the documents in question had to be provided in digital or electronic file form. Despite the fact that Plaintiffs' counsel did not make an initial request for documents in this format, now after all the documents have been located, organized and shipped, Plaintiffs'

counsel believes that he can choose the format in which documents will be produced, as opposed to the means by which the documents were maintained by Hasbro.

Consistent with this perception, at varying times and in conjunction with this request, Plaintiffs' counsel has also insisted on being allowed to conduct an inspection of Hasbro's premises. (See March 26, 2006 and March 31, 2006 letters attached as Exhibit A.) However, Plaintiffs' counsel does not appear to be relying on that alternative in this Motion. In any event, neither position has any merit.

Plaintiffs' objective always seems to be moving. Initially, Plaintiffs' counsel's goal was to obtain all the supporting data for the sales summary figures they received. After that was made available, Plaintiffs' counsel seemed to suggest that the sales records and invoices must have been transmitted in an electronic format to which he was is entitled. Now, in explaining why Plaintiffs are entitled to electronic files, Plaintiffs' counsel articulates e-mails between Hasbro personnel as the example of the specific category of documents he is seeking.

Nowhere in Plaintiffs' Request Number 1 did it ask for "e-mails." In fact, nowhere in Plaintiffs' initial Request Number 1 did it even ask for "communications." Plaintiffs' Request No. 1 sought "documents concerning and/or pertaining to the 'Talking Tools License Agreements.'" Putting aside the seven bankers boxes of documents that Plaintiffs' counsel refuses to examine, Hasbro has produced over four thousand pages of documents that Plaintiffs' counsel has received.

Based upon Plaintiffs' expanding logic, there is no longer any need to articulate specific documents request. Plaintiffs can simply make a single document request for "every document pertaining to the subject dispute" and be done with it. This is neither logical nor practical

because it improperly places the burden on the responding side to divine what is meant by the request.

Hasbro's counsel still has boxes of documents Plaintiffs' counsel has requested – waiting to be reviewed. After review of these documents, Plaintiffs' counsel may seek some further documents. Plaintiffs' counsel should, however, be required to articulate a specific request for said documents and, as a practical matter, should review the documents he requested that Hasbro make available.

*8. Please provide all documents sufficient to show all of Hasbro's sales by volume, revenues and profits on each and every talking and/or speaking characterized toy it has sold since January 2001.*

***OBJECTION:*** *Defendants object to this request to the extent that it is overly broad, unduly burdensome and seeks information not relevant to any claim or defense of any party to this action. Defendants further object to this Request to the extent it seeks documents relating exclusively to damages, as such discovery exceeds the scope of discovery agreed upon by counsel at the pretrial conference held with the Court, at which the parties agreed to limited the initial phase of discovery to the issue of liability.*

*9. Please provide all documents sufficient to show all of Hasbro's sales by volume, revenues, and profits on each and every talking and/or speaking characterized tool toy it has every sold.*

***OBJECTION:*** *Defendants object to this request to the extent that it is overly broad, unduly burdensome and seeks information not relevant to any claim or defense of any party to this action. Defendants further object to this Request to the extent it seeks documents relating exclusively to damages, as such discovery exceeds the scope of discovery*

*agreed upon by counsel at the pretrial conference held with the Court, at which the parties agreed to limited the initial phase of discovery to the issue of liability.*

**WHY THIS RESPONSE IS APPROPRIATE**

Plaintiffs' counsel includes this in his Motion despite the fact that he knows these are specifically the documents Hasbro undertook time and manpower to copy and produce for him. Plaintiffs' counsel wants this court to believe that Hasbro has not responded to this request when he knows that simply is not true. As articulated above, and as indicated in the correspondence attached as Exhibit A (as well as in telephone calls), Hasbro has had available for Plaintiffs' counsel's review thousands of documents.

Simply put, Plaintiffs are not entitled to receive "documents" in the format they choose, as opposed to the means in which the documents were maintained by Hasbro. Plaintiffs are also only entitled to the documents that they have expressly requested – not documents they failed to request. Defendant respectfully requests Plaintiffs' Motion to Compel Production of Documents be denied.

Defendants respectfully request a hearing on this matter.

Respectfully submitted,
Hasbro, Inc. and Hasbro International, Inc.,
By its Attorneys,

Todd D. White

John A. Tarantino (# 2586)
Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: May 10, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10 day of May 2006, I caused a true copy of the within document to be sent by regular mail, postage prepaid to the following counsel of record:

Mark B. Morse, Esq.
111 Wayland Avenue
Providence, RI 02906

Via facsimile to:

Dariush Keyhani, Esq.
5 Independence Way, Suite 300
Princeton, NJ 08540

Judd D. White

*380735_1.doc*