**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

INVENTOR'S GREENHOUSE, MICRO )
PROS TECHNOLOGY SOLUTIONS, and )
R.H. BAER CONSULTANTS, )
Plaintiffs, )
v. ) CA NO: 05-246S
)
HASBRO, INC. and HASBRO )
INTERNATIONAL, INC. )
Defendants. )

**PLAINTIFFS' REPLY TO DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION FOR ORDER COMPELLING PRODUCTION OF DOCUMENTS AND THINGS**

In Plaintiffs' Requests for Documents and Things (Plaintiffs' Requests) served on August 31, 2005, Plaintiffs specifically defined "documents" conspicuously with bolded/underlined/quotations marks and later in the requests with even a footnote drawing the Defendants' attention to the broad definition described:

> The term "**documents**" shall be construed to include all documents and tangible things subject to discovery as provided in Rule 34 of the Federal Rules of Civil Procedure. By way of illustration and without limitation, documents include at least the following: originals, drafts and all non-identical copies of memoranda, reports, notes, graphs, laboratory notebooks, correspondence, inter-office communications, inter-company communications, letters, diaries, calendars, photographs, motion pictures, sketches, drawings, promotional material, technical papers, printed publications, patents, and all other writings, as well as *all non-paper information storage means such as e-mails, sound reproductions, computer inputs and outputs, tape, film and computer memory devices* (emphasis added)(Plaintiffs' Requests, Exhibit A of Plaintiffs' Motion to Compel).

Plaintiffs at no time requested "summaries" of documents. In fact, Plaintiffs repeatedly requested that Defendants produce the original/primary documents to give Plaintiffs the opportunity to review the universe of products/toys that may be covered by the License Agreement at issue and their corresponding sale records – the opportunity to view the entire universe of toys is necessary because there is a dispute as to what items are covered under the Agreement. A "summary" put together by the Defendants does include the universe of products that Plaintiffs believe come under the agreement and under the Rules of discovery are entitled to have access to.

In Defendants' Objection to Plaintiffs' Motion for Order Compelling Production of Documents and Things ("Defendants' Objection"), Defendants assert that "Plaintiffs' objective always seems to be moving," and imply that the Plaintiffs' "expanding logic" increases the scope of discovery to new or inappropriate things or items. The basis for this contention by the Defendants is their claim that <u>after</u> they complied with Plaintiffs' requests for sales records, Plaintiffs' asked for the documents in question to be provided in digital or electronic form. (Defendants' Objection at 3). The Defendants also claim, that "nowhere in the Plaintiffs' initial request Number 1 did it even ask for "emails" or "communications" (Defendants' Objection at 4.)

These contentions are factually incorrect. With respect to emails and other communications not being requested, please note these requests were in fact explicitly made in the Plaintiffs' Requests. Documents are defined in the Definitions/Instruction section of the Plaintiffs' Requests. The definition clearly states that the term "documents includes: "inter-office communications," "inter-company communications," and all "non-paper information storage means such as e-mails, sound reproductions, computer inputs and outputs, tape, film and

computer memory devices." Communications are further defined in their own heading in the definitions section to include the "transmittal of information (in the form of facts, ideas, enquiries or otherwise" (see Definitions 7 and 9 in Plaintiffs' Requests).

Thus, the Defendants' assertion regarding Plaintiffs' requests for electronic documents or "communications" being somehow new or after-made, is demonstrably not true, and the argument is without merit. These same facts also dispose of the assertion that Plaintiffs are expanding the scope of the discovery. Plaintiffs are not broadening discovery nor asking for anything new as the objected to request for electronic information, including emails and communications, were made in the Plaintiffs' Requests originally served.

In their Defendants' Objection, Defendants' counsel asserts that the materials in the Plaintiffs' Requests were provided to the Plaintiffs in the format "by which the documents were maintained by Hasbro." (Objection at 4.) This suggests that some of the documents requested may not exist in any digital or electronic form and would have to be created for the purposes of this discovery. This assertion by Defendants' counsel is categorically false. Mr. Jose Fernandes, an accountant and "manager of royalty expense", testified under oath and at his deposition yesterday (May 24, 2006) that all the sales files at Hasbro are kept in digital/electronic files and not paper form:

Q: "Are any of the original information you receive to put together your royalty reports brought to you in paper form?"

A: "The sales files themselves?"

