UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS, Plaintiffs, | : | |
| v. | : | CA NO: 05-246 S |
| HASBRO, INC. and HASBRO INTERNATIONAL, INC. Defendants. | : | |

**OBJECTION OF THE DEFENDANTS, HASBRO, INC. AND HASBRO INTERNATIONAL, INC., TO PLAINTIFFS' MOTION TO EXTEND DISCOVERY TIME PERIOD**

Defendant, Hasbro, Inc. and Hasbro International, Inc. (collectively "Hasbro") object to the motion of the Plaintiffs to extend discovery time period. Plaintiffs reasons in support of their request for an extension of discovery time period are neither supported by the record nor sufficient to warrant an extension of time.

For reasons in support of Hasbro's Objection, Defendants refer this Court to its accompanying Memorandum of Law.

For the Defendants,
HASBRO, INC. and HASBRO
INTERNATIONAL, INC.
By their Attorneys,

Todd D. White

John A. Tarantino (# 2586)
Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

CERTIFICATE OF SERVICE

I hereby certify that on this 1 day of June 2006, I caused a true copy of the within Objection of the Defendant, Hasbro, Inc., to Plaintiff's Motion To Extend Discovery Time Period to be sent by regular mail, postage prepaid to the following counsel of record:

Mark B. Morse, Esq.
The Law Offices of Mark B. Morse
111 Wayland Avenue
Providence, RI 02906

Dariush Keyhanni, Esq. (Via Facsimile)
Meredith & Keyhanni, PLLC
330 Madison Avenue, 6th Floor
New York, NY 10017

Todd D. White

*382092_1.doc*

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS, Plaintiffs, | : | |
| v. | : | CA NO: 05-246 S |
| HASBRO, INC. and HASBRO INTERNATIONAL, INC. Defendants. | : | |

**MEMORANDUM OF THE DEFENDANTS, HASBRO, INC. AND HASBRO INTERNATIONAL, INC., IN SUPPORT OF THEIR OBJECTION TO PLAINTIFFS' MOTION TO EXTEND DISCOVERY TIME PERIOD**

In their Motion, Plaintiffs allege an extension of discovery time period is necessary because: (1) two settlement conferences before Judge Lovegreen prevented parties from engaging in substantive discovery; and (2) that "Defendants have failed to be forthcoming and produce documents and things responsive to Plaintiffs' Requests and disputes have arisen between the parties regarding these failures." Neither of these purported reasons is supported by the record nor are they sufficient to allow any extension of time.

**A. Settlement Conferences Do Not Provide a Basis for Extending the Discovery Time Period.**

Plaintiffs allege that two settlement conferences with Judge Lovegreen have resulted in "the parties limited scope of the first stage of discovery. . . ." Plaintiff may make that representation on its own behalf, but it cannot make it for Hasbro. Hasbro has taken the discovery that it requires and will have the depositions it requires completed by the June 3, 2006 discovery deadline.

Plaintiffs have been provided six months (December to June 3, 2006) to undertake the "damages" discovery it seeks. Between December and May 22, 2006, Plaintiffs did not take a single deposition in this case. Plaintiffs have squandered that time. The initial settlement

conferences have nothing to do with Plaintiffs' request for additional time.

Plaintiff initially noticed the deposition of two of Hasbro's employees, Joe Fernandes and Dave Maurer, for April 6, 2006 and April 7, 2006, respectively. Hasbro's counsel met with and prepared both individuals for their testimony. However, Plaintiffs' counsel cancelled these depositions shortly beforehand claiming that he had not received the requisite discovery information in order to go forward with the depositions. The Plaintiffs' reasons for canceling these depositions as well as their further rationalization for an extension of time both wring hollow.

**B. The Discovery Dispute Alleged to Be a Reason For Extending the Time Period Is a Problem of Plaintiffs' Own Creation.**

Plaintiff made a document request for the summaries of all the sales records of certain toy products of Hasbro. Hasbro provided those summaries. Plaintiffs followed up with a document request for all of the underlying documents establishing those summaries. Hasbro contacted Plaintiffs' counsel to explain that those documents (largely invoices and/or purchase orders) would be voluminous and to ensure that Plaintiffs' counsel actually wanted the production of said records. Plaintiffs' counsel insisted that he did.

Therefore, at the request of Plaintiffs' counsel, in February of 2006, Hasbro compiled all of the invoices and purchase orders that represent a wide variety of toys for which the Plaintiffs are alleging they may have an interest in royalty payments. The documents, as has been articulated in another motion, encompass approximately seven (7) banker's boxes. The documents have been in Hasbro's counsel's office for three months. Despite invitations (or even more accurately "imploring") by Hasbro's counsel for Plaintiffs to review these documents, Plaintiffs' counsel steadfastly refused to do so.[1] Plaintiffs' rationale for this position is that Hasbro should be required to provide them with a computer file of this information. (See the

[1] On May 24, 2006, after having taken the deposition of Dave Maurer and Joe Fernandes, Plaintiffs' counsel for the first time requested and reviewed the documents in question.

correspondence which has been attached to Plaintiffs' Motion.)

The documents produced are not within a single computer program. The information which was extracted and produced was done so at Plaintiffs' insistence. The information which was produced was also done so through significant expense and effort by Hasbro personnel.

Nevertheless, after sitting on their hands for several months, Plaintiffs now claim that this discovery dispute is a reason for extending the discovery deadline in this case. There is absolutely no merit to this argument.

**C. <u>Hasbro Has Calculated the Discovery Schedule and Prepared in Accordance With this Deadline.</u>**

Hasbro's counsel has noticed the three depositions it believes will be needed in defending this matter. Hasbro intentionally noticed these depositions toward the close of discovery for tactical reasons. Hasbro waited while Plaintiffs' counsel simply did nothing substantive relative to discovery between December of 2005 and May of 2006. Plaintiffs cannot be rewarded for their inactivity at this time.

The case before this Court is relatively straight forward matter. The issue is whether Plaintiffs have a contractual right to royalties under an inventor's license agreement for toys that were not specified in the agreement. It is a case that Plaintiffs decided to file in Federal Court knowing the Federal Court's propensity to efficiently undergo discovery and proceed to trial. Plaintiffs' counsel now cannot be heard to complain of their inability to prosecute a case when Plaintiffs' own inactivity is the reason for the squandered opportunity. Hasbro is willing and prepared to complete discovery at the stipulated time period and prepared to try this matter on the present schedule.

WHEREFORE, Defendant Hasbro respectfully request the Plaintiffs' Motion to Extend the Discovery Time Period. In the alternative, if the Court is inclined to give any extension of time, Defendants would respectfully request that a one (1) month extension of time is more than

adequate to complete any discovery that Plaintiffs have failed to undertake regardless of their own inactivity.

For the Defendants,
HASBRO, INC. and HASBRO
INTERNATIONAL, INC.
By their Attorneys,

Todd D. White

John A. Tarantino (# 2586)
Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

CERTIFICATE OF SERVICE

I hereby certify that on this 1 day of June 2006, I caused a true copy of the within Memorandum in Support of the Defendants, Hasbro, Inc., and Hasbro International, Inc, to Plaintiff's Motion To Extend Discovery Time Period to be sent by regular mail, postage prepaid to the following counsel of record:

Mark B. Morse, Esq.
The Law Offices of Mark B. Morse
111 Wayland Avenue
Providence, RI 02906

Dariush Keyhanni, Esq. (Via Facsimile)
Meredith & Keyhanni, PLLC
330 Madison Avenue, 6th Floor
New York, NY 10017

Todd D. White

382699_1.doc