UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS,
Plaintiffs,
v. : CA 05-246 S
HASBRO, INC., and HASBRO INTERNATIONAL, INC.,
Defendants.

**ORDER**
**GRANTING IN PART**
**PLAINTIFFS' MOTION TO COMPEL PRODUCTION**

On June 12, 2006, the Court conducted a hearing on Plaintiffs' Motion for Order Compelling Production of Documents and Things (Document ("Doc.") #25) ("Motion to Compel" or "Motion"). Defendants had filed an objection to the Motion. See Defendants' Objection to Plaintiffs' Motion for Order Compelling Production of Documents and Things (Doc. #26). After reviewing the memoranda and listening to the arguments of counsel, the Court makes the following order:

1. By June 15, 2006, Plaintiffs shall identify for Defendants in writing:

a) the products as to which Plaintiffs contend they have not received the requested sales information; and

b) the products as to which Plaintiffs contend they have not received "SKU" identification codes (or all the "SKU" identification codes under which a product may be sold).[1]

---

[1] The Court used the following example at the June 12, 2006, hearing. If "Hank the Hammer" has a particular "SKU" when it is sold by itself but a different "SKU" when it is sold with another product (e.g., when "Hank the Hammer" is packaged and sold with "Val the Vise"), Defendants shall provide the "SKU" which applies in both instances. If Defendants are unable to provide this information,

2. By July 13, 2006, Defendants shall provide Plaintiffs with:

a) the requested sales information regarding the products identified by Plaintiffs.[2] The information shall be provided in electronic format (e.g., disk, CD-Rom, or equivalent).[3] The electronic format shall be accompanied by a written explanation of what is contained on the disk or CD-Rom, how it is organized, and how information may be located.

b) the requested "SKU"s for the products identified by Plaintiffs. This information shall be provided in written as well as in electronic form.

3. To the extent that the Motion seeks permission for Plaintiffs to enter upon Defendants' premises and observe and/or participate in the extraction of the requested information from Defendants' computer system, the Motion is denied without prejudice.

4. To the extent that the Motion seeks an in camera review of Bates numbered documents HA00239, HA00240-241, and HA00243, the Motion is granted. The Court has conducted the requested review and finds that the documents are not relevant to the instant action. Accordingly, they need not be produced to Plaintiffs.

---

Defendants shall provide an affidavit from a knowledgeable officer explaining why such information cannot be provided.

[2] As to information which is responsive to Request No. 9 of Plaintiffs' First Request for Documents and Things, Defendants shall provide information for all sales occurring on or after January 1, 1998.

[3] In order that there be a complete response to Plaintiffs' request for production in a single format, the response which is provided in electronic format shall also include the information which presently exists in paper form in the seven banker's boxes located in the office of Defendants' counsel, Attorney Todd White.

5. In all other respects, including Plaintiffs' request for expenses and attorneys' fees and Plaintiffs' oral request for sanctions, the Motion is denied.

So ordered.

ENTER:

DAVID L. MARTIN
United States Magistrate Judge
June 13, 2006

BY ORDER:

Deputy Clerk