**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS, Plaintiffs, -against- HASBRO, INC. and HASBRO INTERNATIONAL, INC. Defendants. | ) | CA NO: 05-246S |

**<u>PLAINTIFFS' OPPOSITION MOTION TO DEFENDANTS' MOTION FOR CLARIFICATION AND/OR RULING ON COURT ORDER</u>**

## I. BACKGROUND

On June 12, 2006, the Court conducted a Hearing on Plaintiffs' Motion for Order Compelling Production of Documents and Defendants' objection to the Motion.

Defendants in the "Brief Background" of their Motion for Clarification and/or Ruling on Court Order ("Defendants' Motion", last paragraph page 1- page 2) inaccurately describe events that took place at the Hearing on June 12, 2006 before this Court – Plaintiffs imagine that the transcript of the hearing would confirm this. During Oral Arguments, Defendants' counsel Todd White stood up and, in response to the Court's request for a list of toys that sales information were to be provided for, offered the Court and Plaintiffs' counsel a sheet of paper (Defendants' Motion Exhibit A) that included a list of toys typed in multiple colors with dates along side each toy/lists of toys (presumably prepared prior to the hearing). Plaintiffs' counsel respectfully requested

some time to review the list as it was the first time such a list was provided by the Defendants – for months, Plaintiffs had requested sales information for many of the toys that had then surprisingly appeared on the list, while Defendants had previously refused to admit such toys/sales were even in dispute and subject to discovery in the case. After reviewing the list briefly, Plaintiffs' counsel respectfully submitted to the Court that the list appeared to be a good start, but Plaintiffs at the time would not be able to determine if the list was exhaustive and complete.

After reviewing the memoranda and listening to the arguments of counsel, the Court entered the Order that by June 15, 2006 Plaintiffs were to identify toys that they had requested sales information for and had not received and Defendants were to produce the sales information for toys Plaintiffs identified by July 13, 2006.[1] On June 15, 2006 Plaintiffs sent Defendants a list of 34 items (Defendants' Motion Exhibit C) including the items Defendants had provided on their list at the hearing and are now disputing.

## II. ARGUMENT

The scope of discovery under the Federal Rules of Procedure is very broad and includes any information that is "reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1).

Defendants' allegations/arguments that Plaintiffs' requests for sales information for toys listed in their June 15, 2006 letter including Tonka Talkin Haulers, Tucker My Talkin Truckbot, and Talkin' Truck (variations) is a form of "retribution" is absurd as is their argument that it will cost a massive amount of additional time/labor ("well exceed

[1] Plaintiffs have just received disks with files which appear to be sales information and are in the process of review these files.

several thousand dollars", first paragraph, page 3 of Defendants' Motion) to produce the sales information for the three items over and above the time/labor to produce the information for the other thirty-one items; the characterized talking toy trucks listed are clearly relevant as they are reasonably calculated to lead to the discovery of relevant/admissible information – including information about the evolution and sales of talking characterized toys/toy tools that are at issue in this case, reasonable sales and forecasts for such toys and there still remains a dispute as to whether any/or all of these particular toy trucks fall within scope of Plaintiffs' idea submission and the Inventor's License Agreement.

Some of Defendants' toy trucks may have predated the contract at issue in this case, but it is not clear which specific toys and particularly which characterized talking toy trucks predated Plaintiffs' idea submissions and if and/or to what extent the toys evolved/were modified on account of and/or inspired by Plaintiffs' idea submission.[2]

The documents that Defendants' counsel first submitted to Defendants on June 21, 2006 (Defendants' Motion Exhibit D) have not been authenticated and/or subject to cross examination of witnesses familiar with them and by themselves do not establish when and/or by whom Tonka Talkin Haulers, Tucker my Talkin Truckbot, and Talkin' Truck (variations) were first conceived/created; nor are the excerpts of Mr. Carlin's

---

[2] It is curious to note that on the sheet of paper with the list toys offered by Defendants' counsel during the Hearing, talking toy trucks ("Chuck my Talkin' Truck (variations)" and "Tucker my Talkin Truckbot") were listed along side what appears to be the year 2000 and 2001 and "Tonka Talkin Haulers" was listed with characterized talking toys like Dusty My Talkin Toolbench, Stu-Screw Drive and others that Defendants are not objecting to producing sales information for.

deposition provided (Defendants' Motion Exhibit H) dispositive of these issues[3] - to the contrary, the depositional testimony of understanding(s)/recollection(s) of Robert Pelovitz of Pros Technology Solutions (the other Plaintiff in this case), offered during Defendants' deposition of him, make clear that characterized talking toy trucks could fall within the scope of Plaintiffs' idea submission.

In its June 13, 2006 Order (Defendants' Motion Exhibit B), the Court limited discovery of sales information to "on or after January, 1998" (footnote 2 of the Order) which is very reasonable given the circumstances– all the toys Plaintiffs requested in their June 15, 2006 letter are characterized talking toys sold by Defendants on or after January 1998 and although there remains some dispute over which ones are toy tools and/or fall within the scope of Plaintiffs' idea submission, they are all clearly "relevant" for the purpose of discovery under Rule 26(b).

It is incredible that Defendants now argue that information about the characterized talking toy trucks should not be subject to discovery, when the Defendants' counsel himself must have believed they were relevant as he himself included them on the sheet of paper with the list of the other characterized talking toys offered to the Court and Plaintiffs' counsel at the Hearing.

## III. CONLCUSION

Information about the characterized talking toy trucks that were included in Plaintiffs' June 15, 2006 letter are reasonably calculated to lead to admissible information and are relevant for the purposes of discovery in this case. For the foregoing reasons Defendants' Motion to alter the Court's Order should be denied.

[3] It is important to note that Mr. Carlin served/serves in a business/marketing capacity for the three partner venture (with the two other Plaintiffs in this case)and was not the original inventor of Plaintiffs' idea submission.

Date: July 19, 2006
Respectfully submitted,
Plaintiffs,
By their attorneys,

MARK B. MORSE, Esq.
RI Bar Registration Number 3003
111 Wayland Avenue
Providence, RI 02906
(401) 831-0555 (telephone)
(401) 273-0937 (facsimile)
Mark@morselawoffice.com

DARIUSH KEYHANI
Meredith & Keyhani, PLLC
5 Independence Way
Suite 300
Princeton, NJ 08540
(609) 945-7406 (telephone)
(609) 228-4031 (facsimile)
dkeyhani@meredithkeyhani.com
*(Appearing Pro Hac Vice)*
*Attorneys for the Plaintiffs*

**CERTIFICATE OF SEVICE**

I hereby certify that on this 19th day of July 2006, I have served or caused to be served a true copy of the within document to be sent by regular mail with appropriate postage to the following counsel of record:

Todd D. White
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

Mark B. Morse