UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS, Plaintiffs, | ) | |
| v. | ) | CA NO: 05-246S |
| HASBRO, INC. and HASBRO INTERNATIONAL, INC. Defendants. | ) | |

**PLAINTIFFS' MOTION TO ADJUGE DEFENDANTS IN CONTEMPT**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiffs Inventor's Greenhouse, Micro Pros Technology Solutions and R.H. Baer Consultants (collectively "Plaintiff") hereby moves for an order adjudging Defendants Hasbro, Inc. and Hasbro International, Inc. (collectively "Defendants") in contempt for failing to comply with the Court's June 13, 2006 Order compelling the production of documents.

As explained in the accompanying Memorandum of Law, Defendants have repeatedly and consistently failed to produce documents over the past ten months in violation of their obligations under the Federal Rules of Civil Procedure and now have ignored this Courts Order to provide discovery in this case without excuse or justification. Accordingly, Plaintiffs request an order that a default judgment be entered against Defendants for failure to comply with the Court's June 13, 2006 Order and imposing reasonable costs, including attorneys' fees associated with bringing this motion.

Dated: July 27, 2006

Respectfully Submitted,
Plaintiffs
By their Attorneys

Rhode Island Counsel:

Law Office of Mark B. Morse
Mark B. Morse
RI Bar Reg 3003
111 Wayland Avenue
Providence, RI 02906
(401) 831-0555 (Phone)
(401) 273-0937 (Facsimile)

Dariush Keyhani (MBM)
Dariush Keyhani (*pro hoc vice* admission)
Meredith & Keyhani, PLLC
330 Madison Avenue
6th Floor
New York, New York 10017
(212) 760-0098 (Telephone)
(212) 202-3819 (Facsimile)

CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of July, 2006, a copy of the within Motion to Adjudge Defendants in Contempt was served via first class mail, postage prepaid, on the following:

Todd White
Adler Pollock & Sheehan P.C.
2300 Financial Plaza
Providence, RI 02903
Attorneys for Defendants

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS,
Plaintiffs,
v.

HASBRO, INC. and HASBRO INTERNATIONAL, INC.
Defendants.

CA NO: 05-246S

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO ADJUDGE DEFENDANTS IN CONTEMPT**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiffs respectfully submit this memorandum of law in support of their motion for an order adjudging Hasbro, Inc. and Hasbro International, Inc. ("Defendants") in contempt for failing to comply with the Court's June 13, 2006 Order compelling the production of information/documents by July 13, 2006.

**BACKGROUND**

Defendants have had over ten (10) months to comply with discovery obligations and have evaded, obstructed and ignored Plaintiffs' repeated attempts to obtain discovery including dozens of letters, emails and phone calls and more recently Plaintiffs' Motion to Compel which was granted in part on June 13, 2006.

On June 13, 2006 the Court ordered that the Defendants, by July 13, 2006, shall provide Plaintiffs with:

a) the requested sales information regarding the products identified by Plaintiffs. The information shall be provided in electronic format (e.g., disk, CD-ROM, or equivalent). The electronic format shall be accompanied by a written

explanation of what is contained on the disk or CD-Rom, how it is organized, and how information may be located.

b) The requested "SKU"s for the products identified by Plaintiffs. This information shall be provided in written as well as in electronic form. (June 13, 2006 Court Order, Exhibit A).

Per the Court's Order on June 15, 2006, Plaintiffs sent Defendants a list 34 items identified by name (Exhibit B). With a letter dated July 12 (Exhibit C), Plaintiffs received four (4) CDs from Defendants. After a review of the information provided on the CDs it is apparent that Defendants have produced no more than 20% of the total information requested regarding the thirty-four items identified in Plaintiffs' June 15th letter and required to produce under the Court's Order.[1]

The information provided on the four CDs could have been easily put on one CD and much of which was incomprehensible, inaccessible and/or useless for a number reasons including the following: 1) what appeared to have been sales invoices for Mexico on the three of the four disks appear to be in Spanish and do not include SKU numbers identifying the products ; 2) one file titled DAT could be not opened; 3) one file contained information regarding Defendants' retirement health care plan; and 4) the majority of the remaining files included sales information (incomplete) that was already previously produced in paper form - for some of the sales summaries provided for particular SKU numbers it is not clear weather the sale figures for the items listed are for domestic or internationals and/or to what countries they correspond. Plaintiffs have

[1] It is important to note that Defendants' counsel in his July 12, 2006 letter concedes that the information provided is incomplete, " [] the enclosed CDs do not comprise a complete set of all the documents you seek" (page 2, Exhibit C). Further, although the letter lists twenty-eight (28) items for which sales information had been provided, ten items on the list are just repeats and there are in fact only eighteen (18) individual/unique items on the list. Even more troublesome, on the four CDs actually provided, sales information (incomplete) was provided on only fourteen (14) items (ten (10) of which were the same information (incomplete) that had been previously produced in paper form) – in effect, since the Court entered its Order, Defendants only produced sales information on four additional items and even then it appears that the information was limited to domestic sales.

included an attached chart that illustrate the items for which information was provided, ones that were not provided and/or were it was not clear what was provided (Exhibit D).

