UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS, Plaintiffs, | : | |
| v. | : | CA 05-246 S |
| HASBRO, INC., and HASBRO INTERNATIONAL, INC., Defendants. | : | |

**ORDER**
**GRANTING DEFENDANTS' MOTION FOR CLARIFICATION**

Before the Court is Defendants' Motion for Clarification and/or Ruling on Court Order (Document ("Doc.") #34) ("Motion for Clarification" or "Motion"). Plaintiffs have filed an opposition to the Motion. See Plaintiffs' Opposition Motion to Defendants' Motion for Clarification and/or Ruling on Court Order (Doc. #35) ("Plaintiffs' Opp."). After reading the memoranda submitted and listening to oral argument at the July 27, 2006, hearing, the Motion is GRANTED. Accordingly, the Court's prior Order Granting in Part Plaintiffs' Motion to Compel Production (Doc. #31) ("Order of 6/13/06") is hereby modified to the extent that Defendants are not required to provide invoices, purchase orders, and/or back-up sales information for talking toy trucks. The Court makes this ruling for the following reasons.

Plaintiffs, in compliance with the Order of 6/13/06, provided Defendants with a list of toys for which Plaintiffs seek the total sales figures. See Defendants' Memorandum in Support of Their Motion for Clarification and/or Ruling on Court Order ("Defendants' Mem."), Exhibit ("Ex.") C (Letter from Keyhani to White of 6/15/06). The list contained thirty-four separate line items. See id. Plaintiffs apparently included three toys on the list, "Chuck My Talkin' Truck (variations)," id., "Tonka Talking

Haulers," id., and "Tucker my Talking Truckbot," id., because the names of these toys appeared (with the names of other toys) in a document which Defendants' counsel provided to Plaintiffs' counsel at the June 12, 2006, hearing in an effort to expedite that proceeding.

After receiving the list, Defendants' counsel wrote to Plaintiffs' counsel on June 21, 2006, explaining that in the process of assembling information responsive to the list he had found documents, copies of which he enclosed in the letter, which showed "that the concept and development [of talking trucks] occurred at least as early as 5/13/96, two and a half years before Gary Carlin's November, 1998[,] concept pitch meeting in Cincinnati and the February, 1999[,] Pawtucket meeting." Defendants' Mem., Ex. D (Letter from White to Keyhani of 6/21/06). The penultimate paragraph of the letter stated:

> In light of these documents I would respectfully request that you consent to deleting from your June 15, 2006[,] list any of the trucks (Tucker the Talking Truckbot, Chuck My Talkin' Truck (variations) and Tonka Talking Haulers). I do not believe that it has been your clients' position that they created the idea of the talking vehicles that are at question. Therefore, I do not know how the aforementioned vehicles could be relevant to the salient issue at hand.

Id.

In responding to this request, Plaintiffs' counsel provided no explanation as to how documents pertaining to the three toys could be relevant. Rather, he stated:

> **Given all the expense, time and resources expended to obtain a Court Order for your clients to produce sales documents that were clearly within the scope of this dispute and given the problems/issues with "sales summaries" produced, missing SKU numbers[,] etc., at this point in discovery, we are not going to limit are [sic] our current requests.** Of course, the determination whether particular toys commercialized by your clients

> do/do not fall within the scope of the License Agreement is an issue that will continue to be clarified as discovery proceeds and with more information.

Defendants' Mem., Ex. E (Letter from Keyhani to White of 6/26/06)(bold added). Plaintiffs' recitation of claimed deficiencies in Hasbro's prior responses to discovery requests and Plaintiffs' non-response to Hasbro's reasonable explanation that documents in question were not relevant strongly suggests to the Court that Plaintiffs' refusal was intended as a form of retribution and was not based on any substantial need for the documents in question.

After receiving this refusal, Defendants' counsel advised Plaintiffs' counsel that Defendants were inclined to seek the Court's intercession and solicited Plaintiffs' counsel's thoughts regarding how the matter should be brought before the Court. See id., Ex. F (email from White to Keyhani of 6/27/06). The response he received was even less helpful.

> Our clients are not interested in wasting any more resources on conferences/hearings, the Court Ordered that we give you a list of products that we seek sales information for - we gave you the list - and your clients were Ordered to produce the sales information regarding the products identified on the list - the issue is closed as far as we are concerned.

Id., Ex. G (email from Keyhani to White of 6/27/06).

Plaintiffs' counsel's responses are particularly troubling because at the conclusion of the June 12, 2006, hearing the Court directed both counsel to put aside any past bad feeling which may have arisen during the course of the litigation and to make a new effort to cooperate in the discovery process. The Court specifically directed Plaintiffs to give consideration to the difficulties Hasbro may face in responding to Plaintiffs'

discovery requests.[1] Plaintiffs' counsel's letter and email quoted above are directly contrary to the Court's admonition that counsel were to put past difficulties behind them and work cooperatively relative to resolving discovery disputes.

Although Plaintiffs' counsel argued at the July 27, 2006, hearing that the statements from the deposition of Plaintiffs' agent, Gary Carlin, which Defendants used to demonstrate the irrelevancy of the documents at issue were taken out of context, Plaintiffs did not submit the additional pages which presumably would have provided the full context. Similarly, although Plaintiffs argue in their memorandum that "the depositional testimony of understanding(s)/recollection(s) of Robert Pelovitz of Pros Technology Solutions (the other Plaintiff in this case) ... make[s] clear that characterized talking toy trucks could fall within the scope of Plaintiffs' idea submission," Plaintiffs' Opp. at 4, Plaintiffs have not provided an affidavit from Mr. Pelovitz to support this claim.[2] In short, the Court finds persuasive Defendants' arguments that documents relating to the three talking trucks are not relevant and finds unpersuasive

---

[1] Among other remarks, the Court stated:

> I'm going to direct counsel to - **whatever the past difficulties have been - to make an effort to put those behind you** and concentrate on making a good faith effort to get this case - discovery completed and on [to] trial. And - take a moment to consider the difficulty of what you are asking each side to do. In terms of the Plaintiff[s], have some consideration to Hasbro's position of the difficulty of responding. And for Hasbro have some difficult- have some appreciation or sensitivity to Plaintiffs' requests and what Plaintiffs' needs are.

Tape of 6/12/06 Hearing (bold added).

[2] Plaintiffs' counsel indicated at the July 27, 2006, hearing that the transcript of Mr. Pelovitz's deposition was not yet available to Plaintiffs.

Plaintiffs' arguments to the contrary.

The Court is also influenced in its determination of the instant Motion by the size of the burden which Defendants must bear in complying with the Order of 6/12/06. That burden, which was not fully apparent to the Court prior to seeing Plaintiffs' list of toys, is substantial. The Court concludes that any possible relevance of the documents pertaining to the talking trucks is substantially outweighed by the burden which Defendants would bear in producing them.

Lastly, the Court considers a request to delete three items from a list of thirty-four as a minor adjustment, one to which Plaintiffs should have agreed without forcing Defendants to seek relief from the Court. Both parties are again directed to bear in mind the admonition given by the Court at the conclusion of the June 12, 2006, hearing and to act accordingly.

So ordered.

ENTER:

David L. Martin

DAVID L. MARTIN
United States Magistrate Judge
July 31, 2006

BY ORDER:

Deputy Clerk