**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS, Plaintiffs, | ) | |
| -against- | ) | CA NO: 05-246S |
| HASBRO, INC. and HASBRO INTERNATIONAL, INC. Defendants. | ) | |

**PLAINTIFFS' QUALIFIED OPPOSITION MOTION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME**

Defendants' Motion for an extension of time to produce information is untimely and contrary to Defendants' obligations under the Court's June 13, 2006 Order (See MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO ADJUDGE DEFENDANTS IN CONTEMPT currently pending before the Court).

Further, an extension to Defendants without a concomitant overall extension of discovery deadlines would prejudice the Plaintiffs: It may be necessary to re-depose certain witnesses as Plaintiffs have not had the benefit of information that remain in Defendants' possession as well as the opportunity to cross-exam with respect to newly uncovered information; additionally, some depositions may need to be delayed pending receipt of the uncovered information.

Defendants' continuous delays in producing the information requested has required Plaintiffs to seek alternative and more costly means of discovery, including subpoena duces tecums, served upon merchandisers who are not parties to the within

action. The merchandisers served with the subpoenas are, contrary to Defendants' contentions, able to produce the requested information in less than thirty (30) days despite not having the benefit of previous notices for these requests at earlier times.[1]

Legal Counsel for Wal-Mart Stores, Inc. ("Wal-Mart") stated they could produce the information in ten (10) days, while Target Corporation's ("Target") legal counsel stated there would be no problem producing the sales information requested, to the extent it was available, before the subpoena deadline of September 1, 2006 – both companies were served with subpoenas for the information within the last two days (See Declaration of Dariush Keyhani, Esq. attached as Exhibit A).

Notwithstanding the reasonableness of the Court's original ordered deadline for Defendants to produce the requested information and without waiving any of their rights and remedies requested under PLAINTIFFS' MOTION TO ADJUDGE DEFENDANTS IN CONTEMPT, Plaintiffs are conditionally agreeable to a reasonable extension, as the Court deems appropriate, for production of information requested pursuant to the Court's June 13, 2006 Order. Plaintiffs respectfully request, however, that any such extension be contingent upon granting an equal extension to the current discovery scheduled deadlines in this case. Further, Plaintiffs respectfully request that any such extension be further contingent on Defendants being held responsible for any costs associated with the need to

---

[1] Defendants were first given notice of request for specific sales information almost a year ago when they were served with Plaintiffs' Requests for Documents and Things on August 31, 2005 which was then followed-up with dozens of communications. As early as March 26, 2006 (Exhibit C, PLAINTIFFS' MOTION FOR ORDER COMPELLING PRODUCTION OF DOCUMENTS AND THINGS), Plaintiffs had already specifically identified almost all the toys at issue which Defendants were then ordered to produce on June 13, 2006. It is also curious to note that per the Honorable Judge Lovegreen's direction, at the Settlement Conference on December 8, 2005, Defendants verbally provided sales totals (without providing any records) for most of the toys at issue in this case. Again, in Defendants' Answers to Plaintiffs' Second Set of Interrogatories served on May 25, 2006, Defendants provided a chart with the total domestic and international sales figures for many of the toys at issue in this case (Answer to Interrogatory 1, Exhibit B) – which begs the question how Defendants can provide the total sales figures for particular toys when they claim they are still compiling the sales records for them.

re-depose witnesses because of not having the benefit of the information still in Defendants' possession, including the reasonable costs of counsel's travel expenses, court reporter costs and legal fees associated with such depositions.

Date: August 5, 2006
Respectfully submitted,
Plaintiffs,
By their attorneys,

/s/ Mark B. Morse
MARK B. MORSE, Esq.
RI Bar Registration Number 3003
111 Wayland Avenue
Providence, RI 02906
(401) 831-0555 (telephone)
(401) 273-0937 (facsimile)
mark@morselawoffice.com

/s/ Dariush Keyhani
DARIUSH KEYHANI
Meredith & Keyhani, PLLC
5 Independence Way
Suite 300
Princeton, NJ 08540
(609) 945-7406 (telephone)
(609) 228-4031 (facsimile)
dkeyhani@meredithkeyhani.com
(Appearing *Pro Hac Vice*)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of August 2006, I have served or caused to be served a true copy of Plaintiffs' Qualified Opposition to Defendants' Requests for an Extension of Time filed electronically to the Court and to the following counsel of record.

Todd D. White
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

/s/ Mark B. Morse
Mark B. Morse