MEREDITH & KEYHANI, PLLC

www.meredithkeyhani.com

March 26, 2006

Todd D. White, Esq.
Adler Pollock & Sheehan P.C.
One Citizen Plaza, 8th Floor
Providence, RI 02903
**Via Facsimile: (401) 751-0604**

Re: Inventor's Greenhouse v. Hasbro, Inc.
CA NO: 05-246S

Dear Todd:

Your letter dated March 23, 2006 is again vague, evasive and non-responsive to specific discovery requests Plaintiffs have made for nearly seven months. Again, specifically we request all the sales records, as they are kept in the ordinary course of business (not only invoices), in all forms[1] including paper and electronic/digital forms since September 29, 2000 for all characterized talking tool toys including, but not limited to, the following current best description we have of toy names, toy categories, and SKU numbers:

> The "Tool Bench", "Charlie Coal the Grill", "Mini the Vacuum", "Phil the Drill", "Majic Talking Kitchen Crew", "Kitchen Crew", "Talking Fish Pole", "Mike the Mower", "Gab the Talking Telephone", "Cool Crew Talking Kitchen", "Zip the Trimmer", "Dusty the Talkin Vacuum", "The Magic Talkin Grill", "Talkin Hand Tools", "The Talking Lantern", "Electronic Talking Tools" and toys with the following SKU Numbers: 7254, 8121, 8133, 8134, 9115, 6215, 2002, 6201, 6208, 6212, 6213, 6506, 6539, 6541, 6607, 92530.

---

[1] Under Rule 34(a) "documents" is broadly defined to include all forms of recorded information. Rule 34(a) and Plaintiffs' Requests are deliberately broad and flexible so to include all forms of technology and methods of data storage used by computers. See, *e.g.*, *In re Ford Motor Co.*, 345 F.3d 1315, 1316-17 (11th Cir. 2003); *Simon Property Group L.P. v. mySimon, Inc.*, 194 F.R.D. 639, 640 (S.D. Ind. 2000)(the court held computer records, including records that have been deleted on the computer, are documents discoverable under Rule 34).

Contrary to your assertion, Rule 34 of the Federal of Civil Procedure does provide for the right to inspect and copy documents *in situ* (on a party's property and/or place of business) and if you do not cooperate with our rightful demand to make such an inspection we will request the Court's intervention on the matter. See, *e.g.*, *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 974 (7th Cir. 2002); *Micro Chemical, Inc. v. Lextron, Inc.*, 193 F.R.D. 667, 669-70 (D. Colo. 2000).

As I indicated in March 23, 2006 letter, if we do not receive the documents requested and be the given specific time and place to review and copy documents as they are kept in the ordinary course of business on premises of Defendants, I will move to compel production pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and demand that you pay the reasonable expenses and attorneys' fees associated with such motion.

Sincerely,

Dariush Keyhani[1]

cc: Mark B. Morse, Esq.

[1] Admitted before the Southern District, Eastern District, and Western District of NY and NJ Bar