UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS, Plaintiffs, | : | |
| v. | : | CA NO: 05-246 S |
| HASBRO, INC. and HASBRO INTERNATIONAL, INC. Defendants. | : | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR OBJECTION TO PLAINTIFFS' MOTION TO ADJUDGE DEFENDANTS IN CONTEMPT**

The Defendants, Hasbro, Inc. and Hasbro International, Inc. ("Hasbro") hereby object to the Plaintiffs' Motion for Contempt. A concise history of the events leading up to the Plaintiffs' Motion appears to be in order so that the Defendants' Opposition can be placed in proper context.

**RELEVANT HISTORY**

On June 12, 2006, a hearing was held before this Court on the Plaintiffs' Motion for Order Compelling Production of Documents and Things. At this hearing, the Court indicated that Hasbro would be required to produce certain documents and records in electronic format for the Plaintiffs. At the hearing, Hasbro's counsel informed the Court that the required production would be time consuming and was unsure that it could be completed within thirty (30) days. The Court informed the parties that if Hasbro required additional time to complete production that Hasbro could return to the Court to seek an extension of time. Additionally, at the end of the hearing the Court admonished counsel for both parties not to allow an atmosphere of enmity to

continue to foster and to make a good faith effort to understand each side's efforts and/or obligations.

The Order from the aforementioned hearing was entered on June 13, 2006. The Order required Plaintiffs' counsel to inform Hasbro on which products it was seeking the requested documentation. In conjunction with that Order, on June 15, 2006, Plaintiffs' counsel sent to Hasbro the specific list of products for which Plaintiffs were seeking production.[1]

On July 12, 2006, Hasbro wrote to Plaintiffs providing them with the SKU information for the requested products, as well as enclosing several CD-roms of documents it had received. (See the attached Exhibit A.) As part of this letter Hasbro's counsel wrote the following:

> I also enclose copies of certain CDs. I am continuing to receive the sales summaries and back-up information. These must be copied onto CDs from a variety of sources. Therefore, the enclosed CDs do not comprise a complete set of the documentation you seek. As Judge Martin indicated at our hearing, please let me know if you want me to file a motion with the court seeking additional time. If you do not require this, I will continue to forward to you the CDs upon receipt of the same.

(See p. 2 of attached Exhibit A.) Cognizant of the Court's admonition to try to understand each other's position, and seeking to avoid the Court's intercession if unnecessary, Hasbro's counsel specifically asked Plaintiffs' counsel if such a motion would be required.

Not having received a response from Plaintiff's counsel, Hasbro continued to assemble documentation. Specifically, Dan Ratigan of Hasbro worked with various personnel worldwide

---

[1] After receiving the list of toys from which the Plaintiffs were requesting all the underlying invoice/purchase order documentation throughout the world, Hasbro's counsel sent to Plaintiffs' counsel numerous documents which established that talking trucks were toys that Hasbro developed independently and at least two years prior to any meeting with Plaintiffs. Hasbro's counsel did this specifically in an effort to establish to Plaintiffs' counsel that the toys in question could not be relevant to the litigation. In response, Plaintiffs' counsel wrote back to Hasbro's counsel demanding that the documents be produced. Thereafter, Hasbro filed a Motion for Clarification with this Court utilizing the same information available to Plaintiffs' counsel to establish that the talking trucks could not be relevant to this litigation. The Court's Order finding the same was received on July 31, 2006. This is just another example of Plaintiffs' counsel resisting efforts to cooperate in working through discovery.

in a continuing effort to assemble the requested information. In the interim, Hasbro's counsel went on vacation July 17-21, 2006.

Upon returning to work on Monday, July 24, 2006, Hasbro's counsel sent to Plaintiffs' counsel a letter enclosing another CD-rom with additional sales information. (See the attached letter as Exhibit B). Under that cover letter Hasbro's counsel indicated that he would "continue to forward sales information as Hasbro is able to collect and assemble in electronic format the information that you are seeking."

