UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS,
Plaintiffs,
v. CA NO: 05-246S

HASBRO, INC. and HASBRO INTERNATIONAL, INC.
Defendants.

**PLAINTIFFS' REPLY MEMORANDUM TO DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION TO ADJUDGE DEFENDANTS IN CONTEMPT**

A Reply to Defendants' Memorandum In Support of Their Objection to Plaintiffs' Motion to Adjudge Defendants in Contempt ("Objection Motion") is necessary to respond to and/or put the issues raised by the Defendants in their proper context.

## I. Clarification of the Relevant History/Facts

It is necessary to draw the Court's attention to and clarify particular facts presented in the "Relevant History" part of Defendants' Objection to Plaintiffs' Motion for Contempt. First, this Court ordered that "[b]y July 13, 2006 Defendants shall provide Plaintiffs with the requested sales information regarding the products identified by Plaintiffs" (p. 2, Court's June 13, 2006 Order) – It was/is Plaintiffs' understanding that the July 13, 2006 deadline for Defendants to produce the requested sales information set by the Court was not a suggestion or a flexible date that could be altered by the parties, rather it was a firm deadline that was to be met. Further, at the June 12, 2006 Hearing the Court specifically directed Defendants' counsel that if it required additional time to

produce the information it was ordered to produce it would have to file a motion for such, but that the Court was not inclined to grant such an extension.

Defendants state in their Objection Motion that "[o]n July 12, Hasbro wrote to Plaintiffs … As Judge Martin indicated at our hearing, please let me know if you want me to file a motion with court seeking additional time …" Defendants letter dated July 12, 2006 did not reach Plaintiffs' counsel until July 17, 2006.[1] Further, any such request for an extension of time would have to have been made prior to the Court's ordered deadline and made to the Court, not Plaintiffs' counsel.

In an effort to work with Defendants in good faith, on July 21, 2006 Plaintiffs' counsel submitted a letter via facsimile to Defendants' counsel (see Exhibit E, Memorandum of Law in Support of Plaintiffs' Motion to Adjudge Defendants in Contempt) requesting that they comply with the Court's Order and produce the requested information by July 25, 2006. Defendants' counsel argues that it was on vacation until July 21, 2006 and did not receive the letter until he returned to work on July 24, 2006. Defendants have three attorneys listed of record. At least one other defense attorney, Jeffery K. Techentin has been actively involved in this case and has on previous occasions appeared and presented oral arguments for the Defendants on this matter at hearings before this Court. Putting the responsibly of the other counsel aside, Defendants' counsel Mr. White, in the spirit of cooperation and in light of this Court's admonition that the parties communicate with each other to work through discovery disputes, could have easily picked up the phone and/ or sent an email regarding

[1] The letter was <u>not</u> sent via facsimile despite Plaintiffs' repeated written requests that Defendants, for the purposes of efficiency and the timeliness of communications, transmit discovery correspondence via facsimile - Plaintiffs' counsel are out-of-state and particularly considering the enhanced security in Manhattan office buildings, mail often takes longer than normally expected to reach its destination.

Defendants' position, as counsel regularly have done in the past – yet, Plaintiffs' letter requesting Defendants' cooperation went ignored altogether.

## **II. Defendants' Claim that Plaintiffs' Fail to Cooperate in Discovery is Disingenuous**

Defendants' allegation in their Objection and Motion that the Plaintiffs have not been cooperative during the course of discovery is not supported by the history of this litigation and discovery in this case. Plaintiffs have consistently cooperated with discovery and have continuously and persistently communicated with Defendants regarding all discovery issues during the course of over one year of discovery in this case.[2] On no occasion have Defendants ever have needed to ask twice for Plaintiffs to respond and/or cooperate with respect to any discovery requests; however, now Defendants have expressed a pattern of non-cooperation as one of their excuses for non-compliance with this Court's Order.

