UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS,
Plaintiffs,

v. CA 05-246 S

HASBRO, INC., and HASBRO INTERNATIONAL, INC.,
Defendants.

**ORDER**
**FOR SUPPLEMENTAL BRIEFING**

On September 13, 2006, the Court conducted a telephone conference with counsel in the above matter for the purpose of determining whether counsel for Plaintiffs agreed that Defendants have complied with the Order Granting in Part Plaintiffs' Motion to Compel Production (Document ("Doc.") #31) ("Order of 6/13/06"). See Order Scheduling Telephone Conference and Further Extending Time (Doc. #47) ("Order of 8/28/06") at 1. In the course of a lengthy statement, Plaintiffs' counsel indicated that Defendants still have not complied with the Order of 6/13/06 and detailed the areas of noncompliance. Counsel for Defendants expressed their disagreement with Plaintiffs' counsel's assessment of Defendants' compliance.

After listening to counsel, the Court concluded that the areas of disagreement regarding Defendants' compliance with the Order of 6/13/06 were so extensive that supplemental briefing is required on the issue of whether as of September 13, 2006, there has been such compliance. Accordingly, the Court makes the following order:

1. Plaintiffs are directed to file a supplemental memorandum by September 20, 2006, which explains in what respect(s) the discovery produced by Defendants as of September

13, 2006, still fails to comply with the Order of 6/13/06. The primary purpose of this memorandum is to provide the Court in writing with the information which was orally presented by Plaintiffs' counsel during the September 13, 2006, telephone conference.

2. Defendants are to file a reply memorandum by September 27, 2006. Defendants should address the alleged deficiencies detailed in Plaintiffs' supplemental memorandum.

3. The supplemental memoranda are not to exceed ten pages in length[1] and are not to repeat prior arguments. The focus of the memoranda should be on how the discovery provided as of September 13, 2006, complies or fails to comply with the Order of 6/13/06. The parties may supplement their memoranda with affidavits, but the affidavits submitted by each party shall not exceed two in number and each affidavit shall not exceed three pages in length.

4. After the Court receives the memoranda, it will decide whether a further hearing on Plaintiffs' Motion to Adjudge Defendants in Contempt (Doc. #36) is necessary.

5. Lastly, the fact that the Court has requested supplemental memoranda should not be viewed as a sign that counsel are to cease their efforts at resolving the present discovery impasse. To the contrary, the Court directs that counsel continue to work to narrow, if not resolve, this discovery dispute. Accordingly, both parties shall state in their supplemental memoranda what specific steps they have taken since the telephone conference of September 13, 2006, in a good faith effort to achieve this goal.

So ordered.

---

[1] Shorter memoranda will be welcomed.

ENTER:

David L. Martin

DAVID L. MARTIN
United States Magistrate Judge
September 13, 2006

BY ORDER:

Deputy Clerk