UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS, Plaintiffs, | ) | |
| v. | ) | CA NO: 05-246S |
| HASBRO, INC. and HASBRO INTERNATIONAL, INC. Defendants. | ) | |

**AFFIDAVIT OF DENNIS M. GIUFFRE**

My name is Dennis M. Giuffré and I am over 18 years of age and depose and state as follows:

1. I am an economist and an engineer; I hold a Master of Science degree in Economics from the Arizona State University, and a Master of Science degree in Chemical Engineering from the University of Colorado.

2. For over 28 years, I have provided consulting and expert services, primarily speaking to economic damages and related considerations in matters of civil litigation.

3. I have been retained by plaintiffs and by defendants in numerous and diverse causes of action, and have testified in federal and state courts on the matter of economic damages and related economic issues.

4. I have been retained in a number of actions, including breach of contract, patent infringement, and others in which the issue of royalties, sales, and other economic parameters were integral to an analysis of damages.

5. In the matter of *Inventor's Greenhouse, et. al. v. Hasbro, Inc., et. al.*, I have been asked to address the issue of economic damages that may have been sustained by the plaintiffs, if any.

6. In the course of the data gathering and assembly phase of this undertaking, I have reviewed certain documents provided to me, both by paper copy and electronically by CD- ROM.

7. Among the data required to conduct the appropriate analysis are the quantities sold, and the revenues realized, by the defendants from the sales of certain toy products.

8. It is my understanding and belief that the relevant number of models of toy products which may be integral to this matter are at least some 25 and possibly greater.

9. It is also my understanding that, in the defendants' operations, sales may be reported by some 39 different sales entities from throughout the world.

10. However, it is my opinion that the only relevant sales data that have been provided to date in a reasonably manageable format, from the standpoint of my being able to conduct the appropriate analysis, are for only 14 of these toy models, and pertain to only one or two of the 39 reporting entities. These data are as contained in CD ROM "Disc 3", accompanying a letter from the defendants of July 12, 2006.

11. Therefore, data presented in a reasonably manageable format have not been provided for the remaining relevant models of toys.

12. Furthermore, the data have not been provided, to my understanding and belief, pertaining to the sales of all 39 reporting entities.

13. In my opinion, a considerable quantity of additional data, to the measure of thousands, if not tens of thousands of pages, ostensibly pertaining to relevant sales, have also been provided. However, much of these additional data provided are in terms of individual invoices, numbering in at least thousands, and as such, are not in a reasonably manageable format to allow for my conducting the appropriate analysis.

14. Furthermore, some data are in terms of lists that contain no discernable information regarding quantities, revenues, and models of toys sold, and are thus of essentially no use to the analysis.

15. Since at least some data pertaining to sales of some of the relevant models, and from at least one of the reporting entities have been provided in a reasonably manageable format, it is my opinion that such could be provided by the defendants for all of the relevant models and from all of the 39 reporting entities.

16. It is also my opinion that such data should be reported from the time to the first sale until either the last sale, or to the present, depending on the toy model.

17. It is my opinion that sales for each model may be reported as summed for each year, and summed for the total time period of its being on the market.

18. It is my opinion that the defendants have demonstrated the capability of providing relevant data in a reasonably manageable format, but that unless and until such data are forthcoming over all relevant toy models, from all reporting entities, and with all sales totals to date, the appropriate analysis of damages, if any, cannot be undertaken.

19. In summary, to date, the data provided are incomplete, and much that is provided is not in a reasonably usable format, rendering it essentially impossible to conduct an appropriate analysis of damages in this matter.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 8TH DAY OF SEPTEMBER, 2006.

Dennis M. Giuffré

LORENA AGUIRRE
MY COMMISSION EXPIRES
September 9, 2006