EXHIBIT
B

ADLER POLLOCK & SHEEHAN P.C.

One Citizens Plaza, 8th floor
Providence, RI 02903-1345
Telephone 401-274-7200
Fax 401-751-0604 / 351-4607

175 Federal Street
Boston, MA 02110-2890
Telephone 617-482-0600
Fax 617-482-0604

www.apslaw.com

February 22, 2006

***Via Facsimile Transmission*** *(Letter Only)*
*and*
***Federal Express (With Enclosures)***

Dariush Keyhanni, Esq.
Meredith & Keyhanni, PLLC
330 Madison Avenue, 6th Floor
New York, NY 10017

Re: ***Inventor's Greenhouse, et al. v. Hasbro, Inc., et al.***
C.A. No. 05-246S

Dear Dariush:

Enclosed please find additional documents being produced by Hasbro, Inc. and Hasbro International, Inc. in the above-referenced matter. These documents have been Bates numbered HA4121 through HA4510.

Also, in response to your earlier request, below is the information regarding cross-reference of product SKU's and common names. I trust this will be of assistance:

| | |
|---|---|
| 02002 | Rod Fishing Pole |
| 06201 | Mike the Mower |
| 06208 | Gab the Phone |
| 06212 | Chip Chainsaw |
| 06213 | Zip Trimmer |
| 06506 | Dusty Vacuum |
| 06539 | Bobby Q Grill |
| 06541 | Talking Hand Tools (rake, nozzle, shovel) |
| 06607 | Lit Lantern |
| 92530 | Electronic Tonka Tools (includes screwdriver, hammer, hacksaw, tape measure and vise) |

ADLER POLLOCK & SHEEHAN P.C.

Dariush Keyhanni, Esq.
Meredith & Keyhanni, PLLC
February 22, 2006
Page 2

***Via Facsimile Transmission** (Letter Only)*
*and*
***Federal Express (With Enclosures)***

The documents previously produced (and for which you requested this information) show all of the sales at issue in this case. We have not produced the underlying invoices because those invoices would be enormously burdensome and expensive to duplicate, and in light of the records already provided, the information they contain would simply be redundant and cumulative. Previously, you had indicated that you preferred that Hasbro produce these documents. I would renew my request that you consider whether such production is necessary. If so, Hasbro will require that you pay for the reasonable costs of that production.

Very truly yours,

JEFFREY K. TECHENTIN
jtechentin@apslaw.com

Enclosures (*Federal Express Only)*

cc: Todd D. White, Esq.

*372786_1.doc*

F

ADLER POLLOCK & SHEEHAN P.C.

One Citizens Plaza, 8th floor
Providence, RI 02903-1345
Telephone 401-274-7200
Fax 401-751-0604 / 351-4607

175 Federal Street
Boston, MA 02110-2890
Telephone 617-482-0600
Fax 617-482-0604

www.apslaw.com

March 14, 2006

Dariush Keyhani, Esq.
Meredith & Keyhani, PLLC
330 Madison Avenue, 6th Floor
New York, NY 10017

Re: Inventor's Greenhouse, et al. v. Hasbro, Inc., et al.
C.A. No. 05-246S

Dear Dariush:

Please be advised that we just received from our client a banker's box filled with invoice information concerning a wide variety of toys sold to distributors. As you recall, as part of your document request you had asked Jeff Techentin to produce all the invoices which may provide back-up to the sales figures we have provided.

The banker's box we have received is stacked with thousands of invoices. I would suggest that it may be worth having Mark Morse come to this office to take a look at these documents and report back to you before you want a full production. The invoices we have are the originals sent to us from Hasbro. I expect that copying all of these documents will be very expensive.

I will await your instructions.

Very truly yours,

Todd D. White

TODD D. WHITE
TDW:sjt

cc: Mark B. Morse, Esq.
Jeffrey K. Techentin, Esq.

374936_1.doc

MEREDITH & KEYHANI, PLLC

www.meredithkeyhani.com

March 23, 2006

Todd D. White, Esq.
Adler Pollock & Sheehan P.C.
One Citizen Plaza, 8th Floor
Providence, RI 02903
Via Facsimile: (401) 751-0604

Re: Inventor's Greenhouse v. Hasbro, Inc.
CA NO: 05-246S

Dear Todd:

In Plaintiffs' First Requests for Documents and Things ("Plaintiffs' Requests") served on August 31, 2005 (almost seven months ago), in numerous telephone conferences, in my October 18 and 20, 2005 letters, and at our October 25 and December 8, 2005 meetings in Providence, I specifically requested documents and sales records for all Defendants' toys specified in Plaintiffs' Requests including "each and every talking and/or speaking characterized toy it has sold since January 2001". Again, in my January 13, 2006 letter and subsequent communications, I have brought these requests to your attention, but you continue to evade production.

On March 13, 2006 in yet another follow-up email (attached printout of email), I requested the production of sales records regarding specific toys and toys with specific SKU numbers and the opportunity to inspect Hasbro's sales documents as they are kept in the ordinary course of business,[1] but I received no reply. Once again, I ask that you please provide the documents requested and a date and time for on-site inspection at Defendants' offices of all documents requested pursuant to Plaintiffs' Requests.[2] Among others tactics of evading production, we have been repeatedly given the excuse of the high cost of photocopying documents. In the global electronic/digital world, clearly Defendants (multinational/multi-billion dollar revenue companies) maintain their sales records in spreadsheets and in digital/electronic form; we demand that Defendants

[1] As of yet, you have only produced what I believe you refer to as "summary documentation of net sales" for some of the toys, but we have no way to confirm the completeness nor the accuracy of these "summaries", let alone the fact that these reports don't include all the toys at issue or even those we are aware of and have specifically identified.

[2] I received your letter dated March 14, 2006 regarding your suggestion to review invoices at your offices, but in addition to the invoices, more importantly, we request to go on-site to Hasbro's offices to review and copy all documents requested as they are kept in their in the ordinary course of business – we are entitled to enter Defendants' offices and inspect and copy the requested documents pursuant to Rule 34 of the Federal Rules of Civil Procedure.

New York Office
330 Madison Avenue
6th Floor
New York, New York 10017

5 Independence Way
Suite 300
Princeton, NJ 08540

produce at once all sales data/records of all toys characterized/identified in Plaintiffs' Requests in digital/electronic form as they are kept in the ordinary course of business.[3]

Further, as requested in Plaintiffs' Requests,[4] we urge Defendants to produce at once all documents/communications including emails/electronic communications between all employees of Defendants including, but not limited to, communications from and between David Maurer, Pamela Hagy, Salvatore C. Di Santo, Jr., Joe Ferandes and any and all other individuals regarding the decision(s) to pay/not pay royalties to Plaintiffs on particular toys and/or the designation of toys as falling within the scope of the TALKIN' TOOLS idea/concept under the Inventor License Agreement entered into on September 29, 2000.

If we do not receive the documents requested within five (5) business days, I will move to compel production pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and demand that you pay the reasonable expenses and attorneys' fees associated with this motion.

Very truly yours,

Dariush Keyhani[5]

cc: Mark B. Morse, Esq.

[3] Note the term "documents" in Plaintiffs' Requests were conspicuously defined very broad to include, *inter alia*, "all non-paper information storage means such as e-mails, sound reproductions, computer inputs and outputs, tape, film and computer memory devices".
[4] See Plaintiffs' Requests Numbered 1 and 10.
[5] Admitted before the Southern District, Eastern District, and Western District of NY and NJ Bar