**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS, Plaintiffs, | ) | |
| -against- | ) | CA NO: 05-246S |
| HASBRO, INC. and HASBRO INTERNATIONAL, INC. Defendants. | ) | |

**REPLY MEMORANDUM TO RESPONSE OF DEFENDANTS TO PLAINTIFFS' SUPPLEMENTAL BRIEF ("RESPONSE MEMORANDUM")**

In Defendants' Response Memorandum, Defendants appear to argue that they disregarded and/or failed to comply with the Court's June 13, 2006 Order because Plaintiffs' through the course of discovery have changed the nature of the information they requested. This argument is not justifiable.[1]

Plaintiffs, as required under the Rules of Civil Procedure, have requested in their Requests for Documents and in follow-up correspondence that Defendants produce their sales information as they are kept in the ordinary course of business. It is indisputable that Defendants in the ordinary course of business maintain their sales information in a global sales technology system called SAP and do not use individual invoices or purchase

[1] The only issue before the Court here is whether Defendants should be adjudged in contempt. In its June 13, 2006 Order, the Court provided specific instructions on what Defendants were to produce, by when they were to be produced and directed Defendants that if they could not produce the information requested by the ordered deadline, Defendants would need to file a motion for an extension with the Court, but an extension was unlikely to be granted.

order forms in maintaining and/or managing their sales information;[2] thus, any sales information to be produced pursuant to Federal Rules and this Court's Orders would have to be directly downloaded from SAP.[3] All Defendants have needed/need to do is to certify/verify what information they had downloaded from SAP– which Defendants have yet to do.[4]

In Plaintiffs' February 15, 2006 email to Defendants (Exhibit A, Response Memorandum), Plaintiffs asks for clarification as to the source of the "summaries" Defendants provided[5]:

> I received some documents from your office bate numbered HA 003746-HA004120. **Are these documents copies of what is kept in the normal course of business or were these summaries prepared especially for this litigation** (Emphasis added)?

---

[2] Defendants' counsel in Defendants' Response Memorandum concedes that Defendants in their regular course of business do not review invoices/purchase orders, "Hasbro's regular business in which is regularly audited as a matter of course, neither internal nor external auditors have ever asked for, no less attempt to review individual invoice/purchase order…" Further, Defendants in their Response Memorandum fail to refute any of the other facts Plaintiffs assert as indisputable in their Supplemental Motion (p. 3) including: (1) that SAP is Defendants' "global sales system"; and (2) Defendants maintain their sales information on SAP readily accessible up to the day, by product SKU number, date, etc. for sales of all of Defendants' products sold at the thirty-nine (39) locations around the world. Yet, Defendants after being ordered by the Court to produce the sales information for the items at issue listed in Plaintiffs' letter, produced tens of thousands of invoices and purchase order forms scanned onto CD-ROMs.

[3] Invoices/purchase order documents are only secondary/supplemental information for which their usefulness is limited to spot checking (as auditors may do) that every product/SKU number at issue, geographic locations, dates and other appropriate fields were included in the queries ran and downloaded from SAP.

[4] Attached is **Exhibit A**, a letter Plaintiffs' sent to Defendants via facsimile on September 21, 2006 after receiving a letter from the Defendants the same day (**Exhibit B**) where Defendants again use the vague term "sales summary information" without certifying/verifying what exactly they were sending over on their 11th CD-ROM, where did the this information come from, how was it collected, by who, and whether the appropriate queries had been run and directly downloaded from Defendants' SAP system where Defendants maintain their sales information in their ordinary course of business.

[5] At this time Plaintiffs did not know how Defendants maintained their sales information in their normal/ordinary course of business – After deposing Defendants' Manager of Sale Expense, Joe Fernandez, months later Plaintiffs become aware that Defendants maintain their sales information in SAP. Defendants, of course, have all along known how they maintain their sales information in the ordinary course of business and what needed to be produced and have continued to play "hide the ball."

Defendants, of course, never answer Plaintiffs' question (See Exhibit B of Defendants' Response Memorandum). It now appears (though never verified by Defendants) that Defendants, in producing documents HA 003746-HA004120, had downloaded the sales information from SAP to create what they vaguely referred to as "summaries"[6] – if these "summaries" were in fact downloaded from SAP, they were done by deliberately limiting the queries to an <u>incomplete</u> list of products/SKU numbers, dates and other fields and parameters.[7]

When this Court on June 13, 2006 ordered that Defendants produce sales information for products listed in Plaintiffs' June, 15, 2006 letter on CD-ROM, Defendants and their counsel knew exactly what they were suppose to do – go to their SAP system, where Defendants maintain their sales information in their regular course of business, run the queries for the thirty-one (31) items in English and all their corresponding SKU numbers at issue for all sales from around globe (39 sources) from January of 1998 to the present, download this information on to a CD-ROM, provide verification as to the queries that had been run and downloaded, and mail this information to Plaintiffs before July 13 2006; this Court gave the Defendants thirty days to carry out this task, they only needed one day, yet they chose not to comply with the Court's Order.

[6] Defendants have and continue to use the vague term "summaries" without any explanation, certification and/or verification in order to avoid accountability as to whether they have complied with their obligations under the Rules and the Court's Order; without verification and/or certification by Defendants as to what queries were run and downloaded off of Defendants' SAP systems, there is no way for Plaintiffs' or the Court to know what exactly the "summaries" produced represent and to what extent the "summaries" are representative, if at all, of all of Defendants' global sales for all the items at issue in this case.

[7] Plaintiffs at the time rightfully objected to the production of these "summaries" because they appeared on their face to be a sham as they did not include many products/SKU numbers for toys that Defendants and their counsel knew were at issue and in dispute – Defendants even failed to disclose all the SKU numbers corresponding to toys in dispute. Further, even "sales summaries" that the Defendants produced after the Court's Order, as was stated earlier, were limited to only fourteen items, no more than two reporting sources, and did not include sales information for at the last seven months.

Date: October 1, 2006

Respectfully submitted,
Plaintiffs,
By their attorneys,

/s/ Mark B.Morse
MARK B. MORSE
RI Bar Registration Number 3003
111 Wayland Avenue
Providence, RI 02906
(401) 831-0555 (telephone)
(401) 273-0937 (facsimile)
Mark@morselawoffice.com

/s/ Dariush Keyhani
DARIUSH KEYHANI
Meredith & Keyhani, PLLC
5 Independence Way
Suite 300
Princeton, NJ 08540
(609) 945-7406 (telephone)
(609) 228-4031 (facsimile)
dkeyhani@meredithkeyhani.com
(Appearing *Pro Hac Vice*)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of October, 2006 the within was filed electronically with the Court and that the attorneys of record are as listed below:

John Tarantino, Esq.
Todd D. White, Esq.
Jeffrey Tecehntin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

/s/ Mark B. Morse
Mark B. Morse