UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS, Plaintiffs, | : | |
| v. | : | CA NO: 05-246 S |
| HASBRO, INC. and HASBRO INTERNATIONAL, INC. Defendants. | : | |

**DEFENDANTS' OBJECTION TO MOTION TO AMEND COMPLAINT AND TO ADD CLAIM FOR FRAUD AND MISREPRESENTATION**

Defendants Hasbro, Inc. and Hasbro International, Inc. (collectively "Hasbro") object to Plaintiffs' Motion to Amend Complaint to Add Claims for Fraud and Misrepresentation. In support of this position, the Defendants attach their Memorandum of Law.

For the Defendants,

HASBRO, INC. and HASBRO INTERNATIONAL, INC.
By their Attorneys,

_/s/ Todd D. White_______________

John A. Tarantino (# 2586)
jtarantino@apslaw.com
Todd D. White (# 5943)
twhite@apslaw.com
Jeffrey K. Techentin (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of October, 2006, I electronically filed the attached Defendants' Objection to Motion to Amend Complaint and to Add Claim for Fraud and Misrepresentation with the court using the ECF system. The following counsel of record are registered with the court and will be served electronically through the ECF system:

Mark B. Morse, Esq.
The Law Offices of Mark B. Morse
111 Wayland Avenue
Providence, RI 02906

Dariush Keyhani, Esq.
Meredith & Keyhani, PLLC
5 Independence Way
Suite 300
Princeton, NJ 08540

_/s/ Todd D. White___________________

*395141_1.doc*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS, Plaintiffs, | : | |
| v. | : | CA NO: 05-246S |
| HASBRO, INC. and HASBRO INTERNATIONAL, INC. Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OBJECTION TO MOTION TO AMEND COMPLAINT TO ADD CLAIM FOR FRAUD AND MISREPRESENTATION**

Defendants Hasbro, Inc. and Hasbro International, Inc. (collectively "Hasbro") object to Plaintiffs' Motion to Amend Complaint to Add Claim for Fraud and Misrepresentation because allowing the requested amendment would be futile. As explained below, even if the

Court were to grant the motion to amend, the new contents of the Amended Complaint would be subject to dismissal under Rule 9 of the Federal Rules of Civil Procedure.

## I. FACTUAL BACKGROUND

On June 7, 2005, Plaintiffs Inventor's Greenhouse, Micro Pros Technology Solutions, and R.H. Baer Consultants (collectively, "Plaintiffs") filed this suit against Hasbro. In their Complaint, the Plaintiffs alleged, essentially, that they had licensed to Hasbro a certain idea for toys, known as "TALKIN' TOYS," and that Hasbro had failed to pay royalties to the Plaintiffs as was required under that license agreement. To that end, Plaintiffs have alleged Breach of Contract (Count I), Unjust Enrichment (Count

II), Breach of Fiduciary Duty (Count III), and Misappropriation of Ideas (Count IV). *See generally* Complaint at 4-5. Hasbro agrees that there is a license agreement between the Plaintiffs and Hasbro, but disagrees that it has failed to pay royalties as required.

In February of 2006, Plaintiffs attempted to Amend their Complaint to add a common law fraud count. Plaintiff's Motion was denied. One week later Plaintiffs again sought to amend their Complaint to add a common law fraud count and again this was denied. Plaintiffs now – fifteen months after filing suit – and after the discovery deadline has been extended twice purportedly so that Plaintiffs could more properly assess the sales of certain toy products bring a third motion to amend the Complaint to add a claim for fraud and misrepresentation.

The Plaintiffs' explanation for this amendment is to argue there is "clear evidence" of Fraud and Misrepresentation, while at the same time providing no evidence at all. Plaintiffs' seek to rattle their saber in this lawsuit by bringing up "fraud" whenever possible, despite the fact that there is no evidence to support such an allegation. Plaintiffs claim that Steve D'Aguanno, Stephen Toth and David Maurer provide deposition testimony which purportedly supports Plaintiffs' position. However, not surprisingly, Plaintiffs not only do not attach any such supporting deposition testimony to their Motion, they don't even cite any express testimony in their brief or their proposed amended Complaint.

Just as Plaintiffs attempted to move to amend their Complaint to add a claim for "common law fraud" seven months ago without any support, Plaintiffs now seek to amend to add a "fraud and misrepresentation" count without any support. Plaintiffs'

first effort at amending the Complaint to add fraud was based on Hasbro purportedly misrepresenting royalties. Plaintiffs' present attempt to add fraud is now, as Plaintiffs' assert "much more substantial" than Plaintiffs "have ever imagined." However, just as Plaintiffs' first two attempts to amend were futile, so, too, is this attempt because at the close of the third extended discovery deadline (October 3, 2006), Plaintiffs have not come forth with any evidence.

