UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

INVENTOR'S GREENHOUSE, MICRO :
PROS TECHNOLOGY SOLUTIONS, and :
R.H. BAER CONSULTANTS, :
Plaintiffs, :
:
v. : CA NO: 05-246 S
:
HASBRO, INC. and HASBRO :
INTERNATIONAL, INC. :
Defendants. :

**DEFENDANTS' MOTION TO STRIKE**

NOW COMES the Defendant Hasbro, Inc. and Hasbro International, Inc. ("Hasbro") and hereby move to strike the deposition subpoenas served upon Wal-Mart and Target by the Plaintiffs, as well as any documents obtained pursuant to those subpoenas. Plaintiffs failed to notice the Defendants about the issuance of these subpoenas and obtained documents in violation of Rule 45(b)(1) of the Federal Rules of Civil Procedure.

Defendants refer this Court to their attached Memorandum of Law in Support of this Motion.

For the Defendants,
HASBRO, INC. and HASBRO
INTERNATIONAL, INC.
By their Attorneys,

_/s/ Todd D. White___________________

John A. Tarantino (# 2586)
Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
jtarantino@apslaw.com
twhite@apslaw.com
jtechentin@apslaw.com

CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of October 2006, I electronically filed the attached Defendants' Motion to Strike with the court using the ECF system. The following counsel of record are registered with the court and will be served electronically through the ECF system:

Mark B. Morse, Esq.
The Law Offices of Mark B. Morse
111 Wayland Avenue
Providence, RI 02906

Dariush Keyhani, Esq.
Meredith & Keyhani, PLLC
5 Independence Way
Suite 300
Princeton, NJ 08540

_/s/ Todd D. White_________________

*389878_1.doc*

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS, Plaintiffs, | : | |
| v. | : | CA NO: 05-246 S |
| HASBRO, INC. and HASBRO INTERNATIONAL, INC. Defendants. | : | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE**

Defendants Hasbro, Inc. and Hasbro International, Inc. ("Hasbro") have learned that Plaintiffs' counsel had subpoenaed documents from Wal-Mart and Target. Apparently, through these two subpoenas Plaintiffs' counsel was seeking copies of invoices and/or purchase orders from both of these retailers concerning Hasbro's "talking toy tools." Pursuant to Rule 45(b)(1), Plaintiffs' counsel is obligated as follows with regard to service of a deposition subpoena:

> Prior notice of any commanded production of documents and things or inspection of premises before trial shall be served on each party in the manner prescribed by Rule 5(b).

Rule 5(b) of the Federal Rules of Civil Procedure sets forth the manner of acceptable service upon a party represented by an attorney. Said service includes delivering a copy to the person by hand delivery; leaving it at the person's office; leaving it at the person's dwelling house or usual place of abode; mailing a copy to the last known address; and if the person has no last known address, leaving a copy with the clerk of court or delivering a copy by other means consented to in writing by the person served.

Plaintiffs' counsel failed to make any form of service or even provide notice to Defendants' counsel relative to subpoenaing the documents from Wal-Mart and Target. In fact, had it not been for reviewing an affidavit filed by the plaintiffs' counsel in a qualified opposition to a motion, defendants' counsel would never have known that such documents had been purportedly subpoenaed and received. (See attached Exhibit A.)

Whether by intent or inadvertence, plaintiffs' counsel has failed to comply with the rules of notice for subpoenaing documents. As such, the subpoena should be stricken and all of the documents obtained from those subpoenas should be precluded from use in any motion, hearing or trial concerning this matter.

In Butler v. Biocore Medical Technologies, Inc., 348 F.3d 1163 (10th Cir. 2003) the Tenth Circuit Court of Appeals determined that not only does Rule 45(b)(1) require notice to be given to the other side prior to the documents being provided, it also requires notice to be given prior to the service of the subpoena. Id. at 1173 (emphasis added). The rationale for this is obvious. The "purpose behind the notice requirement is to provide opposing counsel an opportunity to object to the subpoena" Biocore, 181 F.R.D. at 667. The Tenth Circuit reasoned as follows:

> A contrary interpretation of Rule 45(b)(1), as noted by the District Court "would allow a party to mail notice to opposing counsel one day prior to the day of compliance effectively prohibiting counsel from responding."

Id. at 1173, Biocore, 181 F.R.D. at 667.

WHEREFORE, Hasbro respectfully requests that the subpoenas, apparently having already been served and acted upon, be technically stricken and all documents emanating therefrom be precluded from use in any manner relative to this case.

For the Defendants,
HASBRO, INC. and HASBRO
INTERNATIONAL, INC.
By their Attorneys,

_/s/ Todd D. White___________________
John A. Tarantino (# 2586)
Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
jtarantino@apslaw.com
twhite@apslaw.com
jtechentin@apslaw.com

CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of October 2006, I electronically filed the attached Defendants' Memorandum in Support of Motion to Strike with the court using the ECF system. The following counsel of record are registered with the court and will be served electronically through the ECF system:

Mark B. Morse, Esq.
The Law Offices of Mark B. Morse
111 Wayland Avenue
Providence, RI 02906

Dariush Keyhani, Esq.
Meredith & Keyhani, PLLC
5 Independence Way
Suite 300
Princeton, NJ 08540

_/s/ Todd D. White_________________

*389878_1.doc*