**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS,<br>Plaintiffs,<br><br>v.<br><br>HASBRO, INC. and HASBRO INTERNATIONAL, INC.<br>Defendants. | ) | **CA NO: 05-246S** |

**REPLY TO DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION TO AMEND COMPLAINT TO ADD CLAIM FOR FRAUD AND MISREPRESENTATION**

## I. CLARIFICATION OF THE FACTUAL BACKGROUND

Defendants' Objection to Plaintiffs' Motion to Amend Complaint to Add Claim for Fraud and Misrepresentation (hereinafter Defendants' Objection) contains numerous claims of delay on the part of the Plaintiffs. Quite to the contrary, it is the Defendants who have engaged in dilatory and proscribed tactics that has required repeated extensions to the discovery schedule.[1]

Plaintiffs' previous two motions to amend the complaint were dismissed without prejudice in March, 2006 with the Court's direction and express intent that Plaintiffs could bring their motion again after further discovery that would provide the requisite

[1] Because of Defendants' blatant disregard for their obligations under rules of discovery, Plaintiffs were forced to file a motion for Order to Compel which was granted to the extent it required Defendants to produce sales information for products identified Plaintiffs by July 13, 2006. Because Defendants failed to produce the information required under Order, Plaintiffs were then again forced to file a motion to Adjudge Defendants in Contempt which is currently pending before the Court. Further, because of Defendants' failure to produce the sales information under Order, a further extension will be necessary to employees of Defendants with respect to this information once produce as well as further discovery of the facts underlying Plaintiffs' fraud claim in the instant motion if granted.

level of particularity for the claims of fraud being asserted.[2] Because of Defendants' failure to come forth with sales information requested (the issue now pending before the Court by Plaintiffs' Motion to Adjudge Defendants in Contempt), Plaintiffs have yet to been able to assess the accuracy of the royalty reports in question that were the subject of Plaintiffs' earlier motions to amend their complaint to add their claims for fraud.

Notwithstanding the Defendants' lack of compliance with the Court's orders regarding discovery, Plaintiffs have diligently reviewed thousands of pages of documents where the most material evidence was often buried in piles of irrelevant information and clearly not produced as kept in the ordinary course of business. Over the past few months Plaintiffs have also conducted numerous depositions that have given context to the documents produced and support Plaintiffs' conclusion that Defendants have engaged fraud. It is now apparent, as alleged in Plaintiffs' proposed Amended Complaint, that Defendants' fraudulent conduct pre-dates Defendants' first contact with Plaintiffs and Defendants' first offer of a license agreement (on or about September 20, 2006) to Plaintiffs was in perpetuation and part of a conspiracy to commit fraud already being committed by the Defendants.

## II. PLAINTIFFS' PROPOSED AMENDED COMPLAINT IS NOT FUTILE AS IT DOES STATE A CLAIM UPON WHICH RELIEF FOR FRAUD CAN BE GRANTED

Defendants correctly point out that leave to amend a pleading should be "freely given when justice so requires." Fed. R. Civ. Pro. 15. Plaintiffs concede that leave to amend should be denied if the proposed amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182, 1962. Plaintiffs also agree that the futility exists where the amended complaint would be subject to dismissal pursuant to Fed. R. Civ. Pro 12(b)(6).

[2] See Court's Order Denying Second Motion to Amend Complaint.

Defendants state that Plaintiffs' proposed Amended Complaint would be dismissed as futile under Rule 12(b)(6) because Plaintiffs have not complied with the particularity requirement of Fed. R. of Civ. Pro. 9(b).[3]

While raising the specter of Rule 12(b)(6) dismissal, the Defendants curiously do not recite the standards applied to such an action. This is crucial as "[a] 12(b)(6) motion should not be granted unless it appears beyond doubt that the opposing party can prove no set of facts in support of his claim which would entitle him to relief." *Concerned Citizens of Smithfield v. Town of Smithfield*, 719 F.Supp. 75, 77 (D.R.I. 1989) (*quoting Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The 12(b)(6) standard applied in the First Circuit is to "accept all well-pleaded facts as true and accord the plaintiff the benefit of all reasonable inferences." *Maldonado v. Dominguez,* 137 F.3d 1, C.A.1 (Puerto Rico), 1998. See also *LeBlanc v. Great Am. Ins. Co.*, 6 F.3d 836, 841 (1st Cir.1993). And Defendants do not point out that "In making that determination the complaint should be construed in the light most favorable to the party against whom the motion is directed." 719 *Smithfield* at 77 *quoting Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The *Smithfield* court also noted that "[e]very doubt must be resolved in the opponents favor, and all well pleaded allegations of the complaint must be accepted as true." *Smithfield* at 77.

"Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted. See 3 Moore's Federal Practice ¶ 15.08[4], at 15-80 (2d ed.1993); see also Vargas v. McNamara, 608 F.2d 15, 17 (1st Cir.1979). In reviewing for futility, "the [ ] court applies the same standard of legal sufficiency as applies to a Rule

---

[3] Defendants' Objection, 7-8. Defendants also mention "other legal grounds," but do not specify any.

12(b)(6) motion." 3 Moore's, ¶ 15.08[4], at 15-81. *In Glassman v. Computervision Corp.*, 90 F.3d 617, 622, C.A.1 (Mass.), 1996. The *Glassman* court noted that "[t]here is no practical difference, in terms of review, between a denial of a motion to amend based on futility and the grant of a motion to dismiss for failure to state a claim. *Glassman* at 623.

## III. PLAINTIFFS PLEAD FRAUD AND MISREPRESENTATION WITH PARTICULARITY

In a claim of fraud, the pleadings are controlled by Rule 9(b) which requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. Pro. 9(b).

Defendants state that with regard to a fraud claim, a plaintiff is obligated to "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent. *Suna v. Bailey Corp,* 107 F.3d 6, 73 (1st Cir. 1997).

In paragraphs 55 through 81 of the proposed Amended Complaint lay out with great particularity the statements contended to be fraudulent, the identities of the speakers, the where and when and the statements were made, and why these statements were fraudulent.[4]

Throughout their Objection Defendants assert that Plaintiffs provide no "clear evidence," to support the claims in the Plaintiffs' Motion to Amend.[5] It is a well recognized premise of procedure in U.S. courts that no evidence is required to plead a

[4] The common law definition of fraud is concealing facts; inducing reliance on the misrepresented facts; and the deceived party justifiably relying on the misrepresentations to their damage. These elements are met in the proposed Amended Complaint.

[5] Defendants' Objection at 2, 3, 4, 6 and 7.

claim. The proposed Amended Complaint contains allegations with much more particularity than required under the Rules to allege fraud and misrepresentation.[6]

Yet Defendants provide pages of facts in their Objection attempting to refute the "evidence" they claim is not part of the proposed Amended Complaint.[7] By offering their own dubious evidence[8] and attempting to refute Plaintiffs' statements with same, Defendants, in effect, concede that Plaintiffs have stated a claim upon which relief can be granted and that there is a dispute of fact that they feel the need to argue. There is already much evidence that Defendants fraudulently mislead and misrepresented to the Plaintiffs that "Talkin' Tools Workbench" was independently and internally conceived[9]

---

[6] "The clear weight of authority is the Rule 9 requires specification of the time, place and content of the alleged false representation, but not the circumstance *or evidence* from which fraudulent intent could be inferred." *McGinty v. Beranger Volkswagen, Inc*., 633 F.2d 226, 228, (D. Mass 1980). Emphasis added.

[7] An example of Defendants' claimed "non-evidence" includes their refutation in Defendants' Objection (Defendants Objection at 6) of an admission by an employee of Defendants about a "royalty hit" of 2% for the "Talkin' Tool Bench," uncovered during discovery. See Defendants' email at issue that was presented by Plaintiffs as Exhibit D of Plaintiffs' proposed Amended Complaint.

