**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS, Plaintiffs, | ) | |
| VS | ) | CA NO: 05-246S |
| HASBRO, INC. and HASBRO INTERNATIONAL, INC. Defendants. | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE**

In Plaintiffs' Declaration served upon Defendants on August 5, 2006 (see Exhibit A of Defendants' Motion to Strike) Plaintiffs gave specific notice of the particular sales information that was requested in subpoenas *duces tecum* served[1] upon Wal-Mart and Target. Plaintiffs' Declaration also identified what sales information had been specifically requested from the two companies:

> On August 1, 2006 I submitted subpoenas for sales information for twenty-six (26) of Defendants' toys with SKU numbers identified in Defendants' July 12, 2006 letter to be served upon Wal-Mart and Target. (See Exhibit A of Defendants' Motion to Strike, Paragraph 2).

Defendants inadvertently failed to serve Defendants with copies of the subpoenas (see Exhibit A) contemporaneously, but Defendants were served with notice of these

[1] It important to note that Defendants wish to strike subpoenas that were issued by federal courts in two foreign jurisdictions: District of Minnesota and the Western District of Arkansas. Defendants did not submit a letter or file any objections to these subpoenas within fourteen (14) of being noticed as required under Rule 45(c) of the Federal Rules of Civil Procedure.

subpoenas no more than two days after Wal-Mart and Target corporations were served. Defendants had much time to challenge any aspect of the aforementioned subpoenas before the courts from which the subpoenas were issued prior to Plaintiffs ever receiving any information requested by the subpoenas. Yet Defendants did not raise any objection to the subpoenas at the time before these courts; rather, Defendants waited for two months and only until the day after the close of the scheduled fact discovery (October 4, 2006) to raise objection to Plaintiffs' subpoenas.[2]

It is important to note that Plaintiffs only resorted to the use of subpoenas to acquire sale information form non-parties after the Defendants failed to produce the sales information ordered to be produced that were not and the information requested in Plaintiffs subpoenas were well within the scope of the sales information under this Court's Order.[3] Defendants have no reasonable basis for arguing prejudice, did not raise the instant objection in a timely manner before the courts for which the subpoenas were issued, and did not confer with Plaintiffs' counsel before filing the motion at issue before this Court. Striking Defendants subpoenas that are substantively unassailable on a technicality would only cause greater cost and financial burden on Defendants and waste the time and resources of Defendants and non-parties to this case – all of which would not have been necessary in the first place had Defendants complied with this Court's

[2] Had Defendants, as this Court has repeatedly directed counsel communicate and work together to resolve discovery issues, communicated (by picking up the phone) with Plaintiffs counsel and indicated that they had not been served with the aforementioned subpoenas, Plaintiffs would have immediately submitted a courtesy copy of the subpoenas via facsimile and would have served them upon the Defendants at once. When Plaintiffs were made aware of Defendants' Objection to the subpoenas, Defendants submitted copies of the aforementioned subpoenas via facsimile and served a copy of them upon Defendants via the U.S. Postal Office.

[3] In fact, Plaintiffs in their subpoenas only requested sales information for product SKU numbers disclosed by Defendants themselves in their July 12, 2006 letter and Plaintiffs limited their requests for sales information to sales from January 2003 to present where the Court had Ordered Defendants produce sales information for the same items going back to January of 1998.

Orders and had produced the requested sales information for products at issue in this case.

**Conclusion**

For foregoing reasons Plaintiffs respectfully request that Defendants' Motion to Strike be denied.

Date: October , 2006

Respectfully submitted,
Plaintiffs,
By their attorneys,

/s/ Mark B. Morse
MARK B. MORSE
RI Bar Registration Number 3003
111 Wayland Avenue
Providence, RI 02906
(401) 831-0555 (telephone)
(401) 273-0937 (facsimile)
Mark@morselawoffice.com

/s/ Dariush Keyhani
DARIUSH KEYHANI
Meredith & Keyhani, PLLC
5 Independence Way
Suite 300
Princeton, NJ 08540
(609) 945-7406 (telephone)
(609) 228-4031 (facsimile)
dkeyhani@meredithkeyhani.com
(Appearing *Pro Hac Vice*)

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2006 the within was filed electronically with the Court and that the attorneys of record are as listed below:

John Tarantino, Esq.
Todd D. White, Esq.
Jeffrey Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

/s/ Mark B. Morse
Mark B. Morse