UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS, Plaintiffs, | : | |
| v. | : | CA NO: 05-246 S |
| HASBRO, INC. and HASBRO INTERNATIONAL, INC. Defendants. | : | |

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE**

In their Response (Objection), Plaintiffs state that copies of the subpoenas were served on Defendants' counsel. What Plaintiffs fail to include is the date upon which copies of the aforementioned subpoenas were finally provided: October 8, 2006.

Plaintiffs are missing the point. The subpoenas have to be served on Defendants' counsel in a timely manner so that Defendants' counsel can make a determination if there would be anything objectionable in the subpoenas. Opposing counsel must have an opportunity to take legal action before the documents have been subpoenaed and provided to Plaintiffs, not after the cat is out of the bag. This leaves Defendants' counsel no alternative. Rule 45 requires *prior notice* to the other parties for all third-party subpoenas – not subsequent notice.

Plaintiffs also attempt to excuse their failing by claiming that a Declaration of Plaintiffs' counsel provided to Hasbro's counsel after the subpoenas had been served was sufficient notice. No only is a "declaration" insufficient to serve as adequate notice, the declaration was not even sent to provide notice - it was a declaration in support of Plaintiffs' brief to extend discovery.

Plaintiffs also must expect that Defendants' counsel is clairvoyant. How could Hasbro's counsel make a phone call asking for copies of subpoenas when counsel has not been apprised that such records were going to be subpoenaed. Once again, it is apparently Hasbro's fault for not divining that Plaintiffs' counsel would be subpoenaing sensitive and protected sales information and seeking protection before ever being put on notice.

Defendants request that Plaintiffs not only be precluded from the use at any hearing or proceeding of any of the documents obtained, but said preclusion also would not allow Plaintiffs' experts to review or use of any said documents. Additionally, Defendants respectfully request that copies of all these documents be provided to the Defendants which has still not occurred in this matter.

WHEREFORE, Defendants request that the subpoenas be stricken and that no use of those documents may be made by the Plaintiffs, including direct or indirect reliance on those documents by experts or any other witnesses to perform calculations relative to this matter.

For the Defendants,
HASBRO, INC. and HASBRO
INTERNATIONAL, INC.
By their Attorneys,

_/s/ Todd D. White_______________

John A. Tarantino (# 2586)
Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
jtarantino@apslaw.com
twhite@apslaw.com
jtechentin@apslaw.com

CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of October 2006, I electronically filed the attached document with the court using the ECF system. The following counsel of record are registered with the court and will be served electronically through the ECF system:

Mark B. Morse, Esq.
The Law Offices of Mark B. Morse
111 Wayland Avenue
Providence, RI 02906

Dariush Keyhani, Esq.
Meredith & Keyhani, PLLC
5 Independence Way
Suite 300
Princeton, NJ 08540

_/s/ Todd D. White_____________

*395975_1.doc*