RECEIVED
ADLER POLLOCK & SHEEHAN, P.C.
Plaza, 8th Floor
02903-1345
AUG 10 2005

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS,
Plaintiffs,

VS: CA NO: 05-246S

HASBRO, INC. and HASBRO INTERNATIONAL, INC.
Defendants.

**PLAINTIFFS PRE-TRIAL CONFERENCE STATEMENT**

Elements of Plaintiffs' Claims:

BREACH OF CONTRACT: COUNT I

The elements of a claim for breach of contract are:

a) an offer;

b) an acceptance of that offer;

c) consideration, that is, some form of value given in exchange for the promise;

d) a mutual or reciprocal agreement;

e) a mutual or reciprocal obligation;

f) nonperformance of a material term of the contract; and

g) damages.

Plaintiffs claim that that the defendants breached the contract by failing to pay royalties on certain items that fall within the purview of the licensing agreement. *Smith v. Boyd*, 553 A.2d 131 (R.I. 1989); *Lamoureux v. Burrillville Racing Association*, 91 R.I. 94, 161 A.2d 213 (1960).

UNJUST ENRICHMENT: COUNT II

EXHIBIT
L

The elements of the claim for unjust enrichment are:

a) plaintiff conferred a benefit upon the party from whom relief is sought;

b) the recipient appreciated the benefit; and

c) the recipient accepted the benefit under such circumstances "that it would be inequitable for the recipient to retain the benefit without paying the value thereof.

Under Rhode Island law, unjust enrichment is not simply a remedy in contract and tort but can stand alone as a cause of action in its own right. *Toupin v. Laverdiere*, 729 A.2d 1286 (R.I.1999).

BREACH OF FIDUCIARY DUTY: COUNT III

The elements of the claim for breach of a fiduciary duty are:

a) the existence of a fiduciary duty;

b) breach of that duty; and

c) damage proximately caused by the breach.

*Chain Store Maintenance, Inc. v. National Glass & Gate Service, Inc., 2004* WL 877599 (R.I. 2004); *Clark v. Bowler* 623 A.D. 27 (R.I. 1993).

MISAPPROPRIATION OF IDEAS: COUNT IV (Rhode Island common law)

The elements of the claim for misappropriation of ideas under Rhode Island common law are:

a) novelty;

b) originality;

c) contractual or fiduciary relationship between the parties;

d) misappropriation of the idea.

*Burten v. Milton Bradley*, 592 F. Supp. 1021, 224 U.S.P.Q. 391, D.R.I., Aug 14, 1984 citing to *J. Irizarry y Puente* v. *President and Fellows of Harvard College*, 248 F.2d 799 (1st Cir. 1957). See also 3 LINDEY ON ENTERTAINMENT, PUBL. & THE ARTS § 11:116 citing to *Puente* v. *President and Fellows of Harvard College*.

See example *AEB & Associates Design Group, Inc, v. Tonka Corp.*, 853 F.Supp 724 (S.D.N.Y. 1994); *Official Airlines Schedule Information Service, Inc.* v. *Eastern Air Lines, Inc.*, 333 F.2d 672 (5th Cir. 1964)

**PLAINTIFFS**
**By their attorneys,**
Meredith & Keyhani, PLLC

Dariush Keyhani (MBM)

DARIUSH KEYHANI, Esq.
*Admitted Pro Hac Vice*
330 Madison Avenue, 6th floor
New York, New York 10017
(212) 760-0098
fax (212) 202-3819

Law Office of Mark B. Morse

MARK B. MORSE
*Local Counsel*
RI Bar Reg No 3003
111 Wayland Avenue
Providence, RI 02906
(401) 831-0555
fax (401) 273-0937

**CERTIFICATION**

To: John A. Tarantino, Esq.
Todd D. White, Esq.
Adler Pollack & Sheehan PC
1 Citizens Plaza, 8th floor
Providence, RI 02903
Fax (401) 751-0604/351-4607

I hereby certify that I mailed and faxed a true copy of the within to the above named.

DATE: 8-8-05