# EXHIBIT 17

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS, Plaintiffs, | : | |
| v. | : | CA NO: 05-246 S |
| HASBRO, INC. and HASBRO INTERNATIONAL, INC. Defendants. | : | |

**DEFENDANTS' ANSWERS TO PLAINTIFFS' THIRD SET OF INTERROGATORIES**

General Objections

Defendants, Hasbro, Inc. and Hasbro International, Inc. ("Hasbro") object to Plaintiffs' "Definitions" and "Instructions" sections. Defendants will answer Plaintiffs' Interrogatories in a manner consistent with the plain language of the Interrogatories and consistent with the applicable Rules of Civil Procedure. Defendants object to definitions and instructions which impose any additional obligations or burdens beyond the plain meaning and requirements of the applicable rules.

INTERROGATORY NO. 1: Please identify all the individual(s) who originally conceived and/or came up with and/or were inspired with the idea and/or concept of the "Talkin' Tool Bench."

ANSWER NO. 1: The concept and/or idea of the tool bench in question was developed in Cincinnati, Ohio through the Tonka Group. Internal toy development is a synergistic effort encompassing group involvement, often of unidentified individuals. The following employees appear to have been involved in some aspect of this toy's conceptualization or development based on the records which can be retrieved: Derek Stothard; Todd Patrick; Joe Kahn; David

Voss; Wendy Buelsing, Steve Toth and Karl Christopherson. This is not an exhaustive list as there very well may be others in its conceptualization and/or development.

INTERROGATORY NO. 2: Please identify the following about the individual(s) that originally conceived and/or came up with and/or were inspired with the idea and/or concept of the "Talkin Tool Bench":

a. The individual(s)' name;
b. capacity and/or the title when the idea was conceived;
c. current capacity and/or the title held;
d. division, group, and or department in which the individual(s) is currently employed;
e. If the individual(s) is no longer an employee of the Defendants, provide the last known address;
f. The date the idea and/or concept were conceived.

ANSWER NO. 2: Please refer to Answer No. 1. Hasbro does not maintain records of the identity of the specific internal developer(s) of designer(s) who first identify a toy concept. It is a synergistic, team approach. Of the names which can be identified in being involved in the conceptualization and development of this project, Hasbro has the following information and will continue to attempt to provide last known addresses:

Derek Stothard: Director, Marketing—former employee – 6835 Sunset Court, Mason OH 45040

Joe Kahn: (under subpoena) Senior Product Designer—former employee – 1843 Clermontville Laurel Road, New Richmond, OH 45157

Wendy Buelsing: Marketing—former employee – 1010 Kinmont Avenue, Cincinnati, OH

Todd Patrick: Senior Product Engineer—current employee

David Voss: Product Design Manager – former employee

Steve Toth: (he has already been deposed) - former employee – Buffalo, NY

Karl Christopherson: Senior Product Designer – former employee – 43 Graystone Lane, Orchard Park, NY 14127

INTERROGATORY NO. 3: Please identify all the individual(s) that designed the "Talkin' Tool Bench" in following manner:

a) The individual(s)' name;
b) Individual(s)' capacity and/or the title held when the toy was designed;
c) individual(s)' current capacity and/or the title held;
d) division, group, and or department in which the individual(s) currently employed;
e) If the individuals(s) is no longer an employee of the Defendants, provide the last known address of the individual(s);
f) The date the product was designed.

ANSWER NO. 3: Please refer to Answer No. 2.

INTERROGATORY NO. 4: Please identify the individuals that signed the License Request form (documents with bated stamped numbers HA 00163-HA 00164) in the following manner:

a) The individuals' name;
b) individuals' capacity and/or the title with the Defendants when the communication was made;
c) individuals' current capacity and/or the title with the Defendants when the communication was made;
d) division, group, and or department in which the individual is currently employed;
e) If the individuals are no longer an employee of the Defendants, provide their last known address.

ANSWER NO. 4: Hasbro continues to attempt to locate last known addresses and will provide the same if and when located. Additionally, Howard D. Bollinger: Senior VP, Product Concepts—former employee – 11810 Spiral Pass, Cincinnati, OH 45249

Derek Stothard –Marketing Director—former employee - 6835 Sunset Court, Mason OH 45040

David O'Keefe –

Chris Connolly—VP Marketing—former employee

INTERROGATORY NO. 5: Please identify all individuals that communicated with Mr. Stephen M. Toth regarding and/or relating to the "Talkin' Tool Bench" in the following manner:

a) The individual(s)' name;
b) individuals' capacity and/or the title held with the Defendants when the communication was made;
c) individuals(s)' current capacity and/or the title held with the Defendants when the communication was made;
d) division, group, and or department in which the individual is currently employed;
e) If the individual(s) is no longer an employee of the Defendants, provide their last known address.

ANSWER NO. 5: Objection. Defendants object to this interrogatory on the grounds that "all the individuals that communicated with Mr. Stephen M. Toth regarding and/or relating to the "Talkin' Tool Bench" is overly broad, vague and not sufficiently specific to require a response. As referenced above, product development is a synergistic effort involving designers, engineers, artists, marketing personnel and administrators of all groups. It is impossible to determine the name of each individual who may have had a conversation with Steve Toth about the "Talkin Tool Bench" six or more years ago. Defendants refer Plaintiffs to Answers Numbers 3, 4 and 5.

