UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INVENTOR'S GREEN HOUSE, MICRO PRO'S TECHNOLOGY SOLUTIONS and R.H. BAER CONSULTANTS, | : | |
| Plaintiffs, | : | |
| v. | : | C.A. No. 05-246L |
| HASBRO, INC. and HASBRO INTERNATIONAL, INC., | : | |
| Defendants. | : | |

**ANSWER TO AMENDED COMPLAINT**

**The Parties**

1. Defendants are without sufficient information as to either admit or deny this allegation and call upon the Plaintiffs to prove the same.

2. Defendants are without sufficient information as to either admit or deny this allegation and call upon the Plaintiffs to prove the same.

3. Defendants are without sufficient information as to either admit or deny this allegation and call upon the Plaintiffs to prove the same.

4. Denied.

5. Admitted.

**Jurisdiction and Venue**

6. This is a conclusion of law which the Defendants are not compelled to either admit or deny. Therefore, Defendants call upon the Plaintiffs to prove the same.

7. The term "actively target" is overly broad and insufficiently clear. Therefore, Defendants can neither admit or deny this allegation. Defendants call upon the Plaintiffs to clarify this allegation. However, in the event the Court determines that this allegation is sufficiently clear, it is hereby denied.

8. Admitted.

9. Admitted.

10. Defendants admit that they conduct business in Rhode Island but are unable to quantify "substantial" business and call upon the Plaintiffs to prove the same.

11. This is an assertion of law which the Defendants are required to neither admit nor deny. Therefore, Defendants call upon the Plaintiffs to prove the same.

**Factual Background**

12. Defendants repeat and reallege paragraphs 1 through 11 as if fully set forth herein.

13. Defendants admit they entered into the attached Agreement which includes the date of September 26, 2000 at the top of the Agreement.

14. Defendants admit that provision 1(a) of the License Agreement provides a definition of "Talkin' Tools" and assert that the License Agreement speaks for itself.

15. Defendants can neither admit nor deny that the license agreement provided for exclusive rights privileges and license to the requisite concept, product, design or invention and call upon the Plaintiffs to prove the same. Moreover, the License Agreement speaks for itself.

16. Plaintiffs are seeking a conclusion of law regarding the interpretation of the License Agreement. Because the License Agreement speaks for itself, Defendant call upon Plaintiffs to prove all of the allegations in this paragraph.

17. Defendants admit that there are terms of payment in the licensing agreement which is more fully set forth in paragraph 6 regarding certain royalties on the sale of all products covered by the license agreement.

18. Defendants admit that by the terms of the License Agreement the licensee agrees to pay the licensor upon execution of the agreement in the sum of $15,000 as an advance payment to be credited against the first royalties owed to the licensors. However, with respect to the remainder of the Agreement, the License Agreement speaks for itself.

19. Denied.

20. Defendants can neither admit nor deny whether licensors have had a "long-standing relationship with Defendants" and call upon the Plaintiffs to prove the same.

21. Defendants are unable to determine upon what the Licensors relied and call upon Plaintiffs to prove the same.

22. Defendants can neither admit nor deny this allegation and call upon the Plaintiffs to prove the same.

23. Defendants can neither admit nor deny this allegation and call upon the Plaintiffs to prove the same.

24. Defendants admit that it had/has brand names including Cool Crew and Yard Crew but can neither admit nor deny the remainder of this allegation and call upon Plaintiffs to prove the same.

25. Defendants admit that it had/has brand names including Cool Crew and Yard Crew but can neither admit nor deny the remainder of this allegation and call upon Plaintiffs to prove the same.

26. Denied.

27. Defendants admit that it has or had sold toys with some names similar to those listed in this paragraph, but can neither admit nor deny the remainder of this allegation and calls upon Plaintiffs to prove the same.

28. Defendants admit that it had sold toys with names similar to that listed in this allegation but can neither admit nor deny the remainder of this allegation and call upon Plaintiffs to prove the same.

29. Defendants admit that it had sold toys with names similar to that listed in this allegation but can neither admit nor deny the remainder of this allegation and call upon Plaintiffs to prove the same.

30. Defendants did not pay royalties to Plaintiffs for the listed toys and contend they had no obligation to pay. To the extent that this allegation is interpreted to mean that Defendants had some obligation to pay royalties to Plaintiffs under the listed toys, it is hereby denied.

31. Denied.

32. Denied.

33. Defendants admit that Licensor or its agents notified Defendants about alleged royalties owed to then, but Defendants deny the remainder of this allegation.

34. Defendants have paid royalties to Plaintiffs which Plaintiffs are owed. However, Defendants deny that they owe Plaintiffs royalties for some of the toys listed in paragraphs 29-32.

35. Defendants can neither admit nor deny whether they earned profits from the use of the concept, product, design and/or invention of any toy, and call upon Plaintiffs to prove the same.

