UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS, Plaintiffs, | : | |
| v. | : | CA NO: 05-246 L |
| HASBRO, INC. and HASBRO INTERNATIONAL, INC. Defendants. | : | |

**<u>DEFENDANT'S PROPOSED JURY INSTRUCTIONS</u>**

**<u>104. Direct and Circumstantial Evidence</u>**

Since your role is to decide the facts of the case you should be aware that facts may be proved by two types of evidence. One type is direct evidence and the other is indirect evidence. When we speak of indirect evidence we are speaking of what is often called circumstantial evidence or circumstantial proof.

Direct evidence is testimony by a witness about what the witness personally saw or heard or did. Circumstantial proof, that is, indirect proof, means proof of certain facts from which one can find or determine another fact.

[Snowfall at night example or other example is appropriately given here.]

You may consider both direct and circumstantial evidence in deciding this case. If you believe that certain or particular circumstances or facts have been proved at trial then you may accept as true any fact which you believe is logically and reasonably deduced from those facts or circumstances. The law permits the jury to give as much weight and consideration to facts proved through circumstantial evidence as those proved by direct evidence. Where direct evidence in support of the truth of a particular fact is at odds with the circumstantial evidence, you are free to give as much weight or as little to the circumstantial proof if you believe that the evidence and your assessment of the credibility of the witnesses warrant it. Evidence need not be discounted simply because it is circumstantial or indirect.

**SUPPORTIVE AUTHORITY**

<u>See</u>, <u>Oury v. Greany</u>, 107 R.I. 427, 267 A.2d 700 (R.I. 1970); <u>Waldman v. Shipyard Marina Inc.</u>, 102 R.I. 306, 230 A.2d 841 (1967).

## 105. Credibility of Witnesses

### 105.1 General Charge on Factors to Consider

Let me speak for a moment about the witnesses' testimony and how you should go about evaluating the credibility or truthfulness of that testimony.

You should understand that jurors are not required to accept what witnesses say even though the witnesses' testimony may be under oath. It is up to the jury to determine whether it will accept any or all of a witness' testimony. You, as jurors, are the judges of the witnesses' credibility and the weight you will give to the testimony of each. You are not required to believe something to be a fact simply because a witness has stated it to be a fact, if, in the light of all the evidence, you believe such witness is mistaken or has testified falsely to the alleged fact.

There is no magical formula by which one may evaluate a witness' testimony. You are entitled to rely upon all the experience and background that you bring with you to this courtroom. In your everyday affairs you determine for yourselves the reliability or unreliability of statements made to you by others. The same tests that you use in your everyday dealings are the tests that you should apply here. Let me offer some of them for your consideration.

You may consider the appearance of the witnesses as they testify. By that I mean the witnesses' overall demeanor, their manner of testifying, their apparent candor and fairness and their apparent intelligence or lack of intelligence. You may consider a witness' age and apparent maturity, his or her experience and the opportunity that he or she had to observe or to know about the events that he or she testified to.

You may consider a witness' interest or lack of interest in the outcome of this case or any reason or motive that the witness might have to testify one way or the other. You may consider any bias or prejudice that the witness might appear to hold and that would affect the outcome of his or her testimony.

You may also consider the probability or improbability of the witness' testimony when viewed in light of all the other facts in the case and which you have accepted as true. And, if you believe that any statement of any witness proposes something that is inherently improbable when the statement is considered in the light of all the evidence, you may disregard such statement even in the absence of any evidence contradictory of the same.

You may also consider the extent to which the witness' testimony is contradicted by the testimony of other witnesses or other evidence.

Keep in mind that where the testimony of one witness on a specific item of evidence is contradicted directly by the testimony of another witness and there is no other witness testifying on such item, you are not required to therefore consider the evidence

evenly balanced or the item not proved. In such a situation, you may determine which of the two witnesses you believe on the basis of all the surrounding facts and circumstances proved at trial, and, you may believe one witness rather than the other if you believe the facts and circumstances warrant it. Similarly, you may reject the testimony of a witness even though his or her testimony stands uncontradicted if you believe the evidence in the case and your assessment of the credibility of the witness warrants that.

