UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS, Plaintiffs, | ) | |
| v. | ) | CA NO: 05-246(L) |
| HASBRO, INC. and HASBRO INTERNATIONAL, INC. Defendants. | ) | |

**PLAINTIFFS' MOTION *IN LIMINE* TO ADOPT PLAINTIFFS' JURY INSTRUCTION NUMBER ONE (1) ON SPOLIATION OF EVIDENCE: INFERENCE THAT DEFENDANTS NEVER OFFERED PLAINTIFFS A TWO PERCENT (2%) ROYALTY FOR THE ENTIRE "TALKIN' TOOLS" LINE OF TOYS INCLUDING THE "TALKIN' TOOLS WORKBENCH"**

This case is on calendar to be tried by a jury beginning on May 9, 2007. Now, Plaintiffs through their counsel move by this motion *in limine* respectfully requesting that this Court adopt the inference that (1) Defendants never offered two percent (2%) royalty across all toys of "Talkin' Tools" line including the "Talkin' Tools Workbench."

At the core of this action is Defendants' fraudulent misappropriation and theft of Plaintiffs' idea-concept "Talkin' Tools," fraudulent misrepresentation, fraudulent inducement to enter into the Inventor's License Agreement, and Defendants' breaches of both Agreements to Hold Confidential and the Inventor's License Agreement. All claims that Plaintiffs will be required to prove at a trial are related to a conduct and actions taken by Defendants' former and current employees against Plaintiffs. Specifically, the evidence and fact finding in this case is directed at and relates to the knowledge and conduct of Defendants' current and former employees, specifically Stephen M. Toth, Derek Stothard, David Voss, David Maurer, Joseph Khan and Wendy Buelsing with respect to the development of Defendants' "Talkin' Tools" line of toys and the "Talkin' Tools Workbench."

**Inference that Defendants *never* offered a two-percent (2%) royalty across all of the "Talkin' Tools" line**

In upholding this Court's spoliation ruling the First Circuit Blinzler v. Marriott Inter. Inc., 81 F.3d 1148, 1159-1160 (1st Cir. (R.I.) 1996), articulated the doctrine of spoliation under Rule 403 of Federal Rules of Evidence when non-production of relevant documents creates an inference that a party destroyed or withheld relevant documents "out of a realization that the contents were unfavorable. See Nation-Wide Check Corp. v. Forest Hills Distributors, Inc., 692 F.2d 214, 217 (1st Cir. (Mass.) 1982); see also 2 Wigmore on Evidence § 285, at 192 (James H. Chadbourn rev. ed. 1979)." Id. At 1159. Additionally, Black's Law Dictionary (8th ed. 2004) defines "doctrine omnia praesumuntur contra spoliatorem" as "[a]ll presumptions are against one who wrongfully dispossesses another (a despoiler)." Id.

In Blinzler, the First Circuit also held that "[t]he proponent of a 'missing document' inference need not offer direct evidence of a cover-up to set the stage for the adverse inference. Circumstantial [emphasis added] evidence will suffice. See, e.g., Brown & Williamson Tobacco Corp. v. Jacobson, 827 F.2d 1119, 1134 (7th Cir.1987), cert. denied, 485 U.S. 993, 108 S.Ct. 1302, 99 L.Ed.2d 512 (1988)."
In Nation-Wide Check Corp., Inc. v. Forest Hills Distributors, Inc., 692 F.2d 214 (1st Cir. (Mass.) 1982) the Court stated that only a "minimum link of relevance" must be shown for the Court to adopt an inference of spoliation and allow "the fact of the document's nonproduction or destruction as evidence that the party which has prevented production did so out of the well-founded fear that the contents would harm him." Id. 217. The rule of this Circuit as it is held in Sacramona v. Bridgestone/Firestone, Inc., 106 F.3d 444 (1st Cir. (Mass.) 1997) is that "[b]ut bad faith is not essential. If such evidence is mishandled through carelessness, and the other side is prejudiced, we think that the district court is entitled to consider imposing sanctions, including exclusion of the evidence. See Nation-Wide Check Corp., Inc. v. Forest Hills Distrib., Inc., 692 F.2d 214, 219 (1st Cir. (Mass.) 1982)." Id. See also Trull v. Volkswagen of American, Inc., 187 F.3d 88 ( 1st Cir. (N.H.) 1999) . Furthermore, as the Court held in Testa v. Wal-Mart Stores, Inc., 144 F.3d 173 (1st Cir. (N.H.) 1998) that "evidence that documents were

destroyed in the ordinary course of business, pursuant to routine practice, is material to the inquiry, but the mere introduction of such evidence neither removes the question from the jury's ken nor precludes the jury from drawing a negative inference. See Nation-Wide Check, 692 F.2d at 219." Id.

