UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS, Plaintiffs, | |
| v. | CA NO: 05-246L |
| HASBRO, INC. and HASBRO INTERNATIONAL, INC. Defendants. | **PLAINTIFFS' PROPOSED JURY INSTRUCTIONS** |

Plaintiffs through their counsel hereby respectfully request that the Court instruct the jury in conformity with the Court's following standard instructions, and consider the Plaintiffs' submission herein with respect to the specific subject mater of this action:

**Introductory Remarks**

Members of the jury, you are about to enter your final duty, which is to decide the fact issues in this civil case. Before you do that, I will instruct you on the law.

**Role of the Court**

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room. You will receive a copy of these instructions to take with you into the jury room.

You should not, any of you, be concerned about the wisdom of any legal rule that I state. Regardless of any opinion that you may have as to what the law may be -- or ought to be -- it would violate your sworn duty to base a verdict upon any other view of the law than the one I give you.

**Role of the Jury**

Your role, as I have earlier said, is to consider and decide the fact issues in this case. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the evidence; you determine the credibility or believability of the witnesses; you resolve whatever conflicts may exist in the testimony; you draw whatever reasonable inferences and conclusions you decide to draw from the facts as you have determined them; and you determine the weight of the evidence.

In determining the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nor is anything I may have said during the trial or may say during these instructions about a fact issue to be taken instead of your own independent recollection. What I say is not evidence. It is your own independent recollection of the evidence that controls. In this connection, remember that a question put to a witness is never evidence. Only the answer is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record.

If there is any difference or contradiction between what any lawyer has said and what you decide the evidence showed, or between anything I may have said and what you decide the evidence showed, it is your view of the evidence -- not the lawyers', and not mine -- that controls.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether the Plaintiff or the Defendants have presented the more convincing evidence.

I also ask you to draw no inference from the fact that upon occasion I may have asked questions of certain witnesses. These questions were intended only for clarification or to move things along, and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other of the witnesses. It is critically important that you understand that I wish to convey absolutely no opinion as to the verdict you should render in this case, and that even if I did convey such an opinion, you would not be obliged in any way to follow it.

In determining the facts, you must weigh and consider the evidence without regard to sympathy, prejudice, or passion for or against any party, and without regard to what the reaction of the parties or the public to your verdict may be. I will later discuss with you how to pass upon the credibility of witnesses.

**Burden of Proof**

As this is a civil case, Plaintiffs have the burden of proving their claim and damages by a preponderance of the evidence. This means that Plaintiffs have the burden of proving by a preponderance of the evidence each and every disputed element of their claim and damages. If you find that Plaintiffs have failed to establish their claim by a preponderance of the evidence, you must decide against them on the issues you are considering. Similarly, Defendants have the burden of proving their defenses by a preponderance of the evidence. If you find that the Defendants have failed to establish their defenses by a preponderance of the evidence, you must decide against them on the issues you are considering. ***To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true***. A preponderance of the evidence means the greater weight of the evidence. It does not mean the greater number of witnesses or the greater length of time taken by either side. The phrase refers to the quality of the evidence; that is, its persuasiveness, the weight and the effect that it has on your minds. In determining whether a claim has been proven by a preponderance of the evidence, you may

consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

This concept of a preponderance of the evidence is often illustrated with the idea of scales. ***You put on one side all of the credible evidence favoring Plaintiffs and on the other all the credible evidence favoring the Defendants. If the scales tip toward the Plaintiffs because Plaintiffs' evidence is weightier, you must find in Plaintiffs' favor***. But if the scales are evenly balanced, or if they tip in Defendants' favor, then you must find for the Defendants. Some of you no doubt have heard of "proof beyond a reasonable doubt," which is the standard of proof that is used in a criminal trial. A plaintiff in a civil case does not have to satisfy that requirement, and you should put it out of your mind.

**Evidence/What is Not Evidence**

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of witnesses, on both direct and cross-examination, including by deposition, regardless of who called the witness;

(2) the documents and exhibits which have been received into evidence;

(3) any facts to which all the lawyers have agreed or "stipulated"; and

(4) any fact which I have instructed you to accept as true.

