UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS, Plaintiffs, | : | |
| v. | : | CA NO: 05-246L |
| HASBRO, INC. and HASBRO INTERNATIONAL, INC. Defendants. | : | |

**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EXPERT TESTIMONY**

Pursuant to Fed. R. Civ. P. Rule 37(c)(1) and the Second Amended Pretrial Order governing this case, Defendants Hasbro, Inc. and Hasbro International, Inc. respectfully move *in limine* to preclude expert testimony that has not been timely identified by the Plaintiffs and that is offered in complete violation of Fed. R. Civ. P. Rule 26(a)(2) and this Court's Pretrial Order. The grounds for this motion are set forth in the accompanying memorandum of law.

For the Defendants,

HASBRO, INC. and HASBRO INTERNATIONAL, INC.
By their Attorneys,

_/s/ Todd D. White_______________
John A. Tarantino (# 2586)
Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
jtarantino@apslaw.com
twhite@apslaw.com
jtechentin@apslaw.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS, Plaintiffs, | : | |
| v. | : | CA NO: 05-246L |
| HASBRO, INC. and HASBRO INTERNATIONAL, INC. Defendants. | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE EXPERT TESTIMONY**

Pursuant to Fed. R. Civ. P. Rule 37(c)(1) and the Second Amended Pretrial Order governing this case, Defendants Hasbro, Inc. and Hasbro International, Inc. ("Defendants") submit this Memorandum of Law in support of its Motion *in Limine* to Preclude Expert Testimony that has not been timely identified by the Defendants and that is offered in complete violation of Fed. R. Civ. P. Rule 26(a)(2) and this Court's Pretrial Order. Specifically, Defendants seek to preclude expert testimony by Mr. Gary Carlin, Mr. Ralph Baer, and Mr. Robert Pelovitz, none of whom was identified to the Defendants as offering expert testimony until the eve of trial.

This motion is brought to preclude the previously undisclosed expert testimony of three witnesses on behalf of the Plaintiffs. Despite the unambiguous requirements of both the Federal Rules of Civil Procedure and the Pretrial Order entered in this case, the Plaintiffs did not disclose the fact that they intended to offer expert evidence through these witnesses until it was buried on page 8 of a supplemental response to interrogatories served over a week after this Court explicitly closed all pretrial discovery. The Plaintiffs

further confused the issue in their Pretrial Memorandum, filed on April 27, 2007, as they only identify two of the witnesses – Messrs. Carlin and Baer – as possibly offering expert testimony.

## I. INTRODUCTION AND FACTUAL BACKGROUND

This matter was commenced by a complaint filed by the Plaintiffs in June 2005. The original Pretrial Order entered by Judge Smith on August 11, 2005 was amended on two occasions. The Second Amended Pretrial Order, which governed this case until the recent Scheduling Order placing this matter for trial, was entered on December 22, 2005. *See* Docket Entry No. 13. With respect to expert discovery, the Second Amended Pretrial Order provided, in full (emphasis added):

> Expert Discovery Disclosures. Plaintiffs will make their expert witness disclosures and reports, as required by Fed. R. Civ. P. 26(a)(2), by June 3, 2006. Defendant will make its expert witness disclosures and reports, as required by Fed. R. Civ. P. 26 (a) (2), by June 3, 2006. (***Any expert witness not disclosed by these dates will not be allowed to testify unless authorized by the Court***.) All depositions are to be completed by June 30, 2006. Expert Discovery will close on June 30, 2006.

A number of discovery issues resulted in extensions of the discovery cutoffs in this case, but none of those extensions modified the other provisions of the Pretrial Order. Specifically, the parties were consistently under an obligation to make required disclosures on penalty of exclusion of the witnesses, as set forth above. On August 28, 2006, the Court extended the deadlines for expert disclosures to October 3, 2006 and set expert discovery to close on October 30, 2006. Three weeks after the deadline to disclose experts, the Plaintiffs moved to extend the deadlines still further in order to give themselves more time to identify intended experts. *See* Docket Entry No. 67. They withdrew that motion, however, on November 17, 2006, on the grounds that "said

disclosures have been forwarded to Defendants' Counsel Todd White, Esq. by fax on November 17, 2006." *See* Docket Entry No. 71 at 1.

Defendant's November 17 expert disclosure contained no hint of any expert testimony by either Mr. Carlin or Mr. Baer. Instead, it consisted entirely of two fax cover sheets from Plaintiffs' counsel, a cover letter from counsel indicating that the letter enclosed Plaintiffs' expert disclosures, a cover letter from the Plaintiffs' retained expert, Dennis Giuffre, and Mr. Giuffre's report. **Exhibit A**. By any account, the Plaintiffs only disclosed a single expert witness.

