UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS, Plaintiffs, | : | |
| v. | : | CA NO: 05-246 L |
| HASBRO, INC. and HASBRO INTERNATIONAL, INC. Defendants. | : | |

**DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION IN LIMINE CONCERNING SPOLIATION INSTRUCTION**

Defendants object to Plaintiffs' Motion in Limine concerning a spoliation instruction. In evaluating the Plaintiffs' Motion in Limine, it is important for the Court to view it within the proper context. Plaintiffs are seeking a spoliation instruction because the Defendants are unable to locate e-mails created almost seven years ago and approximately five years before litigation was filed. Moreover, noone has ever requested that this information be preserved.

**BACKGROUND**

The e-mails in question are internal Hasbro, Inc. and Hasbro International, Inc. (collectively "Hasbro") e-mails that allegedly reference initial negotiations of the subject License Agreement (Agreement"). Although an independent toy inventor may receive up to 5% of the net profits made on toy concepts they provide to a manufacturer, recognizing that the talking tool bench was never proposed by Plaintiffs and the talking tools were arrived at independently, Hasbro was not in a position to compensate the inventors at the traditional 5%. During the course of four days of negotiations, it was agreed that 3% of net sales of the talking tools would go to the Plaintiffs and that the tool bench would be excluded. The Agreement was executed on December 18, 2000 and backdated to September 29, 2000. There would have been no need to

maintain e-mails concerning negotiations of an Agreement which was executed by both parties and was thereafter the governing document of the business deal.

**SPOLIATION**

The definition of spoliation is the destruction or significant alteration of evidence or the failure to preserve property for another's use as evidence in *pending or reasonably foreseeable litigation*. [Emphasis added.] See, generally, Black's Law Dictionary, 1401 (6th Ed. 1990). Virtually all federal circuits have adopted this common standard of spoliation including the First Circuit. In Testa v. Wal-Mart Stores, 144 F.3d 173 (1st Cir.) (N.H. 1998), the court reasoned that, in order to meet its burden, the moving party needed to: (1) prove that the target of the litigation was aware of the current or potential litigation and (2) the potential relevance of the document to its claim.

Plaintiffs' motion deals almost exclusively with the second prong of this burden – the documents potential relevance to the claim; it virtually fails to address the first prong at all. As mentioned earlier, the documents being requested by Plaintiffs are now almost seven year old e-mails. At the time the e-mails were made, and the ensuing five years prior to the commencement of this action, Hasbro had no reason to believe that these e-mails would ever become the subject of discovery of any litigation.[1]

In 2000, Hasbro merged its Cincinnati, Ohio based group, Tonka, into its Pawtucket headquarters. During that consolidation, the Microsoft Exchange mail server containing many of

[1] Plaintiffs' motion refers to Exhibit C, a letter from Mr. Carlin dated March 20, 2001 to Hasbro. That letter does not appear to be in Exhibit C.

Tonka's older e-mail was decommissioned. At that time, Hasbro had neither the technology, nor the need to retain all email records when it merged Tonka. [2]

It is reasonable to believe that Hasbro would not save internal e-mail conversations that were neither relevant, nor pertinent to its current business operations - especially as it sought to consolidate servers with limited capacity. To ask Hasbro to retain years worth of e-mails in the potential anticipation of any potential claim no matter how trivial or late, would be unduly burdensome.

Beyond the unforeseeable nature of the e-mails, Hasbro contests the relevance of the requested documents to these proceedings. At best, the e-mails in question were merely internal discussions regarding a negotiation that culminated in an accommodation that was signed by the Plaintiffs. The Plaintiffs, sophisticated businessmen, were well aware of the contractual obligations that they were entering into when signing the accommodation. Furthermore, Plaintiffs had an additional five years, and numerous contacts, to determine if they felt their rights were being impinged upon.

Plaintiffs' primary contention is that Hasbro either negligently or willfully destroyed e-mails pertaining to the negotiations between Hasbro and the Plaintiffs. While they have no hard evidence, they cite circumstantial evidence they feel supports their claims. Plaintiffs point out that Hasbro produced some e-mails from its Cincinnati office, but cannot produce all of the e-mails from the Cincinnati office. Consistent with its response to Plaintiffs' Third Set of Requests for Documents and Things, Hasbro maintains that the server containing many of the e-mails in question was not integrated when Tonka was consolidated into Pawtucket. The e-mails that have

---

[2] In the late 90's and early 2000's, Microsoft Exchange was being used by virtually every business, including Tonka/Hasbro. This software had a maximum capacity of approximately 16 gigabytes of information. Assuming both the Hasbro and Tonka servers were running anywhere near capacity, which is a virtual certainty, some information would have needed to be removed.

been produced by Hasbro were hard copies, printed out by the parties involved. The fact that some of these e-mails were printed while others were not, does not give rise to the inference that these others were destroyed wrongfully or negligently. If anything, it implies that the other e-mails were deemed to be irrelevant or less important than the e-mails that were printed out.

Plaintiffs' blanket assertion that these e-mails were wrongfully or negligently destroyed is an unsupported mischaracterization of the facts. It implies an unprecedented and ongoing level of conspiracy on the part of Hasbro that never existed. Instead, Hasbro urges the court to accept the more reasonable explanation that technology and economic prudence forced Hasbro to merge e-mail servers, regrettably resulting in some irrelevant e-mails not surviving the merge.

## CONCLUSIONS

To draw a negative inference about Hasbro's inability to retain seven (7) year old e-mails pertaining to negotiations that ultimately led to a contract would be unduly burdensome. As such, Hasbro requests that this Court deny Plaintiffs' Motion in Limine to Adopt Plaintiff's Jury Instruction No. 1 Spoliation of Evidence: Inference the Defendants Never Offered the Plaintiffs a 2% Royalty for the Entire "Talking Tools Line" of Toys Including the "Talking Tools Workbench".

.

For the Defendants,
HASBRO, INC. and HASBRO
INTERNATIONAL, INC.
By their Attorneys,

_/s/ Todd D. White_______________
John A. Tarantino (# 2586)
Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
jtarantino@apslaw.com
twhite@apslaw.com
jtechentin@apslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of May 2007, I electronically filed the attached Defendants' Motion in Limine Concerning Spoliation with the court using the ECF system. The following counsel of record are registered with the court and will be served electronically through the ECF system:

Mark B. Morse, Esq.
The Law Offices of Mark B. Morse
111 Wayland Avenue
Providence, RI 02906

Dariush Keyhani, Esq.
Meredith & Keyhani, PLLC
5 Independence Way
Suite 300
Princeton, NJ 08540

_/s/ Todd D. White_____________

*416632_1.doc*