UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS,
Plaintiffs,

v. CA NO: 05-246 L

HASBRO, INC. and HASBRO INTERNATIONAL, INC.
Defendants.

**DEFENDANTS' MOTION TO QUASH**

Now come the Defendants, Hasbro, Inc. and Hasbro International, Inc. (collectively, "Hasbro"), and hereby move to quash the trial subpoena served on the Keeper of Records of Hasbro's Information Systems on May 17, 2007 at 12:15 p.m. (Copy of Subpoena attached at Exhibit A). Discovery in this matter was *closed* as of *March 28, 2007*. More than six weeks later, on the afternoon of day six of Plaintiffs' case-in-chief (May 17, 2007), Plaintiffs served a trial subpoena on the Keeper of Records of Hasbro Informational Systems that commands Hasbro to produce voluminous records in less than 24 hours (records that Hasbro has already produced to the Plaintiffs during the course of discovery) and to give testimony at the trial of this matter. The Plaintiffs did so despite not having identified any of these documents as trial exhibits and not having identified a "keeper of records" as a trial witness in their Pretrial Memorandum. Their actions are a clear violation of this Court's pretrial orders.

This is the second trial subpoena that Plaintiffs have served on Hasbro during the presentation of their case-in-chief. Because (1) Plaintiffs' subpoena is untimely; (2) the subpoena is enormously burdensome in that it seeks tens of thousands of documents that Hasbro has already

produced and allows for a completely unreasonable amount of time for compliance; and (3) there is no mention either of this witness or the subpoenaed documents in the Plaintiffs' Pre-Trial Memorandum, Hasbro respectfully moves this Court to quash Plaintiffs' May 17, 2007 subpoena.

**A. The Subpoena Should Be Quashed Because It Is Unduly Burdensome and Seeks Documents Previously Produced in This Case**

At 12:15 p.m. on the sixth day of trial and over seven weeks since the close of discovery, Hasbro's legal department accepted service on behalf of the Keeper of Records of Hasbro's Information Systems. Plaintiffs' second trial subpoena commands Hasbro to produce by 10:00 a.m. on May 18, 2007: (1) all royalty reports evidencing all amounts paid by Hasbro to each of the three Plaintiffs; and (2) true copies of *all sales information* pertaining to ten different items that Hasbro has sold in many different markets over a period of several years. Plaintiffs are apparently seeking this information from the Keeper of Records of Hasbro Information Systems in an effort to establish Plaintiffs' purported damages.

Plaintiffs' subpoena request is unreasonable, untimely, and not in compliance with the Court's disclosure orders. Hasbro has already produced all the requested documents during the course of discovery. In fact, on day five of trial, Plaintiffs attempted to introduce most of the requested information relating to the royalty reports into evidence.[1] With respect to Plaintiffs' request regarding copies of all sales information, Hasbro has produced this information on two occasions during the course of discovery. Because this request is so extensive and seeks information that amounts to many thousands of pages of documents housed in locations throughout

[1] Plaintiffs' attempt to introduce this information into evidence was unsuccessful because Plaintiffs had not pre-marked their exhibits, as required by the Court, instead having compiled the hundreds of documents with a single rubber band. After having taken the lunch break to assemble the documents in compliance with local procedures, Plaintiffs elected not to mark those documents at all, instead choosing to mark a series of previously unproduced and undisclosed documents in their place (Trial Exhibits 20A – 20KK). Nevertheless, their abortive attempt at introducing these documents shows unequivocally that the Plaintiffs know full well that Hasbro has previously produced these records that they now seek to get – again – by subpoena.

the globe, it took Hasbro over seven weeks of diligent effort to produce this information to Plaintiffs the first time.

**B. The Subpoena Should Be Quashed Because It Amounts to an End-Run Around This Court's Pretrial Orders**

The Plaintiffs were obliged to identify advance of trial the witnesses and exhibits they intended to call or enter into evidence in their case-in-chief in their Pre-trial Memorandum. Plaintiffs' Pre-trial Memorandum and witness list does not reference the Keeper of Records of Hasbro's Information Systems, nor does it identify the documents now subpoenaed as intended trial exhibits. Plaintiffs have known since the date their Complaint was filed that damages would be an issue in this case and, indeed, much of their discovery efforts were targeted at obtaining documents related to their damages claim. This is clearly not rebuttal evidence, a matter that cannot reasonably be disputed because (1) the Plaintiffs are still presenting their case-in-chief, and (2) the information pertains to an issue – damages – as to which they have the burden of proof. The Plaintiffs cannot possibly argue that this subpoena is necessary due to some surprise or anticipated "rebuttal testimony."

Plaintiffs present no reason for their complete disregard for the pretrial procedures attendant to litigating in this Court. Indeed, this is the second trial subpoena that Plaintiffs have presented to Hasbro in the midst of trial, a clear case of "trial by ambush" that the Rules of Civil Procedure, together with this Court's Local Rules, exist to prevent. *See, e.g.*, *MacAuley v. Anas*, 321 F.3d 45, 50 (1st Cir. 2003) (important object of the rules is to avoid trial by ambush). Plaintiffs' failure to prepare their evidence appropriately leaves Hasbro with the impossible burden of producing a multitude of documents in a very short time span while attempting to defend against a variety of claims that are evolving even as the trial unfolds. The Plaintiffs should not be

permitted to use their own unpreparedness as an excuse to prejudice Hasbro in its ability to defend itself.

**C. Conclusion**

WHEREFORE, Defendants respectfully request that this Court grant its Motion to Quash the trial subpoena that Plaintiffs served the Keeper of Records of Hasbro's Information Systems May 17, 2007, commanding Hasbro to produce, in less than twenty-four hours, royalty reports evidencing amounts paid to all three plaintiffs and true copies of all sales information pertaining to ten different items.

For the Defendants,
HASBRO, INC. and HASBRO
INTERNATIONAL, INC.
By their Attorneys,

_/s/ Todd D. White_______________

John A. Tarantino (# 2586)
Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
jtarantino@apslaw.com
twhite@apslaw.com
jtechentin@apslaw.com

CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of May 2007, I electronically filed the attached Defendants' Motion to Quash with the court using the ECF system. The following counsel of record are registered with the court and will be served electronically through the ECF system:

Mark B. Morse, Esq.
The Law Offices of Mark B. Morse
111 Wayland Avenue
Providence, RI 02906

Dariush Keyhani, Esq.
Meredith & Keyhani, PLLC
5 Independence Way
Suite 300
Princeton, NJ 08540

_/s/ Todd D. White_____________

*418090_1.doc*