UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS, Plaintiffs, | : | |
| v. | : | CA NO: 05-246L |
| HASBRO, INC. and HASBRO INTERNATIONAL, INC. Defendants. | : | |

**DEFENDANTS' MOTION FOR AN AWARD OF COSTS AND FOR EXTENSION OF TIME IN WHICH TO SUPPLEMENT BILL OF COSTS**

Pursuant to 28 U.S.C. § 1920 and Rule 54(d) of the Federal Rules of Civil Procedure, Defendants Hasbro, Inc. and Hasbro International, Inc. (collectively, "Hasbro") respectfully move for an award of costs in the above-captioned matter. Hasbro further moves for a 30-day enlargement of time, through July 6, 2007, to supplement its bill of costs in this matter to enable Hasbro to present the extensive, reasonable, and necessary costs incurred in response to the Plaintiffs' onerous and pointless demand for documents from Hasbro operating units throughout the world, a process that took hundreds of hours and cost many thousands of dollars. As explained in the accompanying Memorandum of Law and Declaration of Jeffrey K. Techentin, the costs immediately presented are taxable as a matter of course in this case and good cause exists to permit Hasbro a 30-day extension of time in which to present its full taxable costs in this matter.

Respectfully submitted,

HASBRO, INC. and HASBRO INTERNATIONAL, INC.
By their Attorneys,

_/s/ Jeffrey K. Techentin________
John A. Tarantino (# 2586)
Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
jtarantino@apslaw.com
twhite@apslaw.com
jtechentin@apslaw.com

Dated: June 6, 2007

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS, Plaintiffs, | : | |
| v. | : | CA NO: 05-246L |
| HASBRO, INC. and HASBRO INTERNATIONAL, INC. Defendants. | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR COSTS AND FOR EXTENSION OF <u>TIME IN WHICH TO SUPPLEMENT BILL OF COSTS</u>**

Pursuant to 28 U.S.C. § 1920 and Rule 54(d) of the Federal Rules of Civil Procedure, Defendants Hasbro, Inc. and Hasbro International, Inc. (collectively, "Hasbro") respectfully submit this memorandum of law in support of their motion for an award of costs in the above-captioned matter.

On May 22, 2007, following a ten-day jury trial, this Court granted judgment as a matter of law in favor of Hasbro and against the Plaintiffs and entered a judgment in accordance therewith. (*See* **Exhibit A**).[1] Under 54(d) of the Federal Rules of Civil Procedure, "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." The accompanying Bill of Costs seeks $6,128.50 as reasonable and necessary costs incurred by Hasbro in its defense of this lawsuit brought by the plaintiffs. (Declaration of Jeffrey K. Techentin, ¶ 3) However, as explained below, Hasbro has been unable to document completely its full taxable costs in this matter within the ten-day period ordinarily applicable to bills of costs and therefore Hasbro seeks additional time, in the form of a 30-day extension (through July 6,

[1] All exhibits are attached to the accompanying Declaration of Jeffrey K. Techentin.

2007), in which to supplement its bill of costs with further costs reasonably and necessarily incurred in the defense of this case.

**A. The Present Bill of Costs**

The costs of $4,674.10 for court reporter fees consist of transcript costs for the four depositions taken by Hasbro in this case (two sessions of deposition of plaintiffs Gary Carlin and Ralph Baer, and one deposition of the other plaintiff, Robert Pelovitz) and for the seven depositions taken by the Plaintiffs. The cost of procuring the transcripts of each of these depositions was necessary for Hasbro to defend against the claims asserted by the plaintiffs. Indeed, the plaintiffs read substantial portions of several deposition transcripts into the record at the trial of this matter, and Hasbro impeached two of the plaintiffs' by use of the transcripts of their depositions. (*Id.* ¶ 4)

The costs of the court reporters, above, include the cost of the video recordings of the depositions of Derek Stothard and David Voss. Obtaining copies of these video recordings, which resulted from the plaintiffs' counsel's decision to videorecord the depositions, were also necessary to Hasbro's defense in this case. Again, these depositions were noticed by the plaintiffs and not by Hasbro. Despite the fact that the plaintiffs, and not Hasbro, engaged the videographer, the plaintiffs elected at trial to read from the written transcript whereas Hasbro played excerpts of the video recording for the jury's benefit. Accordingly, Hasbro's incursion of the costs for both a written transcript and the cost of the video recording was entirely warranted. (*Id.* ¶ 5)

The costs of $565.00 are for court reporter fees for transcripts obtained of Court proceedings that were necessary for the trial of this case. (*Id.* ¶ 6)

The costs of $889.40 are for copying of documents used in Hasbro's preparation and presentation of its defense. (Id., ¶ 7)

The services for which fees have been charged were actually and necessarily performed. (Id., ¶ 3)

**B. Hasbro's Further Costs**

As this Court is aware, the plaintiffs undertook an extensive, costly, and protracted fishing expedition during discovery, forcing Hasbro to search for individual invoices associated with the sales of individual toys that had nothing to do with the contract at issue. *See, e.g.*, Plaintiffs' Motion for an Order Compelling Production of Documents and Things (docket no. 25) and Plaintiff's Motion to Adjudge Defendants in Contempt (docket no. 36). Under threat of sanctions, Hasbro had to search the computer records of its many affiliates throughout the globe, combing through different and non-integrated computer systems to identify the actual sales records for a variety of "talking" toys identified by the plaintiffs but that the Court ultimately found to be outside the contract at issue as a matter of law. The plaintiffs' aggressive discovery tactics not only forced the parties to brief these issues and appear before the Court on numerous instances to update the Court on the status of Hasbro's compliance with these discovery demands, it cost Hasbro thousands of dollars to produce the documents sought – documents that the plaintiffs' expert rejected as being too confusing to be of use and which the plaintiffs did not even attempt to use at trial.

These costs – that is, the costs associated with the copying of the documents, not the fees associated with responding to the plaintiffs' motion practice – are taxable as a matter of course under 28 U.S.C. § 1920. However, due to the same difficulties involved in assembling the documents in the first place (that is, the fact that the identification and production of the

documents was taking place in all corners of the world by a variety of separate companies or operating divisions of Hasbro), Hasbro has been unable to definitively identify those costs within the ten-day period allowed for the presentation of a motion for costs. Accordingly, Hasbro seeks a brief extension of time to be able to complete its inventory of the taxable costs and to present a supplemental bill of costs detailing those costs directly related to the plaintiffs' pointless and protracted fishing expedition for particular documents.

## **Conclusion**

For the reasons stated above, Hasbro (1) should be awarded costs of $6,128.50 as the prevailing party in the above-captioned matter, and (2) should be granted a 30-day extension of time, through July 6, 2007, to supplement its bill of costs.

Respectfully submitted,

HASBRO, INC. and HASBRO
INTERNATIONAL, INC.
By their Attorneys,

_/s/ Jeffrey K. Techentin________

John A. Tarantino (# 2586)
Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
jtarantino@apslaw.com
twhite@apslaw.com
jtechentin@apslaw.com

Dated: June 6, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of June 2007, I electronically filed the attached Defendants' Motion for an Award of Costs and For Extension of Time in Which to Supplement Its Bill of Costs with the court using the ECF system. The following counsel of record are registered with the court and will be served electronically through the ECF system:

Mark B. Morse, Esq.
The Law Offices of Mark B. Morse
111 Wayland Avenue
Providence, RI 02906

Dariush Keyhani, Esq.
Meredith & Keyhani, PLLC
5 Independence Way
Suite 300
Princeton, NJ 08540

_/s/ Jeffrey K. Techentin_________

*418473_1*