UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS, Plaintiffs, | : | |
| v. | : | CA NO: 05-246L |
| HASBRO, INC. and HASBRO INTERNATIONAL, INC. Defendants. | : | |

**DECLARATION OF JEFFREY K. TECHENTIN IN SUPPORT OF**
**<u>DEFENDANTS' MOTION FOR AN AWARD OF COSTS</u>**

JEFFREY K. TECHENTIN, under penalty of perjury, declares as follows:

1. I am a partner with the firm of Adler Pollock & Sheehan, P.C., attorneys for Defendants Hasbro, Inc. and Hasbro International, Inc. (collectively, "Hasbro"). I submit this declaration based on personal knowledge in support of Hasbro's motion for an award of costs in the above-captioned matter.

2. Attached as Exhibit A is a true and correct copy of the Judgment entered May 22, 2007 in the above-captioned matter.

3. The costs listed on the accompanying Bill of Costs are correct and were necessarily incurred in this action.

4. The costs of $4,674.10 for court reporter fees consist of transcript costs for the five depositions taken by Hasbro in this case (two sessions of deposition of plaintiffs Gary Carlin and Ralph Baer, and one deposition of the other plaintiff, Robert Pelovitz) and for the seven depositions taken by the Plaintiffs. The cost of procuring the transcripts of each of these depositions was necessary for Hasbro to defend against the claims asserted by the plaintiffs. Indeed, the plaintiffs read substantial portions of several deposition transcripts into the record at the trial of this matter, and Hasbro impeached two of the plaintiffs' by use of the transcripts of their depositions.

5. The costs of the court reporters, above, include the cost of the video recordings of the depositions of Derek Stothard and David Voss. Obtaining copies of these video recordings, which resulted from the plaintiffs' counsel's decision to videorecord the depositions, were also necessary to Hasbro's defense in this case. Again, these depositions were noticed by the plaintiffs and not by Hasbro. Despite the fact that the plaintiffs, and not Hasbro, engaged the videographer, the plaintiffs elected at trial to read from the written transcript whereas Hasbro played excerpts of the video recording for the jury's benefit. Accordingly, Hasbro's incursion of the costs for both a written transcript and the cost of the video recording was entirely

warranted.The services for which fees have been charged were actually and necessarily performed.

6. The costs of $565.00 are for court reporter fees for transcripts obtained of Court proceedings that were necessary for the trial of this case.

7. The costs of $889.40 are for copying of documents used in Hasbro's preparation and presentation of its defense.

8. I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 6, 2007, in Providence, Rhode Island.

JEFFREY K. TECHENTIN

*419671_1*