UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS, Plaintiffs, | : | |
| v. | : | CA NO: 05-246L |
| HASBRO, INC. and HASBRO INTERNATIONAL, INC. Defendants. | : | |

**DEFENDANTS' MOTION FOR EXTENSION OF TIME IN**
**WHICH TO SUPPLEMENT BILL OF COSTS**

Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and Local Rule (civil) 54, Defendants Hasbro, Inc. and Hasbro International, Inc. (collectively, "Hasbro") respectfully move for a 30-day enlargement of time, through July 6, 2007, to supplement its bill of costs in this matter to enable Hasbro to present the extensive, reasonable, and necessary costs incurred in response to the Plaintiffs' onerous and pointless demand for documents from Hasbro operating units throughout the world, a process that took hundreds of hours and cost many thousands of dollars. The grounds for this motion are set forth in the accompanying Memorandum of Law.

Respectfully submitted,

HASBRO, INC. and HASBRO
INTERNATIONAL, INC.
By their Attorneys,

_/s/ Jeffrey K. Techentin________
John A. Tarantino (# 2586)
Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
jtarantino@apslaw.com
twhite@apslaw.com
jtechentin@apslaw.com

Dated: June 6, 2007

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| INVENTOR'S GREENHOUSE, MICRO PROS TECHNOLOGY SOLUTIONS, and R.H. BAER CONSULTANTS, Plaintiffs, | : | |
| v. | : | CA NO: 05-246L |
| HASBRO, INC. and HASBRO INTERNATIONAL, INC. Defendants. | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION EXTENSION OF TIME IN WHICH TO SUPPLEMENT BILL OF COSTS**

Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and Local Rule (civil) 54, Defendants Hasbro, Inc. and Hasbro International, Inc. (collectively, "Hasbro") respectfully submit this memorandum of law in support of their motion for an extension of time in which to supplement their Bill of Costs in this matter.

Hasbro has separately moved for an award of its taxable costs in this matter as the prevailing party following entry of judgment as a matter of law on all counts of the plaintiffs' Amended Complaint. As this Court is aware, the plaintiffs undertook an extensive, costly, and protracted fishing expedition during discovery, forcing Hasbro to search for individual invoices associated with the sales of individual toys that had nothing to do with the contract at issue. *See*, *e.g.*, Plaintiffs' Motion for an Order Compelling Production of Documents and Things (docket no. 25) and Plaintiff's Motion to Adjudge Defendants in Contempt (docket no. 36). Under threat of sanctions, Hasbro had to search the computer records of its many affiliates throughout the globe, combing through different and non-integrated computer systems to identify the actual sales records for a variety of "talking" toys identified by the plaintiffs but that the Court

ultimately found to be outside the contract at issue as a matter of law. The plaintiffs' aggressive discovery tactics not only forced the parties to brief these issues and appear before the Court on numerous instances to update the Court on the status of Hasbro's compliance with these discovery demands, it cost Hasbro thousands of dollars to produce the documents sought – documents that the plaintiffs' expert rejected as being too confusing to be of use and which the plaintiffs did not even attempt to use at trial.

These costs – that is, the costs associated with the copying of the documents, not the fees associated with responding to the plaintiffs' motion practice – are taxable as a matter of course under 28 U.S.C. § 1920. However, due to the same difficulties involved in assembling the documents in the first place (that is, the fact that the identification and production of the documents was taking place in all corners of the world by a variety of separate companies or operating divisions of Hasbro), Hasbro has been unable to definitively identify those costs within the ten-day period allowed for the presentation of a motion for costs. Accordingly, Hasbro seeks a brief extension of time to be able to complete its inventory of the taxable costs and to present a supplemental bill of costs detailing those costs directly related to the plaintiffs' pointless and protracted fishing expedition for particular documents.

## Conclusion

For the reasons stated above, Hasbro should be granted a 30-day extension of time, through July 6, 2007, to supplement its bill of costs.

Respectfully submitted,

HASBRO, INC. and HASBRO INTERNATIONAL, INC.
By their Attorneys,

_/s/ Jeffrey K. Techentin________
John A. Tarantino (# 2586)
Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
jtarantino@apslaw.com
twhite@apslaw.com
jtechentin@apslaw.com

Dated: June 6, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of June 2007, I electronically filed the attached Defendants' Motion for Extension of Time in Which to Supplement Its Bill of Costs with the court using the ECF system. The following counsel of record are registered with the court and will be served electronically through the ECF system:

Mark B. Morse, Esq.
The Law Offices of Mark B. Morse
111 Wayland Avenue
Providence, RI 02906

Dariush Keyhani, Esq.
Meredith & Keyhani, PLLC
5 Independence Way
Suite 300
Princeton, NJ 08540

_/s/ Jeffrey K. Techentin_________

*419807_1*