Q: "Yes"

A: "No"

Q: "All of them are digital, electronic?"

A: "Yes".

(Joe Fernandes deposition transcript, Page 25 lines 12-19, attached hereto as Exhibit A).

**Defendants' Objection to Plaintiffs' Request for Documents Numbers 8 and 9.**

Plaintiffs' requests, far from being overbroad, are quite specific. The information requested is for specific categories of documents, for specific types of records for those categories, and with respect to Item 8, cover a limited time period. The requested documents pertain to the subject matter at issue only, and are sales-tracking and other business records. One would expect any properly managed multi-billion dollar business to keep such records to determine which products to continue to manufacture and bring to market.

The Plaintiffs' Requests in this area are directed at eliciting facts relevant and dispositive of the issues of liability and damages in this case. This goal comports with Rule 26 (b)(1) of the Federal Rules of Civil Procedure which provides that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

Further, Defendants' "sales summaries" are grossly inaccurate, incomplete and a sham on their face as they : 1) do not include SKU number for the most obvious toys in dispute and ones for which Plaintiffs have specifically identified and requested sales figure for, *e.g.*, "TEAM TALKIN' TOOL BENCH" and "CHARLIE COAL THE GRILL"; 2) Even more troublesome, Plaintiffs' independent research has revealed, for example, that they "disclose" only sales for SKU 06201, the SKU for MIKE THE MOWER when it is sold by itself, but fail to disclose or even identify other SKUs under which the toy is sold (see Exhibit B); for example, there is a different SKU (08723) for MIKE THE MOWER when it is sold with CHIP THE CHAINSAW; by way of another example, the SKU 08764 and its corresponding sale numbers for DUSTY

THE TALKN' VACUUM when it is sold together with GAB THE TALKING TELEPHONE as a bonus item have yet to be disclosed. Defendants then compile boxes of invoices that support the sales figures for the items they have chosen and, of course, not the ones omitted/concealed.[1]

This case is about Defendants' lack of trust, fair dealing and breach of fiduciary duties among other things. If Plaintiffs' trusted Defendants' conception of the disputed License Agreement and Defendants' fair and honest reporting of sales records and identification of toys under the Agreement etc., there would be no need for discovery or litigation.

Discovery contemplated under the Federal Rules of Civil procedure is about providing the mechanism to discover the truth by discovery of all facts underlying the claims – not just the facts that one party wishes to present. Plaintiffs are entitled to the full universe of original documents and things including sale records kept in all forms (including digital) as they are kept in the ordinary course of business pertaining to toys that talk and particularly those in any broad sense may be deemed "tools" sold since entering into the License Agreement – discovery is to be conceived of as broad as Plaintiffs' conception of what falls within scope of the disputed License Agreement as well as any documents and things that may reasonably lead to documents and things relevant to the disputed License Agreement.

Rule 34 of the Federal Rules of Civil is a very broad mechanism to discover information and includes all the forms in which information is kept and least in the forms listed in the definition of "documents" as set forth in the Definitions/Instruction section of Plaintiffs' First Requests for Documents and Things served on Defendants on August 31, 2005. Plaintiffs' don't know exactly what is in Defendants' possession and thus must make their requests sufficiently broad to assure that all information in Defendants' possession dispositive of the claims is uncovered.

---

[1] Plaintiffs have since visited Defendants' counsels' offices and reviewed the documents held at their offices.

Plaintiffs respectfully requests that their Motion to Compel Production of Documents be granted.

Plaintiffs respectfully request a hearing on this matter.

Date: May 26, 2006
Respectfully submitted,
Plaintiffs,
By their attorneys,

MARK B. MORSE, Esq.
RI Bar Registration Number 3003
111 Wayland Avenue
Providence, RI 02906
(401) 831-0555 (telephone)
(401) 273-0937 (facsimile)

DARIUSH KEYHANI
Meredith & Keyhani, PLLC
5 Independence Way
Suite 300
Princeton, NJ 08540
(609) 945-7406 (telephone)
(609) 228-4031 (facsimile)
*(Appearing Pro Hac Vice)*
*Attorneys for the Plaintiffs*

## CERTIFICATE OF SEVICE

I hereby certify that on this 26 day of May, 2006, I have served or caused to be served a true copy of the within document to be sent by regular mail with appropriate postage to the following counsel of record:

Todd D. White
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

Mark B. Morse, Esq.