As the Exhibit D chart illustrates, since the Court's Order on June 13, 2006, Defendants have only produced sales information on four additional items: SKU numbers 8132, 6215, 7254 and 8121 (which are highlighted and squared off on the chart) and have just reproduced (in electronic form what had been previously produced in paper form) what appears to be[2] domestic sales information on ten (10) other items.

Yet even one last time, on July 21, 2005 Plaintiffs in good faith faxed a letter (Exhibit E) to Defendants requesting that they comply with the Court's Order by July 25, 2006 or Plaintiffs would be bringing the instant motion. Defendants failed to provide any response to Plaintiffs' letter.

Numerous extensions of discovery have been made, approximately a month of fact discovery remains under the current discovery schedule, yet Defendants continue to evade and ignore their discovery obligations and the now Court-Ordered deadline to produce the information requested. Plaintiffs cannot sensibly conduct the necessary depositions while information essential to the issue in the case have yet to be produced and the Plaintiffs' opportunity to fairly adjudicate their claims and Defendants' affirmative defenses have been significantly undermined by Defendants tactics.

## ARGUMENT

Fed. R. Civ. P. 37(b)(2) states in relevant part: "If a party....fails to obey an order to provide...discovery... the court in which the action is pending may make such orders in regard to the failure as are just...." Fed. R. Civ. P. 37(b)(2). Among the sanctions authorized is an order "rendering a judgment by default against the disobedient party[,]" Fed. R. Civ. P. 37 (b) (2) (C); accord United States v. Palmer, 956 F. 2d 3, 7 (1st Cir. 1992)("Fed. R. Civ. P. 37(b)(2)(C) permits, as a sanction for disobeying a discovery order, 'rendering a judgment by default against the disobedient party.')(quoting the Rule).

---

[2] It is not clear what the difference between the "ZOR" and "ZHOR" code designations in the sales summaries relate/refer to, but sales information for the items on both lists appear to be associated with domestic companies and no information was/has been provided with regard to whether any of the information relates to non-domestic sales.

Here, the Defendants have snubbed the Plaintiffs and this Court by ignoring requests, letters, emails, phone calls and now finally even the Court Order. "[A] party's disregard of a court order is a paradigmatic example of extreme misconduct." Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005); accord Young v. Gordon, 330 F. 3d 76, 81 (1st Cir. 2003)("[Disobedience of court orders is inimical to the orderly administration of justice and, in and of itself, can constitute extreme misconduct.")(citing Tower ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 1987)). Thus, a "party flouts a court order at his peril." Torres- Vargas v. Pereira, 431 F.3d at 393; accord Young v. Gordon, 330 F. 3d at 82 ("it is axiomatic that 'a litigant who ignores a case-management deadline does so at his peril.'")(quoting Rosario-Diaz v. Gonzalez, 140 F.3d 312,315 (1st Cir. 1998)).

Plaintiffs have been severely prejudiced by Defendants' failure to produce documents and information in a timely manner. Specifically, Plaintiffs' attorneys have been denied the opportunity to properly depose key witnesses and make use of these materials at depositions and for almost the past year of litigation. Plaintiffs have also been forced to spend a plethora of resources and man hours fighting to get these information/documents and yet with no avail. However, the prejudice extends well beyond this because key documents still have not been produced by Defendants and the discovery period that has been extended multiple times is scheduled to close in a little more than one month (September 3, 2006). Defendants' failure to produce material information also undermines the fair adjudication of Defendants affirmative defenses (including, *inter alia*, satisfaction of all terms and obligations under the Inventor's License Agreement at issue in this case).

Defendants' statements reflect a lackadaisical approach to discovery obligations and court orders. In Defendants' counsel's letter dated July 12, 2006, he states:

> the CDs do not comprise a complete set of all the documentation you seek. As Judge Martin indicated at our hearing, please let me know if you want me to file a motion with the court seeking additional time. If you do not require this, I will continue to forward to you the CDs upon receipt of the same (page 2, Exhibit C).

The Defendants were ORDERED to produce the requested information within thirty (30) days by July 13, 2006 and the Honorable Judge Martin instructed the Defendants that if they required additional time they would need to file a motion (in advance) for such an extension, but that the Court was not inclined to grant it. It appears that, knowing the Court would not likely grant additional time, Defendants decided to ignore the Court's Order altogether, and put the burden on the Plaintiffs to spend more time and resources chasing after discovery that the Defendants were already ordered to produce. Such conduct has been found to warrant sanctions equivalent to the entry of default against the offending party. See Serra-Lugo v. Consortium- Law Marias, 271 F.3d 5, 6 (1st Cir. 2001)(affirming dismissal notwithstanding plaintiff's belated compliance with court order in "a somewhat relaxed manner"); United States v. Palmer, 956 F.2d 3, 6-7 (1st Cir. 1992)("[I]n the ordinary case, where sanctions for noncompliance with discovery orders are imposed on a plaintiff, the standard sanction is dismissal of a complaint, with or without prejudice, while a judgment of default typically is used for a noncomplying defendant.").