Immediately thereafter, Hasbro's counsel then reviewed the Scheduling Order from the Court indicating that Hasbro's Motion for Clarification would be scheduled for hearing on July 27, 2006. Finally, Hasbro's counsel reviewed a July 21, 2006 correspondence from Plaintiffs' counsel (attached as Exhibit C) indicating that Hasbro's failure to file a Motion for an Extension of Time was "not acceptable" and proclaiming that unless production was complete by July 25, 2006 Plaintiffs would file a Motion to Enforce and for sanctions.

Because the hearing on Hasbro's Motion for Clarification was scheduled three (3) days from Hasbro's review of the aforementioned letter, Hasbro's counsel decided that the issue might best be discussed at the ensuing hearing. To that end, accompanying counsel at the hearing was Dan Ratigan, Hasbro's Vice President of Information Systems. At the outset of the hearing, the Court played the prior recording of his admonition to both parties to foster a better working relationship and sense of understanding. The Court then indicated that he had read the papers and was prepared to rule unless the parties felt the need to address the Court.

Because Mr. Ratigan was in attendance, Hasbro's counsel felt it was important to inform the court of his presence and his ability to specifically address the logistical problems that Hasbro was experiencing in trying to produce all the invoice/purchase orders in electronic

format. Counsel further pointed out his concern in being unable to accurately articulate the difficult burden that Hasbro was undergoing in trying to complete the production. Counsel indicated that Mr. Ratigan was in attendance in the event that there was any question in this regard. Hasbro's counsel also indicated that the timing of the outstanding production was a related and ongoing issue.

It was not until Plaintiffs' counsel addressed the Court, that Hasbro first learned that Plaintiffs had purportedly just filed a Motion for Contempt against Hasbro on the issue of producing documents pursuant to the Court Order.[2] Plaintiffs' counsel then expressed his concerns as to why the production of the talking truck documents should be required. After an exchange between Plaintiffs' counsel and the Court, the Court granted Hasbro's Motion for Clarification and ordered that Hasbro did not need to produce invoices from the series of Talking Trucks.

After the hearing, now for the first time aware that Plaintiffs' counsel had actually filed a Motion for Contempt (but still not having been provided a copy of that Motion), Hasbro's counsel asked Plaintiffs' counsel if he was going to press his Motion for Contempt. Despite Hasbro's counsel's request that he reconsider his position, Plaintiffs' counsel indicated that he would nonetheless go forward with this Motion. As a result, and before having received a copy of the "Plaintiffs' Motion to Adjudge Defendants in Contempt", Hasbro filed a Motion for an Extension of Time, expressly because Plaintiffs were not receptive to Hasbro's attempt to resolve this matter without the Court's intercession.

---

[2] Plaintiff's counsel not only failed to provide Hasbro's counsel with a copy of that Motion but failed to even bring this to counsel's attention when speaking before the hearing. The first time Hasbro's counsel was informed that a Motion was filed was when it was mentioned to the Court. Generally, if a Motion is filed immediately prior to a

## ARGUMENT

By Plaintiffs' counsel's own count, Plaintiffs are seeking all the underlying invoice and/or purchase order documentation for thirty-one (31) specific toys sold worldwide by Hasbro and Hasbro International, Inc. As this Court has been made aware, there are a number of different systems from different organizations worldwide that have to be synthesized in order to assemble records. Moreover, the vast majority of records are not in electronic format and have to be scanned into a system to put them on a CD. To better understand the efforts required, attached please find an Affidavit of Dan Ratigan. ( See attached Exhibit D). Mr. Ratigan sets forth the difficulties attenuated thereto largely as a result of the lack of integrated systems.

It has never been and never will be Hasbro's intention to violate a court order by not producing documents in a timely fashion. That is expressly why Hasbro's counsel wrote to Plaintiffs' counsel inquiring if a motion to extend time would be necessary. Generally, Hasbro's counsel has experienced cooperation from opposing attorneys who recognize the undertaking required to assemble full documentation from an entity like Hasbro. Unfortunately, this has not been the case in this matter.

Subsequent to Hasbro receiving an actual copy of the plaintiff's Motion for Contempt five (5) additional CDs have been forwarded to Inventor's Greenhouse. Hasbro in no way is sitting on its hands and takes the Court's Order very seriously as it does all discovery requests. However, this request requires Hasbro to locate documents throughout the world, scan them into an electronic format and then collect them so that they can present them in a systematic way in the CDs as required.