Plaintiffs' counsel's commitment to cooperation and communication, however, do not take away from Counsel's legal and professional/ethical obligations to represent their clients zealously. Plaintiffs take this Court's Pretrial Order discovery schedule as well as all other Orders very seriously and accordingly are continuously mindful of the responsibility of conducting a complete discovery of the issues within its schedule. Plaintiffs have neither the power nor authority to deviate from the Court's schedule and

[2] In their Motion for Clarification and the Hearing held for such, Defendants for the first time in this case argued that it appeared that Plaintiffs had taken retribution when they did not agree to excluding particular items from Plaintiffs' list of toys for which sales information was being sought. Plaintiffs' counsel have since cordially communicated with Defendants' counsel and express regret for such appearance– Plaintiffs respectfully submit, however, that this was not about a lack cooperation but simply a difference of opinion in which Plaintiffs, in their communications with Defendants, came short in effectively communicating such and perhaps expressed more frustration than explanation for their position. Plaintiffs have taken to heart the Court's direction and admonition for the parties to be mindful of each other's position and to cooperate with each other in the discovery process.

understand that if such deviation is to occur it is solely in the discretion of the Court – Defendants argument that Plaintiffs somehow, in the spirit of cooperation, should have not raised issue with the Court regarding Defendants' failure to meet its Court Ordered deadline to produce the requested information is unjustifiable.

Defendants' failure to obey this Court's Order to produce information within the specified time period and/or to request leave from the Court for amendments to the schedule prior to their ordered deadline was Defendants' responsibility. Plaintiffs have only limited tools at their disposal and are limited to bringing to the Court's attention, as soon as possible, through the procedural mechanism of a motion.

Plaintiffs' Motion To Adjudge Defendants in Contempt serves the aforementioned purposes and has nothing to do with Plaintiffs not cooperating with Defendants; contrary, it has everything to do with Defendants failing to cooperate with Plaintiffs – when Defendants ignored Plaintiffs' July 21, 2006 letter giving notice to Defendants that a motion would be filed if Defendants failed to produce the requested information, Plaintiffs were then forced to expend the cost, time and resources to file a motion for relief.[3]

In the present case, we are in a David versus Goliath situation where Plaintiffs maintain minimal resources in contrast to Defendants and, unfortunately, it appears that

---

[3] Defendants also complain that a courtesy copy of Plaintiffs' Motion to Adjudge Defendants in Contempt ("the Motion") was not furnished before the hearing on July 27, 2006; the Motion and accompanying documents were brought over to the Federal Court House that same day by local counsel to be filed on the way to and minutes prior to the 2 P.M. Hearing, but local counsel inadvertently brought too few copies with him such that he was unable to even furnish a copy of the papers to his co-counsel that afternoon – had there been a copy available, a courtesy copy would have been surely furnished to Defendants' counsel that afternoon. Of course, as required under the Rules a copy of the Motion was served upon Defendants' counsel via U.S. mail that same day. It is also worth noting that by July 27, 2006, Defendants had already six (6) days to provide a response to Plaintiffs' July 21, 2006 letter requesting Defendants to comply with Court Order which had continued to go ignored - yet Defendants argue that Plaintiffs were unreasonable not to have discussed the Motion they had just filed when counsel had arrived in the Court Room minutes before the scheduled 2 P.M. Hearing.

Defendants' continuous evasion of discovery and slow, prolonged and trickling production is part of an overall strategy to undermine Plaintiffs' opportunity for full discovery and to wear Plaintiffs down into an unfair, unjust and inequitable outcome[4] – the type of actions that the First Circuit Court of Appeals has warned against and has upheld sanctions of default judgment. See Serra-Lugo v. Consortium- Law Marias, 271 F.3d 5, 6 (1st Cir. 2001)(affirming dismissal notwithstanding plaintiff's belated compliance with court order in "a somewhat relaxed manner").

Defendants have shown disregard for their obligation under the rules of discovery and now this Court's Orders: the Court's Order for Defendants to produce the information in a particular time period and the Court's direction to request leave from the Court if more time is necessary and the Court's Pretrial Scheduling Order providing that discovery in this matter is to be completed by September 3, 2006.

## III. Reply to Points Raised in Defendants Argument part of their Objection Motion

Defendants spend a great deal of words and an accompanying affidavit to argue that it is substantially burdened by the Court's Order to produce the sales information requested. As to not waste the Court's time, Plaintiffs will briefly provide a few comments and/or responses to some of the points raised by the Defendants.