Plaintiffs offer no illuminating detail. Hasbro has produced literally tens of thousands of pages of documents in discovery. Plaintiffs have also taken the depositions of Hasbro employees (or former employees) Stephen Toth, Steve D'Aguanno, Dave Maurer and Joe Fernandez. Yet, still Plaintiffs do not provide any legitimate information that supports the allegation that that Hasbro misappropriated Plaintiff's toy submission or misrepresented Hasbro's position.

The evidence developed through more than fifteen (15) months of discovery reveals the following: In late November of 1998, Gary Carlin presented a video of a talking tape measure to Steve Toth.[1] Mr. Toth was working for the Tonka group in Cincinnati, Ohio. Mr. Toth reviewed the video and determined that the submission in this video – a talking tape measure which taught a child how to measure objects - was not something upon which the Tonka group wanted to enter into either an option to hold the idea or an actual Inventor's License Agreement. Mr. Carlin was free to show

[1] Plaintiffs erroneously characterize their submission as presenting a prototype when Mr. Toth testified as follows: "Q. Gary Carlin submitted a prototype for his idea submission to Hasbro, correct? A. No. Q. What did he submit? A. A video." Apparently, the actual testimony of the witness is not important to the plaintiffs – they would prefer to mischaracterize it to better serve their own purposes. (See, p. 57, l. 19 through p. 58, l. 2 of Exhibit C.)

this video to anyone he wanted. Mr. Carlin chose to show this same toy to Hasbro's Pawtucket division known as the Pre-school group.

In February of 1999, Mr. Carlin presented the talking tape measure to Dave Maurer of Hasbro's Pre-school group. After the review of this submission, Mr. Maurer indicated to Mr. Carlin this was not something upon which the Pre-school group wanted to enter into either an option to hold the idea or an actual Inventor's License Agreement. Again, Mr. Carlin was free to show this prototype to anyone he wanted.

Prior to these two presentations, Hasbro began developing talking trucks as part of its Tonka group. (See, Exhibit A dated May 13, 1996.) Even Mr. Carlin conceded that "Chuck" (the talking truck) predated his Agreement.[2] (See, p. 88, l. 13-15 of attached Exhibit B.) Hasbro's internal inventors (designers) sought to expand this talking truck concept into other boys' toys. The designers decided that a natural extension was to develop an interactive workbench[3] that would talk. At no time did Steve Toth testify that this was anything but an internal Hasbro development. In fact, on this particular subject, Mr. Toth responded under oath to Plaintiffs' counsel's questions as follows:

Q. Who created this tool bench?
A. A designer at Hasbro's Cincinnati office.
Q. Do you know the designer's name?
A. No, I do not.

(See, p. 64, l. 8-12 of Exhibit C.) Mr. Toth testified that he did not recall the designer's name because this occurred more than six years ago. Mr. Toth has not worked for

[2] In fact when Mr. Toth was asked at his deposition by Plaintiffs' counsel when Chuck was created he stated: "A. I'm going to say in – it was probably in the '98 toy catalogue. Q. And that would mean it was created before 1998? A. Correct. A year before, probably."(See, p. 35, l 16-19 of Exhibit C.)

[3] Toy tools and toy workbenches have been around for over a twenty years. See, on the internet Fisher-Price's Tool Kit (1979-1981); Fisher-Price's Plastic Workbench (1981-1986); Fisher-Price's Workshop Tools (1987).

Hasbro since the consolidation of Tonka to Pawtucket in 2000. Mr. Toth now works for Fisher-Price, a direct competitor of Hasbro. Therefore, Mr. Toth would have no motivation to fabricate his testimony or lend support to a company from which he was laid off. Nevertheless, when pressed on this topic, the following dialogue ensued:

> Q. So you don't know for a fact whether a designer at Hasbro, in fact, created this bench?
> A. Yes, I know for a fact that a designer at Hasbro created this bench. Who he is, I do not recall, or she.
> Q. . . . Okay. Again, what is your basis for knowing that a designer at Hasbro created this tool bench?
> A. My basis is the fact that when it was presented at this product presentation that I referred to earlier, it was presented by the designer that created and developed it.