[8] Contrary to Defendants claim in Defendant's Objection at 4-7, Mr. Toth's statements are not those of a neutral observer. Mr. Toth testified under oath that he met in Buffalo, New York with Todd White, Defendants' counsel, alongside counsel for Fisher Price (his current employer) under the protection of attorney- client privilege weeks before his deposition where he was presented with documents to review that are at the center of this dispute and that had been bee presented as exhibits in previous depositions of Defendants' employees including David Maurer. It is also worth noting that Mr. Toth's is named in the Amended Complaint as Defendants' front man and Defendants' representative who participated in and forwarded the fraud and misrepresentation on behalf of the Defendants that are the subject of the fraud claimed - Mr. Toth is clearly an interested party with much interest in sticking to Defendants' position in their defense. In any event, Mr. Toth testimony or any other evidence presented at this time has no relevance with regard to whether Plaintiffs' have met their pleading requirements under Rule 9(b) or any other Rule.

[9] See attached Exhibit A, a drawing only produced on October 6, 2006 (after the close of current fact discovery schedule) by Defendants depicting the various "Talkin' Tools"; the document illustrates that the toy talking tape measure and other toy tools were all developed together as one play station and group by 6/30/2000 – this is prior to when Mr. Toth first contacted Plaintiffs in September of 2000 where he intentionally misrepresented to Plaintiffs that the "workbench" had no relationship to "Talkin' Tools" had been independently and internally conceived by a different group of Defendants. Also see Exhibit B, excerpts from the transcript of Joe Khan (October 3, 2006 deposition), a designer and former employee of Defendants who testified that the "Talkin' Tool Bench" was the first product designed and advertised to lead the "Talkin' Tools" line of toys that included a Talkin' tape measure, hammer and other toy tools. Further, see Exhibit C, testimony of Wendy Buelsing (October 3, 2006 deposition) another former employee of Defendants working in the same group, astonishingly described Defendants' "Talkin' Tools

and if Plaintiffs' instant motion is granted, Plaintiffs respectfully request some additional time for discovery to depose other key witnesses with direct knowledge of the facts and circumstances surrounding the development of the "Talkin' Tools Workbench" and other "Talkin' Tools" including David Voss, Derek Stothard, Todd Patrick, and Karl Christopherson, all of whom worked on the "Talkin's Tools" line of toys of the then Cincinnati branch of Defendants.

## IV. CONCLUSIONS

For the foregoing reasons, Plaintiffs respectfully request that the present motion for leave to file the aforementioned Amended Complaint be granted.

Date: October 13, 2006

Respectfully submitted,
Plaintiffs,
By their attorneys,

/s/ Mark B.Morse
MARK B. MORSE
RI Bar Registration Number 3003
111 Wayland Avenue
Providence, RI 02906
(401) 831-0555 (telephone)
(401) 273-0937 (facsimile)
Mark@morselawoffice.com

/s/ Dariush Keyhani
DARIUSH KEYHANI
Meredith & Keyhani, PLLC
5 Independence Way

---

Tape Measure" with the identical details and description as was disclosed by Plaintiffs' sample toy tape measure toy model submitted with Plaintiffs idea submission on November 30, 1998 – how could Ms. Buelsing been able to describe the details and specifics of a toy model that had been only submitted by Plaintiffs, if it had not been misappropriated and presented to her after having been formally turned down by Defendants. Furthermore, Defendants claim that Talkin' Tools Tool Bench ("workbench") was an expansion of Defendants' "talking truck" concept is in direct contradiction of what Mr. Toth provides on the License Request form (signed by Chris Connolly, Defendants' VP marketing, Derek Stothard, Marketing Director, Howard Bollinger, Senior VP, Product Concepts and others) where it describes Plaintiffs' "Submission's Unique Innovation": "Tools as talking characters – first to add chuck like personality to items other than vehicles for Tonka." See Exhibit D, License Request.

Suite 300
Princeton, NJ 08540
(609) 945-7406 (telephone)
(609) 228-4031 (facsimile)
dkeyhani@meredithkeyhani.com
(Appearing *Pro Hac Vice*)

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2006 the within was filed electronically with the Court and that the attorneys of record are as listed below:

John Tarantino, Esq.
Todd D. White, Esq.
Jeffrey Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

/s/ Mark B. Morse
Mark B. Morse