INTERROGATORY NO. 6: Please identify all individuals that communicated with Stephen M. Toth relating and/or regarding the "Talkin' Tools" idea submission identified in the Inventor Review Record (documents with bate stamped numbers HA 00258-HA 00260) in the following manner:

f) The individual(s)' name;
g) Individuals' capacity and/or the title held with the Defendants when the communication was made;
h) The individual(s)' current capacity and/or the title held with the Defendants when the communication was made;
i) The division, group, and or department in which the individual(s) are currently employed.
j) If the individual(s) are no longer an employee of the Defendants, provide their last known address.

ANSWER NO. 6: Objection. Defendants object to this interrogatory on the grounds that "all the individuals that communicated with Mr. Stephen M. Toth regarding and/or relating to the "Talkin' Tool Bench" is overly broad, vague and not sufficiently specific to require a response. As referenced above, product development is a synergistic effort involving designers, engineers, artists, marketing personnel and administrators of all groups. It is impossible to determine the name of each individual who may have had a conversation with Steve Toth about the "Talkin Tool Bench" six or more years ago. Defendants refer Plaintiffs to Answers Numbers 3, 4 and 5. Moreover, Plaintiffs took the deposition of Mr. Toth in late August and had an opportunity to ask him this very question. He would be in a better position to know with whom he communicated than the Defendants.

INTERROGATORY NO. 7: Please identify all individuals that communicated with Stephen M. Toth relating and/or regarding the "Talkin' Tools" idea submission identified in the Inventor Review Record (documents with bate stamped numbers HA 00258-HA 00260) in the following manner:

a. The individual(s)' name;
b. Individuals' capacity and/or the title held with the Defendants when the communication was made;
c. The individuals(s)' current capacity and/or the title held with the Defendants when the communication was made;
d. The division, group, and or department in which the individual is currently employed.
e. If the individual(s) is no longer an employee of the Defendants, provide the last known address.

ANSWER NO. 7: Objection. Defendants object to this interrogatory on the grounds that "all the individuals that communicated with Mr. Stephen M. Toth regarding and/or relating to the "Talkin' Tool Bench" is overly broad, vague and not sufficiently specific to require a response.

As referenced above, product development is a synergistic effort involving designers, engineers, artists, marketing personnel and administrators of all groups. It is impossible to determine the name of each individual who may have had a conversation with Steve Toth about the "Talkin Tool Bench" six or more years ago. Defendants refer Plaintiffs to Answers Numbers 3, 4 and 5. Moreover, Plaintiffs took the deposition of Mr. Toth in late August and had an opportunity to ask him this very question. He would be in a better position to know with whom he communicated than the Defendants. Nevertheless, the Inventor Review Record appears to be signed by Gary Carlin, which is one individual who would have communicated with Stephen M. Toth.

<u>INTERROGATORY NO. 8</u>: Please identify all individual(s) that communicated with Stephen M. Toth relating and/or regarding the Inventor License Agreement in the following manner:

a. The individual(s)' name;
b. Individuals' capacity and/or the title held with the Defendants when the communication was made;
c. The individuals(s)' current capacity and/or title held with the Defendants when the communication was made;
d. The division, group, and or department in which the individual(s) is currently employed.
e. If the individual(s) are no longer an employee of the Defendants, provide their last known address.

<u>ANSWER NO. 8</u>: Defendants object to this interrogatory on the grounds that "all the individuals that communicated with Mr. Stephen M. Toth regarding and/or relating to the "Talkin' Tool Bench" is overly broad, vague and not sufficiently specific to require a response. As referenced above, product development is a synergistic effort involving designers, engineers, artists, marketing personnel and administrators of all groups. Moreover, Plaintiffs took the deposition of Mr. Toth in late August and had an opportunity to ask him this very question. He would be in a better position to know with whom he communicated than the Defendants. Nevertheless, others who executed the Agreement appear to be Ralph Baer, Robert Pelovitz and

Harold Gordon for Hasbro. Mr. Gordon was the Vice- Chairman of Hasbro. Jim Kipling, Esq. was Hasbro's counsel who worked on this Agreement.

I, Christine A. Meehan, am employed by Hasbro, Inc. as a paralegal in Hasbro, Inc.'s corporate counsel's office. I have assembled the information required to answer these interrogatories. Although I do not have personal knowledge of all the information contained herein, I am executing these Answers on behalf of Hasbro, Inc. and Hasbro International, Inc. I affirm my good faith basis as to the accuracy of the information so provided.

For the Plaintiffs, Hasbro, Inc. and
Hasbro International, Inc.

Christine A. Meehan

Signed and sworn to me this 28th day of September, 2006

Notary Public

MY COMMISSION EXPIRES ON
JANUARY 6, 2008

As to objections
For the Defendants,
HASBRO, INC. and HASBRO
INTERNATIONAL, INC.
By their Attorneys,

John A. Tarantino (# 2586)
jtarantino@apslaw.com
Todd D. White (# 5943)
twhite@apslaw.com
Jeffrey K. Techentin (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

## CERTIFICATE OF SERVICE

I hereby certify that on this 29 day of September, 2006, I served a true copy of the within Defendants' Answers to Plaintiffs' Third Set of Interrogatories to the following individuals by regular mail, postage prepaid:

Mark B. Morse, Esq.
The Law Offices of Mark B. Morse
111 Wayland Avenue
Providence, RI 02906

Dariush Keyhani, Esq.
Meredith & Keyhani, PLLC
5 Independence Way
Suite 300
Princeton, NJ 08540

Todd D. White

*391688_1.doc*