36. Defendants cannot quantify "substantial profits" and therefore, this allegation is hereby denied.

37. This is an assertion of law to which the Defendants are neither required to admit nor deny. In the event that this is determined to be an allegation of fact, it is hereby denied.

**COUNT I**
**Breach of Contract**

38. Defendants repeat and reallege paragraphs 1 through 37 as f fully set forth herein.

39. Denied.

40. Denied.

41. Denied.

**COUNT II**
**Unjust Enrichment**

42. Defendants repeat and reallege paragraphs 1 through 41.

43. Denied.

44. Denied.

**COUNT III**
**Breach of Fiduciary Duty**

45. Defendants repeat and reallege paragraphs 1 through 44 as if fully set forth herein.

46. Denied.

47. Denied.

48. Denied.

**COUNT IV**
**Misappropriation of Ideas (R.I. Common Law)**

49. Defendants repeat and reallege every answer set forth in paragraph 1 through 48 as if fully set forth herein.

50. Defendants admit it entered into a License Agreement with Plaintiffs but can neither admit nor deny whether or not it was to create “novel and original ideas/concepts for toys” and call upon the Plaintiffs to prove the same.

51. Defendants can neither admit nor deny this allegation and call upon the Plaintiffs to prove the same.

52. Denied.

53. Denied.

54. Denied.

**COUNT V**
**Fraud and Misrepresentation**

55. Defendants repeat and reallege paragraphs 1 through 54.

56. Admitted.

57. Denied.

58. Denied.

59. Denied.

60. Defendants admit that on November 30, 1998, there was a conference or communication between Gary Carlin and Steve Toth concerning an idea submission provided by Gary Carlin. Defendants deny the remainder of this allegation.

61. Defendants admit that Mr. Carlin presented to Mr. Toth a model tape measure and written submission.

62. Defendants admit that in a correspondence dated January 19, 1999, Hasbro, Inc. passed on the Plaintiff’s submission.

63. Defendants admit that there was a February 22, 1999 communication between Dave Maurer and Gary Carlin concerning the same submission that Mr. Carlin provided Mr. Toth on November 30, 1998.

64. Defendants admit that Hasbro's Pre-School Group passed on the submission presented to them by Mr. Carlin.

65. Denied.

66. Denied.

67. Defendants admit that they had undertaken analysis of a product of a talking toolbench or workbench as of August 21, 2000, but deny that said analysis was related to any submission presented by the Plaintiffs.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Defendants admit that they received communication from Mr. Carlin in which he indicated he attended the February toy fair and made observations of the workbench.

74. Admitted.

75. Denied.

76. Denied.

77. Mr. Toth admitted that chronologically, the workbench had been developed after the November 30, 1998 submission by the Plaintiffs of the tape measure and the written documents.

78. Denied.

79. Defendants admit that the referenced e-mail was sent, but do not admit to the characterization of that e-mail in the paragraph.

80. Denied.

81. Denied.

WHEREFORE, Defendants pray that this Court enter judgment for them on all allegations against them as asserted by the Plaintiffs including, but not limited to, attorneys' fees and any and all reasonable costs as assessed by this Court. Defendants further pray that they not be compelled to provide an accounting of "all toys" except those toys that are expressly within the applicable license agreement, until a court of competent jurisdiction determines that Defendants are obligated to pay royalties to Plaintiffs for any other such toys.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs have failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

The interpretation of the agreement as advocated by Plaintiffs contravenes applicable law and is therefore unenforceable.

### Third Affirmative Defense

Plaintiffs' claims fail for lack of consideration.

### Fourth Affirmative Defense

Defendants have satisfied all the terms and obligations of the Agreement.

Fifth Affirmative Defense

Plaintiffs' claims are barred by the doctrines of waiver and estoppel.

Sixth Affirmative Defense

Plaintiffs' claims are barred by the doctrine of laches.

Seventh Affirmative Defense

Plaintiffs' claims are barred by the doctrine of unclean hands.

Eighth Affirmative Defense

Plaintiffs' claims are barred by the applicable statute of limitations.

Ninth Affirmative Defense

Plaintiffs' claims are barred by accord and satisfaction.

**Defendants Demand a Trial by Jury.**

HASBRO, INC. and HASBRO INTERNATIONAL, INC.
By their Attorneys,

/s/ Todd D. White____________________

John A. Tarantino (# 2586)
Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: March 29, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of March, 2007, I caused a true copy of the within document to be served for electronic filing (ECF) to the following counsel of record:

The Law Office of Mark B. Morse
Mark B. Morse
111 Wayland Avenue
Providence, RI 02906

Dariush Keyhanni
Meredith & Keyhanni, PLLC
330 Madison Avenue, 6th Floor
New York, NY 10017

/s/ Todd D. White

*413272_1.doc*