By using these tests and by considering all the other facts and circumstances proved at trial, you will determine which of the witnesses are more worthy of belief and how much weight, if any, you will give to each witness' testimony.

**105.2 Impeachment of Witness**

A witness may be impeached, that is, his or her credibility may be brought into question by showing that on some prior occasion he or she made a statement about a material issue that contradicts the testimony he or she gives at trial. If you find, from all the evidence, that a witness did at some prior time make a statement that contradicts his or her trial testimony, then you may consider that contradiction when determining the credibility of the witness, or the weight that you will give to his or her testimony. You should also consider, though, any explanation the witness gives for the contradiction, whether the contradiction was a significant one and in what context the witness gave the earlier statement.

During the discovery process in this case each side had the opportunity to obtain deposition testimony from witnesses. One of the means of impeaching a witness is establishing a contradiction between his or her testimony on the witness stand and his/her deposition testimony. Another means of impeaching a witness is through the use of a prior inconsistent statement authored by that witness.

**SUPPORTIVE AUTHORITY**

See Foster v. Dalton, 71 F.3d 52 (1st Cir. 1995); Gadoury v. United States, 187 B.R. 816 (D.R.I. 1995); Vargas Manufacturing Co. v. Friedman, 661 A.2d 48 (R.I. 1995); Kyle v. Pawtucket Redevelopment Agency, 106 R.I. 670, 262 A.2d 656 (1970); Madeira v. Pawtucket Housing Authority, 105 R.I. 511, 253 A.2d 237 (1969).

## **105.3 Expert Witnesses – Generally**

Ordinarily, the law does not permit a witness to testify about his or her opinions or conclusions. An exception to this rule exists for those witnesses we call "expert witnesses." An expert witness is a person who, through education or experience, has developed expertise in an art or science, profession or calling and, as a result, is permitted to give his or her opinion about matters in which they are experts. They may also state the basis for their opinions. If expert testimony is admitted into this case, you will be required to assess the credibility of that testimony and determine how much weight you will give to it.

Simply because a witness has been identified to you as an expert does not mean that you are required to accept what he or he says as true. You must consider each expert opinion admitted into evidence in this case and give it such weight as you think it deserves. You may entirely disregard the opinion of an expert or any part of the opinion of an expert. In doing so you may consider all of the other factors that I reviewed with you when I instructed you on the credibility of witnesses generally.

In addition you should consider the factual basis for the expert's opinion. If the facts upon which the opinion is based are not in accordance with the facts as you find them to be then you should consider that in determining how much, if any, of the expert's testimony you will accept as true. And, if you should decide that the opinion of an expert witness is not based upon sufficient education or experience or if you should conclude that the expert's reasons given in support of his or her opinion are not sound or complete, or if you feel it is outweighed by other evidence, you may disregard the opinion entirely.

### SUPPORTIVE AUTHORITY

Lariviere v. Dayton Safety Ladder Co., 525 A.2d 892 (R.I. 1987); Kyle v. Pawtucket Redevelopment Agency, 106 R.I. 670, 262 A.2d 636 (R.I. 1970); See, In re Kelly, 131 B.R. 532 (Bkrtcy. D.R.I. 1991); See, Richardson v. Fuchs, 523 A.2d 445 (R.I. 1987).

**204. Bias or Prejudice or Sympathy**

You have been sworn as jurors in this case to try the issues of fact presented by the allegations stated in plaintiff's complaint and defendant's answer. You are to perform this duty without bias toward or prejudice to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the court, and reach a just verdict, regardless of the consequences. The race, gender, color, social standing or wealth of the parties, the witnesses or the attorneys should not influence you.