In the present case, Plaintiffs served on Defendants Plaintiffs Third Set of Requests for Documents and Things 1-6 (See attached **Exhibit A**) specific requests including documents and communications including Emails to and between specific employees of the Cincinnati Tonka division involved in the "Talkin' Tools" line of toys and Stephen M. Toth and others. In response Defendants claim the Emails are destroyed and/or lost because the "server utilized does not exist and no copy was made" and "Hasbro does not have these emails in either form" (See Attached **Exhibit B**).

Yet Hasbro has already produced numerous emails from individuals employed at the then Cincinnati group involved in the development of "Talkin' Tools" line of toys during the time period between 1999 and 2000 (see, e.g., **Exhibit C**, HA 00208, HA 003636, HA 003620, and HA 003635, HA004604).

More significantly, Plaintiffs' document bates stamped 0013 (**Exhibit D**), includes an Email from Defendants' agent David Maurer conceding that he "went over the negotiation history with Derek Stothard" and his statement that "my [Mr. Maurer's] understanding, per those emails" can be reasonably read as an admission that he had reviewed these emails himself – certainly it is an admission that he had first hand knowledge of the existence of these Emails and the content the Emails, he relied on their content to support his argument, and clearly believed they were relevant to the ongoing dispute over what Defendants may have offered Plaintiffs if anything in terms of a proposal for "Talkin' Tools."[1] Accordingly, it would have been inappropriate and/or not legally prudent for Defendants[2] to destroy these Emails and/or any other documents that were directly relevant to an ongoing dispute – one that could have reasonably escalated to litigation as it did.

[1] Mr. Carlin had raised issue with the "Talkin' Tools Workbench" at least as early as March of 2000 five months earlier (see **Exhibit C**, Mr. Carlin's March 20, 2001 letter to Hasbro).

[2] Hasbro has an in-house legal department larger than most law firms in state of Rhode Island.

Furthermore, Derek Stothard testified at his deposition under oath that he had accessed his emails between him and Mr. Toth after he had already moved to Hasbro's Rhode Island office and forwarded these emails to David Maurer (**Exhibit E**, excerpts from Mr. Stothard's November 16, 2006 deposition testimony). Mr. Stothard also testified that he was also not aware of any other computer documents and/or files (from anyone else) being destroyed from Hasbro's then Cincinnati office as a result of the merger. Plaintiffs have followed-up with a number of letters, emails and phone calls with Defendants' counsel regarding this matter, but Defendants maintained their position that the Emails at issue are no longer available (See **Exhibit F**).

Mr. Stothard and Mr. Toth's communications with each other and others at Hasbro as well as communications among and between other parties relating to "Talkin' Tools" and the "Talkin' Tools" workbench are relevant to the issue of Plaintiffs' claim of fraud and other issues in this case. Defendant intentional and/or negligence disposal and/or destruction of these emails prejudices Plaintiffs – as Defendants claim that they offered Plaintiffs 2% across the entire line of "Talkin' Tools (Which Plaintiffs deem to by a categorical misrepresentation) yet Defendants fail to produce the evidence that they claim they rely on for this proposition.

As Defendants have improperly discarded and/or destroyed material evidence in this case, based on the doctrine of spoliation, Plaintiffs respectfully request that Court adopt Plaintiffs' proposed Jury Instruction Number One (1) that provides that the jury be permitted to infer that the evidence that Defendants negligently and/or deliberately disposed of and/or destroyed would have been unfavorable to the Defendants' position in this case specifically contrary to Defendants' assertion that it offered Plaintiffs' two percent (2%) royalties for the entire "Talkin' Tools" line of toys including the "Talkin' Tools Workbench."

Date: April 27, 2007

Respectfully submitted,
Plaintiffs,
By their attorneys,

/s/ Mark B.Morse
MARK B. MORSE
RI Bar Registration Number 3003
111 Wayland Avenue
Providence, RI 02906
(401) 831-0555 (telephone)
(401) 273-0937 (facsimile)
Mark@morselawoffice.com

/s/ Dariush Keyhani
DARIUSH KEYHANI
Meredith & Keyhani, PLLC
5 Independence Way
Suite 300
Princeton, NJ 08540
(609) 945-7406 (telephone)
(609) 228-4031 (facsimile)
dkeyhani@meredithkeyhani.com
(Appearing *Pro Hac Vice*)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of April, 2007 the within was filed electronically with the Court and that the attorneys of record are as listed below:

John Tarantino, Esq.
Todd D. White, Esq.
Jeffrey Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

/s/ Dariush Keyhani
Dariush Keyhani