Nothing else is evidence -- not what the lawyers say, not what I say, and not anything you heard outside the courtroom.

Some of the testimony before you is in the form of deposition (transcript) which has been received in evidence. A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial. This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

**Direct and Circumstantial Evidence**

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally experienced through his or her own senses -- in other words, something seen, felt, touched, heard, or tasted. Direct evidence may also be in the form of an exhibit where the fact to be proven is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. Here is a simple example of circumstantial evidence:

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella that was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom, and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it has been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented. It is for you to decide whether a fact has been proven by circumstantial evidence. In making that decision, you must consider all the evidence related to that fact in the light of reason, common sense, and your experience.

**Inference**

During the trial you may have heard the attorneys use the term “inference,” and in their arguments they may have asked you to infer, on the basis of your reason, experience, and common sense, from one or more proven facts, the existence of some other facts.

An inference is not a suspicion or a guess. It is a logical conclusion that a disputed fact exists that we reach in light of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw -- but not required to draw -- from the facts which have been established by either direct or circumstantial evidence. In drawing inferences you should exercise your common sense.

Keep in mind that the mere existence of an inference against the Defendants does not relieve the Plaintiff of the burden of establishing his case by a preponderance of the evidence. In order for the Plaintiff to obtain a verdict in his favor, you must still believe from the credible evidence that the Plaintiff has sustained the burden cast upon him. If the Plaintiff has failed, then your verdict must be for the Defendants. If you should find that all of the evidence is evenly balanced, then the Plaintiff has not sustained his burden of proof and your verdict should be for the Defendants.

If, and only if, you determine, after carefully weighing all the evidence, that the facts favor the Plaintiff by the standard I have articulated, then he has met his burden of proof.

It is the function of the jury exclusively to resolve factual issues and to decide what it is that really happened here. It is your obligation and duty to zealously guard against any erosion of that function, however unintentional that it might have been.

**Credibility of Witnesses**

You have had the opportunity to observe the (live) witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of witness testimony.

How do you determine where the truth lies? You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility that a witness may have shown

for or against any party as well as any interest the witness has in the outcome of the case. It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony.

You should consider the opportunity each witness had to see, hear, and know the things about which he or she testified, the accuracy of his or her memory, his or her candor or lack of candor, his or her intelligence, the reasonableness and probability of his or her testimony and its consistency, or lack of consistency and its corroboration, or lack of corroboration, with other believable testimony. You watched the witnesses testify (and heard their deposition testimony read). Everything a witness said or did on the witness stand counts in your determination. How did the witness appear? What was the witness' demeanor while testifying? Often it is not what people say, but how they say it, that moves us.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider, therefore, whether in such a situation the witness' testimony reflects an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

If you find that any witness has willfully testified falsely as to any material fact (that is, as to an important matter) the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally unworthy of belief. You may accept so much of the witness' testimony as you deem true and disregard what you feel is false. As the sole judges of the facts, you must decide which of the witnesses you will believe, what portion of the testimony you accept, and what weight you will give to it.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your own life experience.

**Interest in Outcome**

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such an interest in the outcome of the case creates a motive to testify falsely and may sway a witness to testify in a way that advances the witness' own interest. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. An interested witness is not necessarily less credible than a disinterested witness. The fact that a witness is interested in the outcome of the case does not mean that he or she has not told the truth. It is for you to decide, based upon your own perceptions and common sense, to what extent, if at all, the witness' interest has affected his or her testimony.

**Expert Witnesses**

You have heard the testimony from numerous expert witnesses in this case. An expert is allowed to express his or her opinion on those matters about which he or she has special knowledge and training. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing the expert's testimony, you may consider the expert's qualifications, his or her opinions, and his or her reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept these witnesses' testimony merely because he or she is an expert. Nor should you substitute it for your own reason, judgment, and commons sense. The determination of the facts in this case rests solely with you.