On April 9, 2007 – over a week after the Court set this matter for trial and directed that Pretrial Memoranda be in by the end of that month – Plaintiffs served supplemental responses to the Defendants earlier interrogatories in which they first intimated that Messrs. Carlin, Baer, and Pelovitz might be called upon to offer expert testimony. **Exhibit B** at 8. Subsequently, in their Pretrial Memorandum, the Plaintiffs reiterated their apparent intention to offer expert testimony through Messrs. Carlin and Baer.

## II. <u>ARGUMENT</u>

The Plaintiffs' unexcused and unjustifiable failure to disclose the identities of their expert witnesses warrants exclusion of that testimony at trial. Both the Second Amended Pretrial Order and, independently, Rule 26(a)(2) required the Defendants to provide expert disclosures to the Defendants in a timely fashion. Under the Pretrial Order, as amended, the identities were required to be disclosed by October 3, 2006. Pretrial Order at ¶ 3. This was not done. The Plaintiffs actually made expert disclosures on November 17, 2006. The disclosures did not mention any possible expert testimony by any of Gary Carlin, Ralph Baer, or Robert Pelovitz.

Under Rule 26(a)(2), parties are required to disclose the identities of any witnesses "who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." Rule 26(a)(2)(A). *See also LaPlace-Bayard v. Batlle*, 295 F.3d 157 (1st Cir. 2002) (noting mandatory nature of Rule 26(a)(2)). The Plaintiffs' disclosure is clearly deficient. Not only were they not identified in a timely response to relevant interrogatories (having been identified only after the close of pretrial discovery), they were not identified by the specific date set forth in the orders of this court in the Pretrial Order, as amended, or even 90 days prior to the date of trial (the default requirement under Rule 26(a)(2)(C)).

The prejudice to the Defendants stemming from the this failure to disclose is patent. This matter is going to be tried beginning on May 8, 2007. The Defendants have not even had an opportunity even to consider the proposed expert testimony, let alone prepare for its presentation in court. The absence of timely disclosure has prevented the Defendants from engaging in the standard and unremarkable discovery attendant to expert testimony: examination and consideration of expert opinions, deposing the witnesses on the scope of their anticipated expert testimony, consulting with their own experts, and considering the designation of their own, rebuttal experts. Each of these activities is expressly contemplated by the Federal Rules of Civil Procedure, and the Plaintiffs' last-minute identification of experts effectively eliminates the Defendants' ability to do so.

Exclusion of undisclosed expert testimony under these circumstances is not only warranted, it is "standard" under Rule 37(c)(1)[1] and expressly required under the Pretrial Order. "[E]xclusion of evidence is a standard sanction for a violation of the duty of disclosure under Rule 26(a)." *LaPlace-Bayard*, 295 F.3d at 162 (quoting *Samos Imex Corp. v. Nextel Communications, Inc.*, 194 F.3d 301, 305 (1st Cir. 1999)). The First Circuit has repeatedly upheld trial court decisions to exclude late-disclosed expert testimony, based on the widely-recognized premise that "[i]n the arena of expert discovery – a setting which often involves complex factual inquiries – Rule 26 increases the quality of trials by better preparing attorneys for cross-examination." *Id.* (quoting *Thibeault v. Square D Co.*, 960 F.2d 239, 244 (1st Cir. 1992)); *see also United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958) (purpose of pretrial discovery is to "make trial less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent").

## III. CONCLUSION

For all the foregoing reasons, Defendants Hasbro, Inc. and Hasbro International, Inc. request that this Court grant their Motion *in Limine* to Preclude Expert Testimony.

[1] Indeed, the Advisory Committee Notes to Rule 37 (1993 Amendments) state that the sanction of exclusion is automatic under subdivision (c) of Rule 37: "[t]he revision provides a self-executing sanction for failure to make a disclosure required by Rule 26(a) […]."

Respectfully submitted,

HASBRO, INC. and HASBRO INTERNATIONAL, INC.
By their Attorneys,

_/s/ Todd D. White_______________
John A. Tarantino (# 2586)
Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
jtarantino@apslaw.com
twhite@apslaw.com
jtechentin@apslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of May 2007, I electronically filed the attached Defendants' Motion in Limine to Preclude Expert Testimony with the court using the ECF system. The following counsel of record are registered with the court and will be served electronically through the ECF system:

Mark B. Morse, Esq.
The Law Offices of Mark B. Morse
111 Wayland Avenue
Providence, RI 02906

Dariush Keyhani, Esq.
Meredith & Keyhani, PLLC
5 Independence Way
Suite 300
Princeton, NJ 08540

_/s/ Todd D. White_____________

*416790_1*