Defendants have taken great liberties to produce information/documents as they see fit, rather than as required by the Federal Rules of Civil Procedure. As illustrated in Exhibit D, Defendants' document production is no where near that Ordered by the court. Also, the information/documents provided with respect to Mexico are unintelligible. They are in fact in another language (Spanish) and contain no reference to SKU numbers, making them virtually useless. Defendants basically did not produce any sales information for at least twenty (20) of the thirty-four (34) items on the list in Plaintiffs' June 15, 2006 letter and it appears that Defendants have provided no information on international sales for any of the thirty-four items (34).

By withholding and/or failing to produce documents relevant to Plaintiffs' claims, and defendants affirmative defenses, prior to the close of discovery, Defendants have frustrated to a significant degree Plaintiffs' ability to prepare for and conduct the trial of this action. See Gen. Dynamics Corp. v. Sel Mfg. Co., 481 F.2d 1204, 1213 (8th Cir. 1973)(affirming dismissal where defendant "attempt[ed] to effectively deprive [plaintiff] of an opportunity to litigate its civil claim by his conscious disregard of the duty imposed upon a litigant to respond in discovery wherever practicable"). An award of attorneys'

fees and costs will not cure this prejudice. Even if Defendants pay these fees and costs, Plaintiffs will still not have the information it needs for trial. Further, it may be cheaper for Defendants to pay the fees, rather than turn over information/documents admitting to additional millions of dollars of sales of items and damages.

Striking Defendants' affirmative defenses would provide only partial relief to Plaintiffs. Specifically, it would not substitute for the damage the withholding of information has had on Plaintiffs' ability to prove its claims and damages.

An order requiring Defendants to comply now with discovery obligations would also provide partial relief and prejudice the Plaintiffs. Plaintiffs have been trying for almost a year to obtain discovery, and Defendants have repeatedly frustrate the process, delayed, evaded/ignored their obligations under the Federal Rules of Procedures and now have ignored the Court's Order. Accordingly, Plaintiffs have been forced to litigate and prepare for trial for almost a year without the benefit of relevant information clearly in possession of the Defendants and to choosing between the unjust alternative of seeking costly and futile discovery extensions, filing costly motions and/or proceeding with insufficient information.

In addition, Defendants' conduct also "undermines the court's efforts to manage its docket efficiently and effectively." Young v. Gordon, 330 F. 3d at 83 (citing Tower ventures, Inc. v. City of Westfield, 296 F. 3d at 46 (explaining the centrality of scheduling orders in the case-management process and noting that "a party's disregard of such orders robs them of their utility")); see also Rosario-Diaz v. Gonzalez, 140 F. 3d 312, 315 (1st Cir. 1998)("[Litigants have an unflagging duty to comply with clearly communicated case-management orders[.]") Because of the danger that others may be tempted to adopt Defendants' apparent litigation tactic of delay, non-production and belated and partial production only under Court order, the appropriate sanction in this case must do more than calibrate the scales between Plaintiffs and Defendants. See Young v. Gordon, 330 F. 3d at 83 (noting that a principle purpose of sanctions is to deter others from similar misconduct and that "[w]hen a party flouts a time-specific order, that purpose is frustrated unless the court sends a strong signal"). Here deterrence of similar misconduct also favors default judgment as the appropriate sanction.

## CONCLUSION

Defendants' tactics of noncompliance, refusing to produce, and now ignoring this Court's Order support the imposition of default judgment in Plaintiffs favor and as the appropriate sanction for non-compliance with discovery. Plaintiffs also seek monetary sanctions in the form of costs and attorneys' fees incurred in the filing and prosecution of the Motion, against the Defendants, to compensate for Plaintiffs having to repeatedly seek expensive and time consuming motions to respond to Defendants' tactics.

Date: July 27, 2006

Respectfully submitted,
Plaintiffs,
By their attorneys,

MARK B. MORSE, Esq.
RI Bar Registration Number 3003
111 Wayland Avenue
Providence, RI 02906
(401) 831-0555 (telephone)
(401) 273-0937 (facsimile)
Mark@morselawoffice.com

Dariush Keyhani (mbm)
DARIUSH KEYHANI
Meredith & Keyhani, PLLC
5 Independence Way
Suite 300
Princeton, NJ 08540
(609) 945-7406 (telephone)
(609) 228-4031 (facsimile)
dkeyhani@meredithkeyhani.com
(*Appearing Pro Hac Vice*)
*Attorneys for the Plaintiffs*

**CERTIFICATE OF SEVICE**

I hereby certify that on this 27th day of July 2006, I have served or caused to be served a true copy of the within document to be sent by regular mail with appropriatc postage to the following counsel of record:

Todd D. White
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

Mark B. Morse