---

time when counsel knows he/she will be in the company of the opposing party, a copy is hand-delivered to the opposing party. That did not occur in this instance.

Plaintiffs' counsel also claims that the information he has received thus far is incomplete. Plaintiffs include a chart which apparently was prepared to articulate some of the problems with the CDs produced so far. At a minimum, Hasbro will attempt to address in general terms some of the concerns presented by Plaintiffs.

In conjunction with Plaintiffs' apparent overall belief of discovery abuse by Hasbro, Plaintiffs counsel sets forth four more particularized "concerns" or "issues." As an initial matter, Plaintiffs appear to be surprised that: 1) the invoice and purchase order information of products sold in Spanish speaking countries such as Mexico are actually produced in Spanish.

Plaintiffs have been repeatedly informed that there are almost forty (40) different international organizations to which Hasbro must work in searching for the requested information. Hasbro did not translate the invoices or purchase orders nor were they required to do so. Plaintiffs wanted the underlying documentation so that is what has been produced. Had Hasbro translated the information most assuredly Plaintiffs would have questioned the validity of that translation and sought the originals.

Plaintiffs further appear to be surprised that: 2) despite requesting all files in electronic format they are unable to open a DAT file. This, in fact, highlights the fact that Hasbro lacks uniformity in its electronic integration. Nevertheless, rather than bring this circumstance to Hasbro's attention through a simple telephone call or e-mail, Plaintiffs decided that the most appropriate means of addressing this situation is to include this in a Motion for Contempt. Hasbro is willing to work with the Plaintiffs as the Court had requested both sides to do. However, Hasbro cannot assist the Plaintiffs if the Plaintiffs do not pick up a phone or draft an e-mail about this issue.

Further, Plaintiffs find fault with Hasbro because: 3) Hasbro included Hasbro's retirement healthcare plan. Plaintiffs are correct. That file was included. What Plaintiffs failed to state is that in the cover letter accompanying those documents, Hasbro acknowledged that this healthcare file was inadvertently copied and included. Hasbro admitted to the inclusion of information that was not relevant, but Plaintiffs now utilize this acknowledged mistake in an effort to support the belief that they have been repeatedly mistreated.

Finally and possibly most significantly: 4) Plaintiffs also do not seem to understand that many products were not sold in specific regions and thus, no back-up information exists. For instance, there are differences in purchase orders/invoice or summary information which distinguishes the method of ordering the product. Those differences are noted on the invoices. If Plaintiffs have had some difficulty understanding the information of documents that are produced, Plaintiffs may inquire as to the identity of these terms and/or categories in the course of discovery. Generally, no one has prohibited Plaintiffs from undertaking their inquiry. Defendants are simply producing the underlying documentation that Plaintiffs have requested. Plaintiffs know the methodologies available to it to seek explanations for the information that they have been presented.

## CONCLUSION

WHEREFORE, Hasbro respectfully requests that Plaintiff's Motion to Adjudge Defendants in Contempt be denied and that Hasbro be provided an additional forty-five (45) days extension of time in which to complete its document production pursuant to the Court's Order date June 13, 2006.

For the Defendants,
HASBRO, INC. and HASBRO
INTERNATIONAL, INC.
By their Attorneys,

_/s/ Todd D. White__________________
John A. Tarantino (# 2586)
Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of August 2006, I electronically filed the attached Defendants' Memorandum in Support of Their Objection to Plaintiffs' Motion to Adjudge Defendants in Contempt with the court using the ECF system. The following counsel of record are registered with the court and will be served electronically through the ECF system:

Mark B. Morse, Esq.
The Law Offices of Mark B. Morse
111 Wayland Avenue
Providence, RI 02906

The following counsel of record are not registered on the ECF system. Accordingly, on the 7th day of August 2006, I caused them to be served by regular mail:

Dariush Keyhani, Esq.
Meredith & Keyhani, PLLC
5 Independence Way
Suite 300
Princeton, NJ 08540

_/s/ Todd D. White________________

*388818_1.doc*