First, why did Defendants - when they had filed a thick brief and supporting memorandum arguing why they need not have to produce sales information for certain toy trucks or at a different time - fail to mention anything about the fact that they were no where near meeting their obligations under the Court's Order by the July 13, 2006 and/or

[4] As Plaintiffs argued in their Motion to Adjudge Defendants in Contempt, it has already been almost a year since Defendants were made aware of Plaintiffs' requests that were the subject of the Court's June 13, 2006 Order.

why no mention of an extension was not made – it is hard to imagine that Defendants were not aware at the time that they were not going to meet their obligations under the Court's Order.

Second, leave alone the supporting invoices and documents etc., how could it be so difficult for Defendants to produce the sales breakdown (in English) for toys that Defendants have already provided the total sales figures for months ago, periodic royalty reports on, and information of which is presumably needed for marketing and profitability analyses, management, and SEC filings etc. Are Plaintiffs and the Court really to believe that Defendants, a Fortune 500 company with billions of dollars in annual revenues are unable to put together a spreadsheet of the breakdown of their sales figures for particular products they have sold? And this after having one year notice that such information is being requested.

With respect to the files provided in Spanish, given that there appears to be no SKU numbers associated with them, they are clearly of no value even to one with proficiency in the language. Is it really unreasonable to presume that Defendants would have their sales breakdowns maintained in the English language for the various countries of the world where they do business, again, for the purposes of marketing, profitability, management, SEC filing etc.?

With respect to the DAT file which is just one many of the problematic files, Defendants know or their IT staff should have known that DAT files can only be opened with specific instructions. Plaintiffs had raised this issued as well as the others as non-exhaustive examples of why the information provided on the CD-Rom were for the most part redundant, unintelligible and/or useless.

In its June 13 Order, this Court specifically ordered that Defendants were to provide the information requested in electronic format and "[The electronic format shall be accompanied by a written explanation of what is contained on the disk or CD-Rom, how it is organized, and how the information may be located." (P. 2, Court's June 13, 2006 Order). Defendants did not provide much of the information requested with reasonable organization or explanation.

Instead, Defendants provided/are providing[5] CD-Rom that include files with spreadsheets for some geographic locations, for some dates and for some products and then there are files with random selections of invoices and documents (without explanations as to what sales information and/or products the documents correspond to and then there are those files with irrelevant information, e.g., retirement healthcare plan etc. and files that cannot be opened without specific instructions etc.

By way example, Defendants could have simply provided the sales break-down by geographic area, date and perhaps the stores in which the products were sold (as Defendants did for some of the toys with respect to some geographic locations) on spreadsheets on one CD-Rom disk for all the toys at issue. Defendants could have then put the records of invoices and other others supporting documentation grouped in files by categories on individual files on separate CD-Rom(s) - Plaintiffs suspect that Defendants as their counsel are quite sophisticated and well aware of how to organize files in a user friendly and comprehensible manner and, regrettably, it is difficult to imagine that the

[5] Plaintiffs are still in the process of reviewing the contents of CD-Rom received from Defendants since filing their Motion to Adjudge Defendants in Contempt – however, a cursory review of a couple of the CDs received recently reveals similar issues in terms of organization as discussed with respect to the first group of CDs received on July 17, 2006.

unintelligible form in which Defendants provided information on CD-Rom was unavoidable.

Date: August 18, 2006

Respectfully submitted,
Plaintiffs,
By their attorneys,

/s/ Mark B.Morse
MARK B. MORSE
RI Bar Registration Number 3003
111 Wayland Avenue
Providence, RI 02906
(401) 831-0555 (telephone)
(401) 273-0937 (facsimile)
mark@morselawoffice.com

/s/ Dariush Keyhani
DARIUSH KEYHANI
Meredith & Keyhani, PLLC
5 Independence Way
Suite 300
Princeton, NJ 08540
(609) 945-7406 (telephone)
(609) 228-4031 (facsimile)
dkeyhani@meredithkeyhani.com
(Appearing *Pro Hac Vice*)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of August 2006, I have served or caused to be served a true copy of Plaintiffs' Reply Memorandum to Defendants' Objection to Plaintiffs' Motion to Adjudge Defendants in Contempt electronically and to the following counsel of record.

Jeffrey Techentin
Todd D. White
John Tarantino
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

/s/ Mark B. Morse
Mark B. Morse