(See, p. 65, l. 4-8; 11-16 of Exhibit C.) Plaintiffs hope that all of this testimony leads to some intrigue. Although a hollow hope it is, said hope could only prosper into a valid allegation if the toy which was being discussed was a toy actually submitted by Plaintiffs for consideration to Hasbro. The fact is that neither the Plaintiffs nor anyone else proposed a workbench to Hasbro. Moreover, the toy prototype which was submitted – a tape measure – was and is a toy for which Hasbro is actually paying the Plaintiffs royalties. Now, however, Plaintiffs seek to amend their Complaint to add a fraud and misrepresentation count concerning a toy that Plaintiffs never presented.

As part of the workbench concept, Hasbro's internal designers determined that certain tools should be developed. As this idea came to fruition, Mr. Toth recalled that more than a year earlier Mr. Carlin had presented the videotape of the talking tape measure. Therefore, Mr. Toth determined that the proper course of action would be to contact Mr. Carlin and enter into a license agreement based on his prior submission. However, in contradiction to the Plaintiffs present position, Mr. Toth never claimed that

the workbench was similar to, or an extension of, Gary Carlin's submission. In fact, Mr. Toth testified to just the opposite:

Q. Why did you think the tool bench was similar to Gary Carlin's idea submission?
A. It wasn't the tool bench. It was the tools which came with it – or, specifically the accessories sold in conjunction with the tool bench.
Q. Why did you think that those items were similar to Gary Carlin's idea submission?
A. They were characterized and they talked.

(See, p. 62, l. 2-9 of Exhibit C.)

Because Hasbro was developing toy tools which interacted with the work bench, and despite the fact that Hasbro had no Agreement with Mr. Carlin, Steve Toth *sua sponte* contacted Gary Carlin to offer an Inventor's Licensing Agreement. Thereafter, Mr. Carlin entered the Agreement which provided that he would be paid for talking toy tools such as a tape measure, hammer, screwdriver and pliers (the extensions of tape measure which he presented). The Agreement expressly carved out the workbench, however, because it was an internal Hasbro development and not a toy that Plaintiffs ever suggested.

Attached to their Motion, Plaintiffs provide a proposed Amended Complaint with "Count V – Fraud and Misrepresentation." Plaintiffs include twenty-seven (27) additional paragraphs in this Count. All of the paragraphs collectively may make out an "allegation" but still at the close of discovery, no evidence to support this allegation. Plaintiffs point to the development of the workbench after November 30, 1998; that is true. However, at what consequence? At no time did Mr. Carlin present a talking workbench as a toy prototype or video. Plaintiffs also present an email from Derek Stothard to Wendy Buesling dated September 26, 2000 which indicates that a "2%

royalty hit" would have to be paid. That is also true – Plaintiffs, by their own admission, were contacted by Steve Toth on September 20, 2000 concerning a royalty payment. Thus, it is not surprising that six days later an internal communication acknowledges a 2% royalty payment. Plaintiffs have not cited to any evidence which establishes fraud or misrepresentation. Plaintiffs were paid and continue to be paid an inventor's royalty on the concept they presented – talking toy tools such as a tape measure, hammer, screwdriver and pliers. Not surprisingly, Plaintiffs agreed that they would not be compensated on a talking workbench – a concept Plaintiffs <u>never</u> presented.

Nevertheless, on the strength of this explanation, the Plaintiffs now seek to amend the Complaint to add a claim for fraud and misrepresentation. *See* Proposed Amended Complaint at ¶¶ 55-81. The text of the proposed amendments offer no more legitimate information regarding the nature of the Plaintiffs' allegations.

## II. ARGUMENT

### PLAINTIFFS' MOTION TO AMEND SHOULD BE DENIED AS FUTILE

The Federal Rules of Civil Procedure provide that leave to amend a pleading should be "freely given when justice so requires." Fed. R. Civ. P. Rule 15. Leave to amend should be denied as contrary to the interests of justice, however, if the proposed amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962). The clearest example of futility exists where the amended complaint would be subject to immediate dismissal pursuant to either Rule 12(b)(6) or other legal grounds. *Hayden v. Grayson,* 134 F.3d 449, 455-56 (1st Cir. 1998) (amendment deemed futile for "failure to state a claim for which relief can be granted"); *see also Maine State Building and Const.*

*Trades Council v. United States Dept. of Labor*, 359 F.3d 14, 19 (1st Cir. 2004) (same). Indeed, the First Circuit has instructed that "[w]here an amendment would be futile or would serve no legitimate purpose, the district court should not needlessly prolong matters." *Hatch v. Department for Children, Youth and Their Families*, 274 F.3d 12, 19 (1st Cir. 2001) (original source of quotation omitted).