## **206. Speculation and Conjecture**

It will often happen in a case that the evidence does not answer all of the questions that the jury might have about it. Sometimes the evidence will invite the jury to speculate about things that are not in the evidence. For example, sometimes witnesses are not asked all of the questions that the jury might wonder about or sometimes the judge's rulings prevent the witness from answering a question that the jury would like answered. It is very important that you not speculate about the evidence or even what you might perceive to be a lack of evidence. In deciding the facts of this case you may rely only upon the evidence and not your own conjecture about, say, what a witness might have said or what a particular document might have shown.

**208. Equal Treatment of Corporations/Other Entities.**

A corporation is entitled to the same fair trial at your hands as a private individual. All parties, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

## 301.1 Burden on Plaintiff

In this case, like most, the law places the burden of proof on the plaintiff. All this means is that the law imposes upon the plaintiff the obligation or responsibility of proving his/her claim. The law requires that one who advances a proposition has the burden of sustaining its validity. Because the plaintiff is advancing the proposition that the defendant should be held responsible for some harm he/she caused to the plaintiff, it is the plaintiff who has the responsibility of producing evidence which leads you to believe that what the plaintiff claims is more likely true than not. The defendant, on the other hand, has no obligation to produce evidence concerning the plaintiff's claim. The defendant does not have to disprove what the plaintiff claims is true. The burden is on the plaintiff to prove each of the elements of his/her claim to you.

**SUPPORTIVE AUTHORITY**

DiLibero v. Swenson, 593 A.2d 42 (R.I. 1991); Paramount Office Supply Co. Inc. v. D.A. MacIsaac, Inc., 524 A.2d 1099 (R.I. 1987); Barbieri v. E.M. Young Co., 82 R.I. 382, 110 A.2d 263 (1954).

## <u>301.2  Burden on Plaintiff – Damages</u>

The burden is on the plaintiffs to prove by a fair preponderance of the evidence that they have suffered damages as a proximate result of defendant's breach of contract and/or wrongful conduct.  The burden is also on the plaintiffs to prove by a preponderance of the evidence the extent or amount to which they have suffered one of the following elements of damages.  Plaintiffs must prove by a fair preponderance of the evidence the particular element of damage that he/she suffered and the extent of such damage.

## SUPPORTIVE AUTHORITY

<u>Tom Shaw, Inc. v. Derecktor</u>, 639 F.Supp. 1064 (D.R.I. 1986); <u>Jackson v. Choquette & Co.</u>, 78 R.I. 164, 80 A.2d 172 (1951);  <u>Bruno v. Caianiello</u>, 121 R.I. 913, 404 A.2d 62 (1979); <u>Worsley v. Corcelli</u>, 119 R.I. 260, 377 A.2d 215 (1977).

**302.1 Preponderance of the Evidence**

In addition to imposing the burden of proof on a plaintiff, the law also requires that the proof and support of any given claim reach a certain level or standard. In this case the level of proof required is proof by a preponderance of the evidence. To prove something by a preponderance of the evidence means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered with that opposed to it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true. Where the evidence adduced either for or against a given proposition outweighs opposing evidence, that evidence is said to preponderate. So, proof by the preponderance of the evidence means proof by the greater weight of the evidence. In other words, a claim must be proved by evidence that weighs more persuasively in the minds of jurors. In proving his/her claim, a plaintiff must prove each and every element of that claim by a preponderance of the evidence.

**303.1 Consider All the Evidence**

I must caution you, though, that in determining whether plaintiffs have met the burden of proof imposed upon them by law, you should consider all of the evidence and not just the evidence which the plaintiff has produced. The jury's obligation is to decide the facts of the case based on its consideration of all of the evidence regardless of which party presented any given item of evidence during the trial.