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 1**

(Spoliation)

During the course of this trial, you have heard testimony that one of the parties may have destroyed and/or may have mutilated certain evidence. When evidence is destroyed, we call it spoilage. And under certain circumstances, the spoilage of evidence may, if you find, it is not required, that it gives rise to an adverse inference, and that the spoliated evidence would have been unfavorable to the position of the party who destroyed or mutilated that evidence. Spoliation of evidence may be innocent or it may be intentional, or it can be somewhere in-between the two. It is the unexplained and deliberate destruction or mutilation of relevant evidence that gives rise to an inference that the thing which has been destroyed or mutilated would have been unfavorable to the position of the person responsible for the spoliation**.** In this case Plaintiffs claim that Defendants destroyed or mutilated certain Email messages between Defendants' agents Stephen M. Toth and Derek Stothard and Email messages and/or other communications from, to and between Defendants' agent Stephen M. Toth and others. If you find that the Defendants destroyed or mutilated these Emails messages, and did so deliberately or negligently, then you are permitted to infer that in your consideration of the evidence would have been unfavorable to the Defendants' position in this case.

In deciding whether or not the destruction or mutilation of the evidence was deliberate, you may consider all of the facts and circumstances which were proved at trial, and which are pertinent to that particular item of evidence. You may consider who destroyed it, how it was destroyed, the legitimacy, or the lack of legitimacy in the reasons given for its destruction. You may consider the timing of the destruction. You may consider whether the individual destroying the evidence knew the evidence might be supportive of the opposing party. You may consider whether the spoliation was intended to deprive the court of evidence, as well as other facts and circumstances which you find to be true. You may also consider the extent to which it has been shown that the spoliated evidence would indeed have been unfavorable to the defendant's position. If the spoliation of the evidence is attributable to carelessness or negligence on the part of the defendant, you may consider whether the carelessness or negligence was so gross as to amount to a deliberate act of spoliation.

**Authority:** In Blinzler v. Marriott Inter. Inc., 81 F.3d 1148, 1159-1160 (1st Cir. (R.I.) 1996); Nation-Wide Check Corp. v. Forest Hills Distributors, Inc., 692 F.2d 214, 217 (1st Cir. (Mass.) 1982); Black's Law Dictionary (8th ed. 2004); Brown & Williamson Tobacco Corp. v. Jacobson, 827 F.2d 1119, 1134 (7th Cir.1987), cert. denied, 485 U.S. 993, 108 S.Ct. 1302, 99 L.Ed.2d 512 (1988)." Sacramona v. Bridgestone/Firestone, Inc., 106 F.3d 444 (1st Cir. (Mass.) 1997); Trull v. Volkswagen of American, Inc., 187 F.3d 88 ( 1st Cir. (N.H.) 1999); Testa v. Wal-Mart Stores, Inc., 144 F.3d 173 (1st Cir. (N.H.) 1998).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 2**

(Fraud / Fraudulently Inducement to Contract)

If you believe that (1) Defendants made a false representation about the origin and character of the **"Talkin' Tools Workbench"** when Defendants called Plaintiff Gary Carlin in September of 2000 and described the **"Talkin' Tools Workbench"** as a standalone (by itself) "workbench" and represented it as an independently conceived concept distinct from the **"Talkin' Tools"** concept; and if you additionally believe that (2) Plaintiffs suffered damages by reasonably relying on Defendants' misrepresentation; then, you must find that Defendants committed fraud and you must find the Inventor's License Agreement to be invalid. If you find that Defendants committed fraud then you must award damages equal to the full extent to which Defendants have been unjustly enriched or Plaintiffs' loss of the benefit of the bargain - that means the difference between the actual value of what the defrauded person received and the value which it would have had if it had been as represented.