Plaintiff's proposed amendment would be subject to immediate dismissal, and is therefore futile because the allegations that make up the proposed Fraud and Misrepresentation claim are pled in insufficient specificity and with a lack of evidence as to justify immediate dismissal under Rule 9(b).

Federal Rules of Civil Procedure Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. Rule 9(b). As a result of this heightened pleading requirement, a plaintiff that wishes to assert a fraud claim is obligated to "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Suna v. Bailey Corp.*, 107 F.3d 64, 73 (1st Cir. 1997). Stated differently, the plaintiff must plead the "who, what, when, where, and why" of the alleged fraud. The purpose of these requirements are to "give notice to defendants of the plaintiffs' claim, to protect defendants whose reputation may be harmed by meritless claims of fraud, to discourage 'strike suits,' and to prevent the filing of suits that simply hope to uncover relevant information during discovery." *U.S. ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 226 (1st Cir. 2004) (quoting *Doyle v. Hasbro, Inc.*, F.3d 186, 194 (1st Cir. 1996)). The appropriate remedy for failure to

satisfy the requirements of Rule 9(b) is dismissal of the complaint. *See Suna*, 107 F.3d at 73 (1st Cir. 1997).

The proposed Fraud and Misrepresentation claim does not even attempt to identify, much less state with specificity, "the statements [or omissions] that the plaintiff contends were fraudulent" as required in the first prong of the Rule 9(b) test. Plaintiffs fail to identify the statements made by Hasbro that constitute the alleged misrepresentation. Nor do Plaintiffs make any attempt either to identify the speaker or indicate when or where the alleged statements were made (or should have been made). Obviously, the Hasbro defendants are corporations, but they act through individual persons. It is these persons that must be identified under Rule 9(b), not their employer(s). Moreover, generally mischaracterizing Mr. Toth's testimony, while failing to ever specifically cite it, is of no avail.

Finally, Plaintiffs fail to even attempt to satisfy what is arguably the most important aspect of the Rule 9(b) test and "explain why the statements were fraudulent." These missing allegations should inform the Court and Hasbro of Plaintiffs' legal theory sufficiently to permit them to determine whether or not Plaintiffs have stated a claim and, if so, how to defend against it. Plaintiffs' reasoning is fairly obvious: by precluding effective analysis and defense of their fraud claim, Plaintiffs' hope to buy time to conduct discovery and dig up some evidentiary support. By suggesting that Defendants may have an extension of time to conduct a defense to this theory, Plaintiffs have indicated their hope that they may obtain sufficient time to try to support this theory. This is precisely the litigation tactic that the First Circuit proscribed in *U.S. ex rel. Karvelas v. Melrose-Wakefield Hosp.* *See* 360 F.3d at 226.

Plaintiffs have waited until beyond the eleventh hour to change their point of attack. They have done so knowing that the Defendants have not undertaken any discovery on this new theory. They do so without sufficient supporting evidenced to even make out a colorable claim. And they do so after discovery has been extended on two occasions so Plaintiffs could ostensibly obtain more documentary information on the measure of royalty payments, not the origination of the work bench concept.

## III. CONCLUSION

Because the Plaintiffs have waited until the close of discovery; have put forward a new theory without sufficient evidentiary support; and have done so to the prejudice of the Defendants, Hasbro requests that Plaintiffs' Motion to Amend Complaint to Add Claim for Fraud and Misrepresentation be denied.

Respectfully submitted,

Hasbro, Inc. and Hasbro
International, Inc.,
By its Attorneys,

__/s/ Todd D. White_____________

John A. Tarantino (# 2586)
jtarantino@apslaw.com
Todd D. White (# 5943)
twhite@apslaw.com
Jeffrey K. Techentin (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: October 3, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of October, 2006, I electronically filed the attached Memorandum of Law in Support of Defendants' Objection to Motion to Amend Complaint to Add Claim for Fraud and Misrepresentation with the court using the ECF system. The following counsel of record are registered with the court and will be served electronically through the ECF system:

Mark B. Morse
111 Wayland Avenue
Providence, RI 02906

Dariush Keyhani
5 Independence Way, Suite 300
Princeton, NJ 08540

_/s/ Todd D. White _____________

*395141_1.doc*