**303.2 Weight of Evidence**

If, as a result of your deliberations, you find, that the evidence on the issue of liability weighs more on the side of the plaintiff then the plaintiff has sustained the burden of proving the case by a preponderance of the evidence and your verdict must be for the plaintiff. However, if you find that the evidence on the issue of liability weighs more on the side of the defendant then your verdict must be for the defendant. If you find that the evidence is so equally matched or equally balanced that you cannot say whether it weighs in favor of the plaintiff or the defendant, then the plaintiff has failed to meet the burden and standards of proof imposed upon him/her by law and your verdict must be for the defendant.

## 2501. Fraudulent Misrepresentation

### 2501.1 Elements of Fraud

In this case the plaintiff has made a claim for fraudulent misrepresentation. Specifically, the plaintiff alleges that the defendant misrepresented how the workbench was conceived and developed. In order to prevail on this claim the plaintiff must prove certain elements.

The plaintiff must prove that the defendant made a false representation about a material fact concerning the contract/transaction/existing circumstances, that the defendant knew his/her representation was false when made, that the defendant intended to deceive the plaintiff by inducing the plaintiff to rely on the false representation in entering into the contract and/or transaction, that the plaintiff did rely on the false representation, that the plaintiff's reliance on the false representation was reasonable under the circumstances, and that the plaintiff suffered some loss or harm as a proximate result of the defendant's representation.

**SUPPORTIVE AUTHORITY**

Fleet National Bank v. Anchor Media Television, Inc., 831 F.Supp. 16 (D.R.I. 1993); LaFazia v. Howe, 575 A.2d 182 (R.I. 1990); McGovern v. Crossley, 477 A.2d 101 (R.I. 1984); Halpert v. Rosenthal, 107 R.I. 406, 267 A.2d 730 (1970); Travers v. Spidell, 682 A.2d 471 (R.I. 1996).

## 2507.1 Misrepresentation Defined

A misrepresentation is defined as any manifestation by words or other conduct by one person to another that, under the circumstances, amounts to an assertion not in accordance with the true facts.

A misrepresentation must be one of an existing fact, that is, statements of opinion are not representations of existing facts and may not form the basis of a claim for misrepresentation.

A misrepresentation may take the form of an oral statement or it may be conduct or a course of conduct clearly intended to deceive as to the fact, circumstance or conditions actually existing.

[Additional charge concerning silence/non-disclosure may appropriately be given here.]

**SUPPORTIVE AUTHORITY**

St. Paul Fire & Marine Insurance Co. v. Russo Bros., Inc., 641 A.2d 1297 (R.I. 1994); Focus Investment Associates, Inc. v. American Title Insurance Co., 797 F.Supp. 109 (D.R.I. 1992) affirmed in part, vacated in part, 992 F.2d 1231 (1st Cir. 1993); Hydro-Manufacturing, Inc. v. Kayser-Roth Corp., 640 A.2d 950 (R.I. 1994); In re DeRosa, 103 B.R. 382 (Bkrtcy. D.R.I. 1989); Halpert v. Rosenthal, 107 R.I. 406, 267 A.2d 730 (1970); East Providence Loan Co. v. Ernest, 103 R.I. 259, 236 A.2d 639 (1968); Grassi v. Gomberg, 81 R.I. 302, 102 A.2d 523 (1954).

## 3001.  Contract defined

A contract is a legally enforceable promise or agreement made between two or more individuals.  It is a promise or agreement that creates an obligation to do or not to do a certain thing.  It is a consensual endeavor, that is, it is based upon mutual, informed and voluntary consent between the contracting parties.  And, in order to form a valid contract, each party to the contract must have the intent to promise that which he/she has promised.  Each party must also intend to be bound by that promise or agreement.

Every contract has certain elements.  These elements must be present in order for the contract to be valid, that is, legally binding on the parties to it. The elements of a contract are:

a) an offer;

b) an acceptance of that offer;

c) consideration, that is, some form of value given in exchange for the promise;

d) a mutual or reciprocal agreement; and

e) a mutual or reciprocal obligation.