**Authority:** Caseau v. Belisle, 2005 WL 2354135 (R.I.Super. 2005); Carlsten v. Oscar Gruss & Son, Inc., 853 A.2d 1191, 1195-96 (R.I. 2004); Bjartmarz v. Pinnacle Real Estate Tax Svc., 771 A.2d 124, 127 (R.I.2001); Travers v. Spidell, 682 A.2d 471, 472-73 (R.I.1996); McGovern v. Crossley, 477 A.2d 101 (R.I.1984); Bloomberg v. Pugh Bros. Co., 45 R.I. 360, 364, 121 A. 430, 431 (1923).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 3**

(Punitive damages)

If you find that Defendants willfully committed fraud by making a false representation about the origin and character of the **"Talkin' Tools Workbench"** when Defendants called Plaintiff Gary Carlin in September of 2000 and described the **"Talkin' Tools Workbench"** as a standalone (by itself) "workbench" and represented it as an independently conceived concept distinct from the **"Talkin' Tools"** concept; then you may also award punitive damages for Defendants' conduct. The punitive damages are additional to damages for Plaintiffs having lost the benefit of the bargain and/or Defendants being unjustly enriched. You may take into consideration the financial position of Defendants.

**Authority:** Conti v. Winters, 86 R.I. 456 (R.I. 1957); Bryne v. Greene, 70 F.2d 137 (1st Cir. (Me) 1934).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 4**

(Negligent Misrepresentation in Inducement to Contract)

This instruction deals with negligent representation by Defendants. The representation is negligent when a party that makes the representation knew or should have know that there was doubt as to a substance of representation but the party failed to reasonably investigate the veracity of the representation before make this representation.

If you believe that (1) Defendants negligently made a false representation about the origin and character of the **"Talkin' Tools Workbench"** when Defendants called Plaintiff Gary Carlin in September of 2000 and described the **"Talkin' Tools Workbench"** as a standalone (by itself) "workbench" and represented it as an independently conceived concept distinct from the **"Talkin' Tools"** concept; then, you must find that Plaintiffs were induced to enter into the Inventor's License Agreement by Defendants' negligent misrepresentation and you must decide the Inventor's License Agreement to be invalid. If you find that Defendants made negligent misrepresentation(s) that induced Plaintiffs to enter into the Inventor's License

Agreement, then you must award damages equal to full extent to which Defendants have been unjustly enriched or Plaintiffs' loss of the benefit of the bargain- that means the difference between the actual value of what the defrauded person received and the value which it would have had if it had been as represented.

Even if you believe that Defendants innocently made the false representation about the origin and character of the "**Talkin' Tools Workbench"** when Defendants called Plaintiff Gary Carlin in September of 2000 and described the **"Talkin' Tools Workbench"** as a standalone (by itself) "workbench" and represented it as an internally conceived concept distinct and independent of the **"Talkin' Tools"** concept; you must still award Plaintiffs damages equal to the full extent to which Defendants were/are being unjustly enriched or Plaintiffs' loss of the benefit of bargain if you believe that Plaintiffs suffered damages by reasonably relying on Defendants' false representation.

**Authority:** Caseau v. Belisle, 2005 WL 2354135 (R.I.Super. 2005); Carlsten v. Oscar Gruss & Son, Inc., 853 A.2d 1191, 1195-96 (R.I. 2004); Bjartmarz v. Pinnacle Real Estate Tax Svc., 771 A.2d 124, 127 (R.I.2001); Travers v. Spidell, 682 A.2d 471, 472-73 (R.I.1996); McGovern v. Crossley, 477 A.2d 101 (R.I.1984); See, e.g., Bloomberg v. Pugh Bros. Co., 45 R.I. 360, 364, 121 A. 430, 431 (1923); Bogosian v. Bederman, 823 A .2d 1117, 1119 (R.I.2003).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 5**

(Misappropriation of Idea/Theft of Ideas/Breach of Agreement To Hold Confidential/ Unjust Enrichment)

If you believe that (1) the language of the "Agreement to Hold Confidential" required Defendants to inform Plaintiffs prior to Defendants' use and/or conscious consideration of Plaintiffs' "Talkin' Tools" and (2) if you believe that after formally rejecting Plaintiffs' "Talkin' Tools" idea submission, Defendants failed to get Plaintiffs' permission before Defendants began to consciously consider "Talkin' Tools" for commercial purposes; then you must find that Defendants misappropriated Plaintiffs "Talkin' Tools" idea submission and also breached the Agreement to Hold Confidential.