In this case, the plaintiffs claim that they and the defendants entered into a contract.  The plaintiffs claim that the defendants have breached that contract, that is, have failed to perform that which they promised to do.  The plaintiffs also claim that they have suffered some damage or harm as a result of the defendants' breach.  It is for you, the jury, to determine whether all of the necessary elements of a contract have been proved.  Before the defendants can be held liable for breach of contract, it must first be proved that a contract existed.

**SUPPORTIVE AUTHORITY**

Smith v. Boyd, 553 A.2d 131 (R.I. 1989); Lamoureux v. Burrillville Racing Association, 91 R.I. 94, 161 A.2d 213 (1960).

## 3002. Elements of a Contract

### 3002.1 Offer

In order for two or more individuals to form a contract, there must be an offer. An offer is simply some form of communication, made by one of the parties to the contract, in which that party presents or sets forth what it is that he/she is proposing to do or have done. An offer is a proposal made in the form of a written or oral communication and in which the one making the offer presents or puts something forward for the other party to consider. The offer can be written or oral.

In order for a communication to constitute an offer, that communication must be definite in that it sets forth the details of the promises which are to be exchanged between the parties. It must be sufficiently specific so that each of the parties to the agreement understands clearly that which each is obligated to do.

It is the one making the offer who controls the conditions and terms of the offer as well as of the other party's acceptance of that offer. In other words, the one making the offer not only sets the terms of what he/she is proposing to do, that individual also sets the terms and conditions of the other person's performance of the agreement – that is, the details of what that other person must promise to do in return.

In order to create a contract the offer made must be accepted. Let us turn to the question of "acceptance."

**SUPPORTIVE AUTHORITY**

Crellin Technologies v. Equipment Lease Corp., 18 F.3rd 1 (1st Cir. 1994); In re: New Plaza Associates, 985 F.2d 640 (1st Cir. 1993); Bina v. Providence College, 844 F.Supp. 77 (D.R.I. 1994); aff'd. 39 F.3rd 21 (1st Cir.); cert den., 115 S.Ct. 1406 (1995).

**3002.2 Acceptance**

In order for a contract to be formed, the offer which is made must be accepted by the individual to whom the offer is made. The acceptance must be definite and unequivocal. It must be an absolute acceptance without conditions or qualifications. The acceptance must also be communicated clearly so that it is understood that the offer has been accepted.

If the acceptance is not absolute but is qualified, that is, where it contains some condition or limitation and thereby changes the terms of the offer, it is not considered to be an acceptance. It is treated as a counteroffer. It is treated as a counteroffer because when an individual to whom an offer is made responds to that offer by changing the terms of the original offer, that individual has not accepted the offer. Where an individual responds to an offer by changing the proposed terms of the contract, he/she is in fact making a new offer, a counteroffer, which requires acceptance by the original offer or in order for a contract to be created. That acceptance, as you now know, must be definite and unequivocal. It must be communicated and must be absolute.

**SUPPORTIVE AUTHORITY**

Kenney Manufacturing. Co. v. Starkweather & Shepley, Inc., 643 A.2d 203 (R.I. 1994); Ardente v. Horan, 117 R.I. 254, 366 A.2d 162 (R.I. 1976); Restatement (Second) of Contracts § 69(c) (1981).

## 3002.3 Consideration

An essential element of every contract is that of valid consideration. Consideration is the thing that makes an informal or casual promise a legally binding one. Consideration is a word we use in the law to mean remuneration, payment or compensation. Consideration is an exchange between the parties of something of value. Consideration does not necessarily take the form of money or a fee. Consideration consists of some benefit which flows to one of the parties or some responsibility undertaken by the other. It can be some right or interest inuring to the benefit of one party or it can be some obligation, liability or burden assumed or undertaken by the other. Forbearance, that is, abstaining from or refraining from doing something can constitute consideration.