If you believe that Defendants misappropriated Plaintiffs' "Talkin' Tools" idea submission and breached the Agreement to Hold Confidential, then you must award damages equal to the full extent to which Defendants have been unjustly enriched or at the least Plaintiffs' loss of the benefit of the bargain-that means the difference between the actual value of what the defrauded person received and the value which it would have had if it had been as represented.

**Authority:** Columbia Broadcasting System, Inc. v. DeCosta, 377 F.2d 315, 153 U.S.P.Q. 649 (C. A. R.I. 1967); Rhode Island Uniform Trade Secret Act, R.I. Gen. Laws § 6-41-1(2); Burten v. Milton Bradley Co., 763 F.2d 461 (1st Cir. 1985); See, e.g., Bogosian v. Bederman, 823 A .2d 1117, 1119 (R.I.2003).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 6**

(Breach of Fiduciary Duty)

If you believe that it is implicit in the inventor and toy company relationship in the toy industry for the necessity for the outside inventors to trust the toy company and the representations and dealings with the outside inventor; then you must find the presence of a fiduciary duty of fair dealing, good faith and honesty owed to the outside inventors from the toy company. You may additionally believe that Defendants breached their fiduciary duty to Plaintiffs when Plaintiffs entrusted Defendants with the idea for "Talkin' Tools" and Defendants did not honestly inform Plaintiffs of Defendants' use of the "Talkin' Tools" idea for commercial purpose. If you believe that Defendants breached their fiduciary duty to Plaintiffs when they did not immediately inform the Plaintiffs of the nature and character of their use of Plaintiffs' "Talkin' Tools" idea submission, then you must award damages equal to full extent to which Defendants being unjustly enriched.

**Authority:** Burt v. Rhode Island Hosp. Trust Nat. Bank, 2006 WL 2089254 (R.I.Super. 2006); Rhode Island Hosp. Trust Nat'l Bank v. Bogosian, 11

F.3d 1092, 1101 (1st Cir.1993); Simpson v. Dailey, 496 A.2d 126, 129 (R.I.1985).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 7**

(Breach of Inventor's License Agreement)

If you believe that Defendants failed to materially perform their obligations under the Inventor's License Agreement when Defendants refused to compensate Plaintiffs for all "talking" toy tools with faces that make statements evocative (relating to) of their function including the "Talkin' Tools Workbench," "Dusty the Toolbench" and newer versions of the toys, "Dusty the Vacuum," "Mike the Mower," "Bobby Q Grill" (the talking grill), "The Talking Kitchen," "Gab the Phone" (the talking phone) and others; then you must find that Defendants breached their contractual obligations and you must award damages equal to full compensation that Plaintiffs would have received if Defendants had not breached the Inventor's License Agreement. In determining whether a breach was material, you may rely on the following circumstances:

(a) the extent to which the injured party will be deprived of the benefit which he reasonably expected;

(b) the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived;

(c) the extent to which the party failing to perform or to offer to perform will suffer forfeiture;

(d) the likelihood that the party failing to perform or to offer to perform will cure his failure, taking account of all the circumstances including any reasonable assurances;

(e) the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing.

**Authority:** Restatement (Second) of Contracts § 241 (1981); Marketing Design Source, Inc. v. Pranda North America, Inc., 799 A.2d 267 (R. I. 2002); George v. George F. Berkander, Inc., 92 R.I. 426,431 (1961).

Date: April 27, 2007

Respectfully submitted,
Plaintiffs,
By their attorneys,

/s/ Mark B.Morse
MARK B. MORSE
RI Bar Registration Number 3003
111 Wayland Avenue
Providence, RI 02906
(401) 831-0555 (telephone)
(401) 273-0937 (facsimile)
Mark@morselawoffice.com

/s/ Dariush Keyhani
DARIUSH KEYHANI
Meredith & Keyhani, PLLC
5 Independence Way
Suite 300
Princeton, NJ 08540
(609) 945-7406 (telephone)
(609) 228-4031 (facsimile)
dkeyhani@meredithkeyhani.com
(Appearing *Pro Hac Vice*)