In order for consideration be valid it must be something which is not against the law and it must have some level of value to the person receiving it, that is, it must be the inducement for the promise which a person makes in return for receiving the consideration. Very often consideration will take the form of mutual promises between the parties to a contract – as opposed to a specified payment, for example.

Where contracting parties have bargained for and have received the consideration they have agreed will form the basis for their contract, the law does not concern itself with questions about its adequacy. Whether the consideration appears to be suitable, commensurate to the occasion or of equal value is not important.

**SUPPORTIVE AUTHORITY**

National Education Association-Rhode Island by Scigulinsky v. Retirement Board of Rhode Island Employees Retirement System, 890 F.Supp. 1143 (D.R.I. 1995); Flanders & Medeiros, Inc. v. Bogosian, 868 F.Supp. 412, affirmed in part, reversed in part, 65 F.3d 198 (1st. Cir. 1995); Hayes v. Plantations Steel Co., 438 A.2d 1091 (R.I. 1982).

**3002.4 Mutuality of Agreement**

Before a contract can be said to have been created, the agreement between the parties must be a mutual one. By that I mean that the parties must share a reciprocal desire to be legally bound by the terms of the contract. They also must have, of course, a meeting of the minds on the material terms of the contract and they must each agree to all of those terms. When we use the term "meeting of the minds" we simply mean that the parties to the contract each have a full understanding of what is required by the contract and of what is required of them under that contract. When we refer to the material terms of the contract we are meaning the important or substantial terms, that is, those terms which are more than mere inconsequential details.

**SUPPORTIVE AUTHORITY**

Bourque v. F.D.I.C., 42 F.3d 704 (1st Cir. 1994), citing, Restatement (Second) of Contracts, §17; Soar v. National Football League Players Association, 438 F.Supp. 337 (D.R.I. 1975); aff'd, 550 F.2d 1287 (1st Cir. 1977); J. Koury Steel Erectors, Inc. of Mass. v. San-Vel Concrete Corp., 120 R.I. 360, 387 A.2d 694 (1978).

**3002.5 Mutuality of Obligation**

In order for a contract to be formed, there must exist what the law calls "mutuality of obligation." By this we mean that each of the parties to the contract becomes obligated to the other as a result of their relationship as parties to a contract. More simply put, a contract may not be one-sided. Each of the parties must take on some obligation to the other on account of their mutual agreement.

Depending on the precise nature of the contract the contract may be a unilateral one or a bilateral one. A unilateral contract is formed when one party makes a promise to do something in exchange for some action to be taken by the other. A bilateral contract is formed when the parties exchange mutual promises to do something. Either way, the parties' obligations to each other must be real and must be reciprocal. The parties' obligations to each must not be merely an illusion.

**SUPPORTIVE AUTHORITY**

McGrath v. Rhode Island Retirement Board, 88 F.3d 12 (1st. Cir. 1996); B&D Appraisal v. Gaudette Machinery Movers, Inc., 733 F.Supp. 505 (D.R.I. 1990); Centerville Builders, Inc. v. Wynne, 683 A.2d 1340 (R.I. 1996).

**COMMENT**

A further charge on illusory offers and unilateral contracts may be appropriately included at this juncture if that is required by the particular case. Otherwise, it may be prudent not to burden the jury with these details.

## 3007.  Modifications to a Contract

The plaintiff/defendant is claiming that after the contract was made, there was an agreement to change it.  A contract can be changed if both parties agree to the changes. Just as the original contract becomes binding when the parties reach an agreement, any changes become binding and a part of the contract when the parties agree to them.

To establish there was a modification of the contract, plaintiff/defendant must prove that there was an offer and an acceptance of the contract changes, that there was mutual assent to the contract changes, that there was consideration for the contract changes and that the parties intended to be bound by the modification. In situations of modifications to contracts, consideration means that some benefit, whether in money or otherwise, was given to the party that allowed the change which benefited the other. The party seeking to prove the existence of an agreement to change the terms of a contract must do so by a preponderance of the evidence.

An agreement to modify or change a contract may be made by oral agreement even when the original contract was a written one.

If you find that the parties act in a way consistent with the changes claimed as opposed to the letter of the contract, this would support a claim that the contract was changed, or modified, by the parties.  If one party continues to perform according to the original terms, this may support a claim that no meeting of the minds has occurred and that the contract has not been modified.

**SUPPORTIVE AUTHORITY**

Bourg v. Bristol Boat Co., Inc., 705 A.2d 969 (R.I. 1998); U.S. v. Public Utilities Commission, 635 A.2d 1135 (R.I. 1993); Menard & Co. Masonry Building Contractors v. Marshall Building Systems, Inc., 539 A.2d 523, 526-27 (R.I. 1988); MBT Construction Corp. v. Kelhen Corp., 432 A.2d 670, 674-75 (R.I. 1981).

**10101. Consequential Damages – Generally**

The plaintiff is entitled to recover the value of the bargain that was originally contemplated by the parties when they entered into the contract. You may award that amount of damages that will put the plaintiff in the same position he/she would have been had the breach not occurred. The underlying rationale on a breach of contract action is to place the innocent party in the position he/she would have been in if the contract had been fully performed.

**SUPPORTIVE AUTHORITY**

National Chain Co. v. Campbell, 487 A.2d 132 (R.I. 1985); Alterio v. Biltmore Construction Corp. 119 R.I. 307, 377 A.2d 237 (1977); George v. George F. Berkander Inc., 92 R.I. 426, 169 A.2d 370 (1961).

## Accord and Satisfaction

The defendant has asserted that the October 4, 2001 meeting as Hasbro in Pawtucket between Gary Carlin, Ralph Baer and Dave Maurer served as an accord and satisfaction. The doctrine of accord and satisfaction provides that when two parties agree to give and accept something in satisfaction of a right of action which one has against the other, and that agreement is performed, the right of action is subsequently extinguished.

The lone star principal upon which rule such as accord and satisfaction rest is that a party who takes money offered on condition thereby accepts the condition and the absence of a fraud or other excuse, the party is bound by that act.

**SUPPORTIVE AUTHORITY**

See Lamoureaux v. Merrimack Mutual Fire Insurance Co., 751 A.2d 1290, 1293 (R.I. 2000), citing Kottis v. Cerilli, 612 A.2d 661, 664 (R.I. 1992); Hull v. H.A. Johnson & Co., 22 R.I. 66, 67 (R.I. 1990).

**Misappropriation of Ideas**

In order to prove a misappropriation of ideas claim, the Plaintiff must prove that: (1) the Plaintiff's idea is concrete; (2) the Plaintiff's idea is novel; (3) the Plaintiff's idea was disclosed to the Defendant in the context of a confidential relationship; and (4) the Defendant actually used the Plaintiff's idea.

**Concreteness**

In order for the Plaintiff to succeed on its misappropriation of ideas claim, you must find that the Plaintiff's idea was in a fixed and concrete form when the idea was presented to the Defendant. In other words, the Plaintiff has met its burden to prove its idea was concrete if you find by a preponderance of the evidence that the Plaintiff's idea was tangible, or capable of being precisely identified or realized, when the Plaintiff presented its idea to the Defendant.

**Novelty**

In order for the Plaintiff to succeed on its misappropriation claim, the Plaintiff's idea must also be novel. In order to be considered novel, the Plaintiff's idea need not reflect a "flash of genius", but it must show genuine novelty of invention and not merely clever or useful adaptation of existing knowledge. A novel idea can be a combination of elements that are not themselves novel, but the combination of these elements must be itself novel. An idea cannot be found to be novel if it is merely a variation on a basic theme or an idea already in use in the industry at the time of submission, because ideas in the public domain may be used freely by anyone.

In determining whether an idea is "novel," you may consider the following:

(1) The idea's specificity or generality (A generic idea is less likely to be novel than an idea of specific application);

(2) The idea's commonality (The more people that are aware of the idea, the less likely it is not be novel, even if the Defendant was unaware of it);

(3) The idea's uniqueness (An idea that is different from the generally known is more likely to be novel than an idea similar to the generally known);

(4) The idea's commercial availability (An idea already used in the industry and commercially available at the time of submission is not a novel idea).

Additionally, to succeed on this element of its claim, the Plaintiff must prove that its idea was novel in the industry and not just to the Defendant.

**Confidential Relationship**

In order for you to find in favor of the Plaintiff on the Plaintiff's claim for misappropriation of ideas, you must also find that the Plaintiff and the Defendant had a

confidential relationship. A confidential relationship generally exists when parties do not deal on equal terms and one party trusts and relies on the other party. A confidential relationship may be implied and does not need to be expressly created by the parties. However, a confidential relationship can only be found to exist where the recipient has demonstrated acceptance of the relationship. A conventional or "arms length" business relationship alone, without more, cannot constitute a confidential relationship.

To determine whether a confidential relationship existed between the Plaintiff and the Defendant, you must consider the relationship between the parties from an objective viewpoint. You must not consider whether one party had expectations that were not communicated to or accepted by the other party. However, you may find that the parties had a confidential relationship if one party depended on the other party and had less bargaining power than the other party, and if the parties made efforts to keep the relationship confidential and to treat each other fairly. Additionally, you may consider the parties' expectations of the relationship in the context of the customs and practices of the industry surrounding the relationship.

**Actual Use**

In order to succeed on its claim for misappropriation of ideas, the Plaintiff must also prove by a preponderance of the evidence that its idea was actually used by the Defendant. To determine whether the Defendant actually used the Plaintiff's ideas, you may consider the similarities and the differences between aspects of the Plaintiff's submitted idea and the design of the products later sold by the Defendant. The more similar the Plaintiff's idea is to the products later sold by the Defendant, the more likely the Defendant actually used the Plaintiff's idea.

If you find that the Defendant, on its own initiative or by wholly independent means, arrived at an idea similar to that devised by the Plaintiff, then you should find that the Defendant did not misappropriate the Plaintiff's idea.

**Damages**

If you determine that the Defendant misappropriated the Plaintiff's ideas, then you may determine an award of damages. To determine the award of damages, you may consider the amount the Plaintiff would have made but for the Defendant's misappropriation.

## SUPPORTIVE AUTHORITY

Reiling Assocs. v. Fisher-Price, Inc., 450 F. Supp. 2d 175, 177, 184-85, 186-88, 189 (D. Conn. 2006) (quotations and citations omitted); See Paul v. Haley, 183 A.D.2d 44, 52 (N.Y. App. Div. 1992) (citation omitted); AEB & Associates Design Group, Inc. v. Tonka Corp., 853 F. Supp. 724, 734 (S.D.N.Y. 1994); Ahlert v. Hasbro, Inc., 325 F.Supp. 2d 509, 514-15 (D. N.J. 2004); see also Ball v. Hershey Foods Corp., 842 F. Supp. 44, 47 (D. Conn. 1993).

For the Defendants,
HASBRO, INC. and HASBRO
INTERNATIONAL, INC.
By their Attorneys,

_/s/ Todd D. White___________________
John A. Tarantino (# 2586)
Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
jtarantino@apslaw.com
twhite@apslaw.com
jtechentin@apslaw.com

CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of April 2007, I electronically filed the attached Defendants' Proposed Jury Instructions with the court using the ECF system. The following counsel of record are registered with the court and will be served electronically through the ECF system:

Mark B. Morse, Esq.
The Law Offices of Mark B. Morse
111 Wayland Avenue
Providence, RI 02906

Dariush Keyhani, Esq.
Meredith & Keyhani, PLLC
5 Independence Way
Suite 300
Princeton, NJ 08540

_/s/ Todd D. White_________________